UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | CRIMINAL NO. 22-2 |
| v. | * | SECTION: "G" |
| **ERNESTINE ANDERSON-TRAHAN** | * | |

\* \* \*

**UNITED STATES' UNOPPOSED MOTION FOR A
PROTECTIVE ORDER AND INCORPORATED MEMROANDUM IN SUPPORT**

**NOW INTO COURT** comes the United States of America, by undersigned counsel, and moves unopposed for a protective order. The government intends to provide counsel for the defendants with voluminous materials including financial records, tax records, marriage certificates, and other documents that may contain personal information regarding the defendant and others. In the interest of efficiently providing discovery while also protecting sensitive information, the government proposes the use of a protective order to allow the production of these materials without redactions. Accordingly, the United States respectfully requests that this Court order that:

1. The documents and other materials provided by the Government to the defendant in this action pursuant to Rules 16 and 26.2 of the Federal Rules of Criminal Procedure; Title 18, United States Code, Section 3500; *Brady v. Maryland;* or *United States v. Giglio,* shall be treated as "Confidential Information" if such documents, recordings, and other materials are:

    (a) Not otherwise publicly available; and

    (b) Contain and/or reflect any of the following:

1

    (i)  The name, address, date of birth, telephone number, e-mail address, social security number, taxpayer identification number, driver's license number, financial account number, and/or any other personally identifying information of any individual;

    (ii)  The bank records, credit card records, financial records, tax records, telephone records, immigration records, and/or personnel files of any individual.

  2.  Confidential Information disclosed to the defendant or to her counsel during the course of proceedings in this action:

    (a)  Shall be used by the defendant or her counsel only for purposes of this action.

    (b)  Shall not be disclosed in any form by the defendant or her counsel except as set forth in paragraph 2(c) below.

    (c)  May be disclosed by the defendant or her counsel only to the following persons (hereinafter "designated persons"):

      (i)  legal, investigative, secretarial, clerical, paralegal, and student personnel working on this action under the direction of defendant's attorneys;

      (ii)  independent expert witnesses and other potential witnesses for the defense, and investigators or advisors retained by defendant in connection with this action;

      (iii)  such other persons as hereafter may be authorized by the Court upon such motion by defendant.

(d)     Shall be returned to the Government or destroyed following the entry of either a final judgment in this case, or, in the event of an appeal and/or the filing of a motion under 18 U.S.C. § 2255, immediately following the disposition of the appeal and/or the § 2255 motion, absent further Order of the Court. This Order also applies to any copies - electronic, hard copy, or otherwise - that may have been made.

3.      The defendant and her counsel shall provide a copy of this Order to designated persons to whom they disclose Confidential Information pursuant to paragraph 2(c). Designated persons shall be subject to the terms of this Order.

4.      With respect to Confidential Information, any filings with any court shall be governed by Rule 49.1 of the Federal Rules of Criminal Procedure.

5.      The provisions of this Order, including paragraph 4 above, shall not be construed as limiting the use that the defendant and her counsel may make of any documents produced pursuant to this Order in any motion, hearing, or trial held in this action.

6.      As to the defendant and her counsel, the provisions of this Order shall not apply to documents, recordings, and other materials that: (a) were produced by the defendant; or (b) are in the defendant's possession independent of the Government's production in this action. Any such documents, recordings, and other materials shall not be treated by the defendant and his counsel as Confidential Information pursuant to this Order.

7.      In the event of a change of counsel, subsequent counsel shall be bound by the terms of this Protective Order.

The government has conferred with counsel for the defendant about this proposed order. ERNESTINE ANDERSON-TRAHAN, by and through her counsel, Michael W. Magner have confirmed that they have no objection to the instant motion.

Accordingly, the United States respectfully moves this Court to issue the included proposed protective order.

>Respectfully submitted,
>
>DUANE A. EVANS
>United States Attorney
>
>*/s/ Brian E. Flanagan*
>BRIAN E. FLANAGAN
>Trial Attorney, Tax Division
>150 M. Street NE, Suite 1405
>Washington, D.C., 20002
>Telephone: 202-616-3362
>Email: brian.e.flanagan@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 14, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. I also provided a copy of this filing via email to the defense counsel in this case at mmagner@joneswalker.com

                              */s/ Brian E. Flanagan*
                              BRIAN E. FLANAGAN
                              Trial Attorney, Tax Division