UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 22-2 |
| v. | * | SECTION: "G" |
| ERNESTINE ANDERSON-TRAHAN | * | |
| * * * | | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* TO ADMIT BUSINESS RECORDS VIA CERTIFICATION**

Pursuant to Federal Rule of Evidence 104(a), the Government hereby moves this Court to make a preliminary determination of the admissibility regarding certain business records that have been certified in accordance with Federal Rule of Evidence 902(11), subject to determination of relevance. In particular, the United States is seeking to introduce bank records from JPMorgan Chase and Whitney Bank and records from BMW related to the purchase of a vehicle. Attachment A. The United States has received certificates from each of those entities that meet the requirements set forth in Rule 902(11). Attachments B–D. Accordingly, the United States requests that the Court find that these business records are authentic, fall within the business records exception, and are admissible, subject to any relevance objections.

With respect to business records, the starting point of the Government's requests are Rules 803(6) and 902(11). Rule 803(6) excepts records of regularly conducted activity from the hearsay rule and provides, in pertinent part, that the foundation can be shown "by

certification that complies with Rule 902(11)."[1]  Rule 902(11) "sets forth a procedure by which parties can authenticate certain records of regularly conducted activity, other than through the testimony of a foundation witness."  *See* Fed. R. Evid, 902(11), Advisory Committee's Note.  In other words, Rule 902(11) certificates serve as a functional equivalent to live witness testimony.

Federal courts have recognized the appropriateness of admitting business records via Rule 902(11) certificates, instead of live testimony.  *See United States v. Foreman*, 588 F.3d 1159, 1162 n. 4 (8th Cir. 2009) ("Rule 803(6) provides that a court may admit into evidence a document that qualifies as a business record without testimony from the custodian of records if the court receives a written certification from the custodian that complies with Rule 902(11).").  The admission of such documents into evidence in federal courts by certifications is routine.  *See United States v. Morgan*, 505 F.3d 332, 339 (5th Cir. 2007) (finding persuasive that certifications are "routine cataloguing of an unambiguous factual matter" and "requiring the records custodians and other officials from the various states and municipalities to make themselves available for cross examination . . . would present a serious logistical challenge without any apparent gain in the truth-seeking process.") (quoting *United States v. Weiland*,

---

[1] The full text of Rule 803(6) follows:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.  The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

420 F.3d 1062, 1077 (9th Cir. 2005)); *see also United States v. Hassan*, 742 F.3d 104, 133 (4th Cir. 2014) ("Importantly, 'the burden to authenticate under Rule 901 is not high—only a prima facie showing is required,' and a 'district court's role is to serve as gatekeeper in assessing whether the proponent has offered a satisfactory foundation from which the jury could reasonably find that the evidence is authentic.'") (quoting *United States v. Vidacak*, 553 F.3d 344, 349 (4th Cir. 2009)). Use of Rule 902(11) certificates to admit evidence does not violate a defendant's Sixth Amendment right of confrontation.  *See Morgan*, 505 F.3d at 339 (5th Cir. 2007); *United States v. Ellis*, 460 F.3d 920, 927 (7th Cir. 2006).

Here, the United States meets its prima facie burden to show authenticity and that the records are business records through certifications that comply with Fed. R. Evid. 902(11). Attachments B–D.  Each of the attached certificates meet the requirements set forth in Rule 902(11), including statements certifying that the records (*i*) were made at or near the time of business activity by a person with knowledge of the activity or transmitted by a person with such knowledge; (*ii*) were kept in the course of a regularly conducted business; and (*iii*) were made in the course of a regularly conducted business.  Fed. R. Evid. 803(6); *see also* Fed. R. Evid. 902(11)(A)–(C).  Each of the certificates was made by a custodian of the records.  The Government has identified the records covered by the affidavits in Attachment A for the Court's and Defendant's reference.[2]  Accordingly, the Government asks that they be admitted, subject to determination of relevance at trial.

---

[2] The Government provided a copy of the exhibits listed in Attachment A to defense counsel on October 6, 2022.  The Government previously provided the bank records and certificates in its discovery productions on January 28, 2022, and May 10, 2022.

3

The records are admissible, and a preliminary ruling would serve the interests of justice by promoting an efficient trial and preempting the unnecessary travel of foundational witnesses. Accordingly, the Government respectfully requests that the Court issue a pretrial ruling on the admissibility of the proposed evidence, subject to any relevance objections.

Respectfully submitted,

DUANE A. EVANS
United States Attorney


*/s/ Brian Flanagan*
BRIAN E. FLANAGAN
Trial Attorney, Tax Division
150 M Street NE, Suite 1405
Washington, D.C., 20002
Telephone: 202-616-3362
Email: brian.e.flanagan@usdoj.gov
