UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 22-2 |
| v. | * | SECTION: "G" |
| ERNESTINE ANDERSON-TRAHAN | * | |

\* \* \*

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO PRECULDE IRRELEVANT AND IMPROPER EVIDENCE AND ARGUMENTS**

The United States seeks to preclude the Defendant from: (1) introducing any evidence or argument concerning the fact that the Defendant was prosecuted criminally rather than subjected to civil audit or collection activities by the IRS; (2) introducing any evidence or argument concerning the potential adverse consequences Defendant may face upon conviction, and (3) advancing any argument at trial concerning selective prosecution.  The subjects are irrelevant to the issues to be decided by the jury and instead would be designed to introduce jury nullification.

**I.  INDICTMENT**

On January 7, 2022, a grand jury charged Defendant with four counts of making and subscribing false tax returns in violation of 26 U.S.C. § 7206(1). Indictment, D.E. 1.  On May 12, 2022, in a superseding indictment, a grand jury charged Defendant with the same offenses. Superseding Indictment, D.E. 27.  As alleged in the Superseding Indictment, from 2013 to at least 2016, while earning wage income as a judge with the Second City Court in the Parish of New Orleans, Defendant received gross receipts from officiating marriage ceremonies.  She generally charged $80 to $100 in officiant fees, and she charged more under certain circumstances, namely for marriages she officiated on Valentine's Day, outside of the courthouse where the Defendant

worked, or outside of the Defendant's normal business hours. *Id.* ¶¶ 2–3. Defendant then underreported the gross receipts she received from officiating these weddings on her 2013 through 2016 individual income tax returns. *Id.* ¶¶ 6–13.

Defendant also received income from legal fees from 2013 to 2015, and she did not report that income on her 2013 and 2014 individual income tax returns and underreported that income on her 2015 individual income tax return. *Id.* ¶¶ 4, 6–11.

## II. RELEVANCE AND JURY NULLIFICATION

Relevant evidence means evidence having any "tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence." *United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981) (analyzing Fed. R. Evid. 401–403). In a criminal case, relevant evidence inherently must pertain to the elements of the offense. Here, Defendant is charged with filing false tax returns in violation of 26 U.S.C. § 7206(1). The elements are that Defendant: "(1) made and signed a materially false federal income tax return; (2) submitted a written declaration stating under penalties of perjury that the return was true and correct; (3) did not believe that the return was true and correct when he signed it; and (4) signed it willfully and with the specific intent to violate the law." *United States v. Boyd*, 773 F.3d 637, 644 (5th Cir. 2014).

Arguments for and evidence supporting jury nullification are not only irrelevant, but improper. As such, they should be precluded. *See Scarpa v. Dubois*, 38 F.3d 1, 11 (1st Cir. 1994) (noting that "defense counsel may not press arguments for jury nullification in criminal cases"); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (2d Cir. 1993) ("[N]either the court nor counsel should encourage jurors to exercise this [nullification] power. A trial judge, therefore, may block defense attorneys' attempts to serenade a jury with the siren song of nullification . . . .") (citation omitted); *United States v. Trujillo*, 714 F.2d 102, 105 (11th Cir. 1983) ("Appellant's jury

nullification argument would have encouraged the jurors to ignore the court's instruction and apply the law at their caprice. While we recognize that a jury may render a verdict at odds with the evidence or the law, neither the court nor counsel should encourage jurors to violate their oath."); *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of the jury or of the defendant.").

> **III.  THE COURT SHOULD PRECLUDE ANY EVIDENCE OR ARGUMENT THAT THE DEFENDANT WAS IMPROPERLY OR UNFAIRLY PROSECUTED CRIMINALLY RATHER THAN SUBJECTED TO A CIVIL AUDIT OR COLLECTION ACTIVITIES BY THE IRS**

Defendant should not be permitted to argue that the government "could have" or "should have" used civil measures to address her alleged criminal conduct. This is improper because it is "irrelevant to the issue of criminal liability" that agencies of the government could have proceeded civilly, instead of criminally, or in addition to criminal proceedings. *United States v. Buras*, 633 F.2d 1356, 1360 (9th Cir. 1980) (holding that in a tax prosecution, "the availability of a civil remedy is irrelevant to the issue of criminal liability"); *United States v. Merrick,* 464 F.2d 1087, 1093 (10th Cir. 1972) (finding "no relevance" in a jury instruction that a civil case might be brought against a defendant who was convicted of evasion); *see also United States v. Lacy*, 658 F.2d 396, 397 (5th Cir. 1981) ("the purpose of section 6020(b)(1) is to provide the Internal Revenue Service with a mechanism for assessing the civil liability of a taxpayer who has failed to file a return, not to excuse that taxpayer from criminal liability which results from that failure.").

Simply put, the availability of a civil tax audit and other civil remedies is irrelevant to the jury's consideration of whether the evidence proves the elements of the crimes charged. *See* Fed. R. Evid. 401. Even assuming information about such civil remedies has some probative value,

that value would be substantially outweighed by the risk of misleading or confusing the jury, prejudicing the government, and encouraging jury nullification. Fed. R. Evid. 403. Accordingly, any defense argument or evidence related to the notion that the government could have or should have treated the defendant civilly should be excluded.

