UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL NO. 22-02

VERSUS                                       SECTION "G"(1)

ERNESTINE ANDERSON-TRAHAN

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO CONTINUE DEADLINE TO OBJECT TO EXHIBITS**

Defendant Ernestine Anderson-Trahan respectfully requests a one-week continuance to the October 14, 2022 deadline for short memoranda supporting objections to exhibits and the following October 21, 2022 deadline for responses thereto. Ms. Anderson-Trahan consulted with the government regarding this motion, and the government does not oppose this request.

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." "To demonstrate good cause, the party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Sternberg v. Louis Bros.*, No. 19-2247, 2020 U.S. Dist. LEXIS 149116, at *4 (E.D. La. Aug. 18, 2020) (Brown, C.J.). "The Fifth Circuit has enumerated 'four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4).'" *Id.* (citing *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015)). "Those four factors are: '(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice.'" *Id.* "[W]hether to grant or deny a continuance is within the sound discretion of the trial court." *Id.* (citing *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996)).

1

Here, the Court's scheduling order requires that short memoranda supporting objections to exhibits to be delivered to the Court no later than Friday, October 14, 2022, at 4:30 p.m. Rec. Doc. 35. Counsel has been working diligently to finalize Ms. Anderson-Trahan's exhibit list. But in this process, there has been delay in obtaining certain certifications to attach to medical records that counsel plans to use as exhibits at trial. As a result, counsel has not sent its exhibits to the government at this time.

With that, this requested scheduling modification will aid in preventing a number of objections related to the authenticity of the records. And it will also prevent a piecemeal approach to exhibits that will be cumbersome for both the government and defendant. In short, a brief continuance will increase efficiency for all involved: 1. The government will not have to draft resolvable objections and will not have to evaluate exhibits in a piecemeal fashion; 2. The Court will not have to receive and then evaluate those resolvable objections; and 3. Ms. Anderson-Trahan will not have to respond to resolvable objections and will avoid producing exhibits in a piecemeal fashion. Moreover, an extra week will allow the parties additional opportunity to confer on and potentially resolve the small number of anticipated objections, minimizing objections presented to the Court.

Further, as demonstrated by the unopposed nature of this request, granting this modification will not prejudice the government. And even if that were not the case, the scheduling order allows for this brief continuance without interruption to the rest of the Court's schedule. If the Court grants the deadline extension, there will remain six days between the responses to objections and final pre-trial conference, as well as approximately two weeks before the joint bench book of exhibits is due to the court. In other words, the Court's order has a built-in period that naturally allows for such a brief continuance.

## CONCLUSION

For the foregoing reasons, the Court should grant Ms. Anderson-Trahan's request to continue the deadline for short memoranda supporting objections to exhibits to October 21, 2022, at 4:30 p.m. and the deadline for responses thereto to October 28, 2022, at 4:30 p.m.

        Respectfully submitted,

        */s/ Michael W. Magner*
        Michael W. Magner (01206)
        Thomas C. Wicker, IV (37955)
        JONES WALKER LLP
        201 St. Charles Avenue, Suite 5100
        New Orleans, LA  70170-5100
        (504) 582-8316
        (504)582-8150
        mmagner@joneswalker.com
        twicker@joneswalker.com

        *Counsel for Defendant, Ernestine Anderson-Trahan*

## CERTIFICATE OF SERVICE

I certify that on October 13, 2022, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF System, which will send a copy of the pleading to all parties via email.

        */s/ Michael W. Magner*

#100711239v1