UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 22-02 |
| VERSUS | SECTION "G"(1) |
| ERNESTINE ANDERSON-TRAHAN | |

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant Ernestine Anderson-Trahan respectfully submits the following proposed jury instructions:

#100708468v2

1

# Table of Contents

Page

PROPOSED JURY INSTRUCTION NO. XX ........................................................... 3
(PROPOSED FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS) ................... 3
PROPOSED JURY INSTRUCTION NO. XX ........................................................... 4
(COUNTS 1-4—ELEMENTS OF THE OFFENSE—26 U.S.C. § 7206(1)) ............ 4
PROPOSED JURY INSTRUCTION NO. XX ........................................................... 6
(COUNTS 1-4—FIRST ELEMENT—SIGNED INCOME TAX RETURN) .......... 6
PROPOSED JURY INSTRUCTION NO. XX ........................................................... 7
(COUNTS 1-4—SECOND ELEMENT—FALSE STATEMENT) ......................... 7
PROPOSED JURY INSTRUCTION NO. XX ........................................................... 8
(COUNTS 1-4—THIRD ELEMENT—KNOWINGLY) ........................................ 8
PROPOSED JURY INSTRUCTION NO. XX ........................................................... 9
(COUNTS 1-4—FOURTH ELEMENT—MATERIALITY) ................................. 9
PROPOSED JURY INSTRUCTION NO. XX ......................................................... 10
(COUNTS 1-4—FIFTH ELEMENT—WILLFULLY) .......................................... 10
PROPOSED JURY INSTRUCTION NO. XX ......................................................... 12
(THEORY OF THE DEFENSE) ............................................................................ 12

#100708468v2

# PROPOSED JURY INSTRUCTION NO. XX

(Proposed Fifth Circuit Pattern Jury Instructions)[1]

| Instr. | Description |
| --- | --- |
| 1.03 | Introduction to Final Instructions |
| 1.04 | Duty to Follow Instructions |
| 1.05 | Presumption of Innocence, Burden of Proof, Reasonable Doubt |
| 1.06 | Evidence – Excluding What is Not Evidence |
| 1.08, Alt. B | Evidence – Inferences – Direct and Circumstantial |
| 1.09 | Credibility of Witnesses |
| 1.10 | Character Evidence |
| 1.11 | Impeachment by Prior Inconsistencies |
| 1.14 | Impeachment by Evidence of Untruthful Character |
| 1.18 | Expert Opinion of Testimony |
| 1.21 | Caution – Consider Only Crime Charged |
| 1.23 | Single Defendant – Multiple Counts |
| 1.50 | Summaries and Charts Not Received in Evidence |
| 1.51 | Summaries and Charts Received in Evidence Pursuant to Federal Rule of Evidence 1006 |
| 1.52 | Summary Witness Testimony and Charts Based on Other Evidence |

---

[1] Fifth Circuit Pattern Jury Instructions (Criminal Cases) (2019).

## PROPOSED JURY INSTRUCTION NO. XX

(Counts 1-4—Elements of the Offense—26 U.S.C. § 7206(1))

*Counts 1 through 4 charge violations of* Title 26, United States Code, Section 7206(1), *which* makes it a crime for anyone willfully to make a false material statement on an income tax return.[2]

For you to *find Ms. Anderson-Trahan* guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt.[3]

<u>First</u>: That *Ms. Anderson-Trahan* signed an income tax return that contained a written declaration that it was made under penalties of perjury;[4]

<u>Second</u>: That in *the* return *listed in each count*, *Ms. Anderson-Trahan* falsely stated her business income, falsely stated her total income, and falsely stated her gross receipts from officiating weddings and from legal fees.[5]

<u>Third</u>: That *Ms. Anderson-Trahan* knew the statements were false;[6]

<u>Fourth</u>: That the false statement was material;[7] and

---

[2] Fifth Circuit Pattern Jury Instructions (Criminal Cases) 2.104A (False Statements on Income Tax Return, 26 U.S.C. § 7206(1)) (modifications in italics).
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*

<u>Fifth</u>: That *Ms. Anderson-Trahan* made the statement willfully, that is, with intent to violate a known legal duty.[8]

If the government has failed to prove one or more of these elements beyond a reasonable doubt, you must return a verdict of not guilty.

---

[8] *Id.*

#100708468v2

## PROPOSED JURY INSTRUCTION NO. XX

(Counts 1-4—First Element—Signed Income Tax Return)

*The first element of Counts 1 through 4 that the government must prove beyond a reasonable doubt is* that the defendant signed an income tax return that contained a written declaration that it was made under penalty of perjury.[9]

---

[9] *Id.*

## PROPOSED JURY INSTRUCTION NO. XX

(Counts 1-4—Second Element—False Statement)

*The second element of Count 1 that the government must prove beyond a reasonable doubt* is that in *the* return *listed in each count, Ms. Anderson-Trahan falsely stated her business income, her total income, and her gross receipts from legal fees and officiating weddings*.