    **IV.    THE COURT SHOULD PRECLUDE ANY EVIDENCE OR ARGUMENT REGARDING POTENTIAL ADVERSE CONSEQUENCES OF A CONVICTION**

Defendant should not be permitted to present evidence or make arguments regarding any potential adverse consequences of conviction in the presence of the jury. This includes any reference to potential punishment (including, but not limited to, the length or likelihood of imprisonment), potential consequences to Defendant's career, and potential hardships on Defendant, her family, or others. Any use or mention of the consequences of a conviction by Defendant or her attorney in the presence of the jury is improper and not permitted.

It is well settled that "[p]unishment is a matter exclusively within the province of the court and is not to be considered by the jury in arriving at an impartial verdict." *Rogers v. United States*, 422 U.S. 35, 40, n.2 (1975). "[T]he jury [has] no sentencing function and should reach its verdict without regard to what sentence might be imposed." *Id*; *see also United States v. Shannon*, 981 F.2d 759, 761 (5th Cir. 1993) ("This Circuit has long recognized that punishment and sentencing are matters entrusted exclusively to the trial judge."), *aff'd Shannon v. United States*, 512 U.S. 573 (1994); *Pope v. United States*, 298 F.2d 507, 508 (5th Cir. 1962) ("To inform the jury that the court may impose a minimum or maximum sentence, will or will not grant probation, when a defendant will be eligible for a parole, or other matters relating to disposition of the defendant, tend to draw the attention of the jury away from their chief function as sole judges of the facts, open the door to compromise verdicts and to confuse the issue or issues to be decided."); *United States v. McCracken,* 488 F.2d 406, 423 (5th Cir. 1974) ("Except where a special statutory

4

provision mandates a jury role in assessment or determination of penalty, the punishment provided by law for offenses charged is a matter exclusively for the court and should not be considered by the jury in arriving at a verdict as to guilt or innocence."). Accordingly, the United States respectfully requests Defendant not be permitted to discuss or make reference to any potential punishment or other adverse consequence she may face if convicted.

## V. THE COURT SHOULD PRECLUDE ANY EVIDENCE OR ARGUMENT REGARDING SELECTIVE PROSECUTION

It is long-settled law that claims of improper conduct on the part of the government offer no defense to the criminal charges and are not relevant to the merits of the charges. In particular, the Supreme Court has explained that "[a] selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). A ruling on such an allegation is for the court to make. *United States v. Miller*, 799 F.2d 985, 988 (5th Cir. 1986) ("A ruling on a motion to dismiss an indictment on the basis of outrageous government conduct or overreaching is a matter of law to be decided by the trial court…"); *United States v. Nixon*, 777 F.2d 958, 963 (5th Cir. 1985) (same).

Defendant should not be permitted to introduce evidence or make arguments to the jury suggesting prosecutorial misconduct in selecting her for prosecution. For instance, Defendant should not be able to argue that other people may have engaged in similar alleged conduct without being prosecuted. Indeed, the Fifth Circuit Pattern Jury Instructions caution the jury that it is not "called

upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case. . . ." Fifth Circuit Pattern Criminal Jury Instructions 1.21 (2019).

Moreover, because a selective prosecution claim is one based on defects "in the institution of the prosecution," it must be asserted before trial. Fed. R. Crim. P. 12(b)(3)(A). To the extent that Defendant wishes to raise the issue, she must raise it with the Court before trial, and not seek to raise it before the jury. *See, e.g.*, *United States v. Scrushy,* 721 F.3d 1288, 1305 (11th Cir. 2013) (selective prosecution has "no bearing on the determination of factual guilt" and must be raised pre-trial); *United States v. Sun Myung Moon*, 718 F.2d 1210, 1229 (2d Cir. 1983) (claim of government misconduct, however, "is, like a claim of selective prosecution, ultimately separate from the issue of [a defendant's] factual guilt," and is not, therefore, an issue for the jury; any such claim must be adjudicated "in pretrial proceedings"); *see also United States v. Wylie*, 625 F.2d 1371, 1378-79 (9th Cir. 1980) (holding that "outrageous involvement by the government agents" is a matter for the court, not the jury). Failure to assert a selective prosecution claim in pretrial motions constitutes waiver of the claim. *See* Fed. R. Crim. P. 12(c). Defendant has not raised the issue in a pretrial motion and thus, should be precluded from presenting it to the jury.

### VI. CONCLUSION

The three subject matters are irrelevant to the issue of whether Defendant committed the charged offenses, and Defendant should not introduce the subject matters in order to argue for jury nullification. For the foregoing reasons, the United States requests that the Court preclude Defendant from: (1) introducing any evidence or argument concerning the fact that the Defendant was prosecuted criminally rather than subjected to civil audit or collection activities by the IRS; (2) introducing any evidence or argument concerning the potential adverse consequences the Defendant faces upon conviction, and (3) advancing any argument at trial concerning selective prosecution.

Respectfully submitted,

DUANE A. EVANS
United States Attorney


*/s/ Brian Flanagan*
BRIAN E. FLANAGAN
Trial Attorney, Tax Division
150 M. Street NE, Suite 1405
Washington, D.C., 20002
Telephone: 202-616-3362
Email: brian.e.flanagan@usdoj.gov