#100708468v2

## PROPOSED JURY INSTRUCTION NO. XX

(Counts 1-4—Third Element—Knowingly)

*The third element of Counts 1 through 4 that the government must prove beyond a reasonable doubt is* that Ms. Anderson-Trahan knew that the statements *listed in each count* were false.[10]

An act is done "knowingly" for these purposes if it is done voluntarily and intentionally, and not because of mistake or some other innocent reason.[11]

---

[10] *Id.*
[11] Fifth Circuit Pattern Jury Instructions (Criminal Cases) 1.41 ("Knowingly" – To Act).

#100708468v2

# PROPOSED JURY INSTRUCTION NO. XX

(Counts 1-4—Fourth Element—Materiality)

*The fourth element of Counts 1 through 4 that the government must prove beyond a reasonable doubt is* that the false statement *listed in each count* was material.[12]

A statement is "material" if it has a natural tendency to influence, or is capable of influencing, the Internal Revenue Service in investigating or auditing a tax return or in verifying or monitoring the reporting of income by a taxpayer.[13]

---

[12] Fifth Circuit Pattern Jury Instructions (Criminal Cases) 2.104A (False Statements on Income Tax Return, 26 U.S.C. § 7206(1)) (modifications in italics).

[13] *Id.*

## PROPOSED JURY INSTRUCTION NO. XX

(Counts 1-4—Fifth Element—Willfully)[14]

*The fifth element of Counts 1 through 4 that the government must prove beyond a reasonable doubt is* that the defendant made the statement willfully, that is, with intent to violate a known legal duty.[15]

The word "willfully" means the voluntary, intentional violation of a known legal duty. To prove that a defendant acted willfully, the Government must prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that she voluntarily and intentionally violated that duty.

If the Government proved actual knowledge of the pertinent legal duty, then the Government has satisfied the knowledge component of the willfulness requirement.

A person's conduct is not "willful" if he acted through negligence, even gross negligence, inadvertence, justifiable excuse or mistake, or due to his good faith misunderstanding of the requirements of the law.

---

[14] Fifth Circuit Criminal Pattern Jury Instructions § 1.43, as modified by its Notes, specifically by *Cheek v. United States*, 498 U.S. 192 (1991); *United States v. Masat*, 948 F.2d 923, 931 n.15 (5th Cir. 1991). This exact "willfully" instruction was recently used in similar tax instructions in two cases in the Eastern District of Louisiana: 1. Ex. A, *United States v. Williams, et ano.*, No. 20-cr-55, Rec. Doc. 418-2, at 26–28 (Africk, J.); 2. Ex. B, *United States v. Hamdan, et ano.* No. 19-cr-60, Rec. Doc. 486-4, at 26–27 (Vitter, J.).

[15] *Id.*

To carry its burden of establishing that a defendant acted willfully, the Government must prove the absence of good faith. In other words, the Government must prove beyond a reasonable doubt that the defendant was not acting with the good faith belief that he was acting lawfully. A person who believes in good faith that his actions comply with the law does not act willfully, even if his belief that he is complying with the law is irrational or unreasonable.

#100708468v2

# PROPOSED JURY INSTRUCTION NO. XX

(Theory of the Defense)

[DEFENDANT WILL SUBMIT THIS INSTRUCTION AT THE CLOSE OF EVIDENCE BASED ON THE EVIDENCE SUBMITTED].[16]

Respectfully submitted,

/s/ Michael W. Magner
Michael W. Magner (01206)
Thomas C. Wicker, IV (37955)
JONES WALKER LLP
201 St. Charles Avenue, Suite 5100
New Orleans, LA  70170-5100
(504) 582-8316
(504)582-8150
mmagner@joneswalker.com
twicker@joneswalker.com

*Counsel for Defendant, Ernestine Anderson-Trahan*

## CERTIFICATE OF SERVICE

I certify that on October 13, 2022, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF System, which will send a copy of the pleading to all parties via email.

/s/ Michael W. Magner

---

[16] *See United States v. Cordova–Larios*, 907 F.2d 40, 42 (5th Cir. 1990) ("A defendant is entitled to have the jury instructed on a theory of the defense for which there is any foundation in the evidence."); *United States v. Kim*, 884 F.2d 189, 193 (5th Cir. 1989) ("A criminal defendant is entitled to have the jury instructed on a theory of the defense for which there is any foundation in the evidence."); *United States v. Rubio*, 834 F.2d 442, 446 (5th Cir. 1987) ("'[I]f there is any evidentiary support whatsoever for a legal defense, and the trial court's attention is specifically directed to that defense, the trial judge commits reversible error by refusing to charge the jury.'") (quoting *United States v. Goss*, 650 F.2d 1336, 1344 (5th Cir. 1981)).