## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 20-55** |
| **JASON R. WILLIAMS** **(01)**<br>**NICOLE E. BURDETT** **(02)** | **SECTION I** |

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 20-139** |
| **NICOLE E. BURDETT** | **SECTION I** |

<u>**JURY INSTRUCTIONS**</u>



1

## <u>INTRODUCTION TO FINAL INSTRUCTIONS</u>[1]

IN ANY JURY TRIAL THERE ARE, IN EFFECT, TWO JUDGES. I AM ONE OF THE JUDGES; THE OTHER IS THE JURY. IT IS MY DUTY TO PRESIDE OVER THE TRIAL AND TO DECIDE WHAT EVIDENCE IS PROPER FOR YOUR CONSIDERATION. IT IS ALSO MY DUTY AT THE END OF THE TRIAL TO EXPLAIN TO YOU THE RULES OF LAW THAT YOU MUST FOLLOW AND APPLY IN ARRIVING AT YOUR VERDICT.

FIRST, I WILL GIVE YOU SOME GENERAL INSTRUCTIONS WHICH APPLY IN EVERY CASE, FOR EXAMPLE, INSTRUCTIONS ABOUT THE BURDEN OF PROOF AND HOW TO JUDGE THE BELIEVABILITY OF WITNESSES. THEN I WILL GIVE YOU SOME SPECIFIC RULES OF LAW ABOUT THIS PARTICULAR CASE, AND FINALLY I WILL EXPLAIN TO YOU THE PROCEDURES YOU SHOULD FOLLOW IN YOUR DELIBERATIONS.

---

[1] Fifth Circuit Criminal Pattern Jury Instructions § 1.03.

## <u>DUTY TO FOLLOW INSTRUCTIONS</u>[2]

YOU, AS JURORS, ARE THE JUDGES OF THE FACTS. BUT IN DETERMINING WHAT ACTUALLY HAPPENED—THAT IS, IN REACHING YOUR DECISION AS TO THE FACTS—IT IS YOUR SWORN DUTY TO FOLLOW ALL OF THE RULES OF LAW AS I EXPLAIN THEM TO YOU.

YOU HAVE NO RIGHT TO DISREGARD OR GIVE SPECIAL ATTENTION TO ANY ONE INSTRUCTION, OR TO QUESTION THE WISDOM OR CORRECTNESS OF ANY RULE I MAY STATE TO YOU. YOU MUST NOT SUBSTITUTE OR FOLLOW YOUR OWN NOTION OR OPINION AS TO WHAT THE LAW IS OR OUGHT TO BE. IT IS YOUR DUTY TO APPLY THE LAW AS I EXPLAIN IT TO YOU, REGARDLESS OF THE CONSEQUENCES.

IT IS ALSO YOUR DUTY TO BASE YOUR VERDICT SOLELY UPON THE EVIDENCE, WITHOUT PREJUDICE OR SYMPATHY. THAT WAS THE PROMISE YOU MADE AND THE OATH YOU TOOK BEFORE BEING ACCEPTED BY THE PARTIES AS JURORS, AND THEY HAVE THE RIGHT TO EXPECT NOTHING LESS.

---

[2] Fifth Circuit Criminal Pattern Jury Instructions § 1.04.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT[3]

THE INDICTMENT OR FORMAL CHARGES AGAINST A DEFENDANT ARE NOT EVIDENCE OF GUILT. INDEED, THE DEFENDANTS ARE PRESUMED BY THE LAW TO BE INNOCENT. THE DEFENDANTS BEGIN WITH A CLEAN SLATE. THE LAW DOES NOT REQUIRE A DEFENDANT TO PROVE HIS OR HER INNOCENCE OR PRODUCE ANY EVIDENCE AT ALL AND NO INFERENCE WHATSOEVER MAY BE DRAWN FROM THE ELECTION OF A DEFENDANT NOT TO TESTIFY.

THE GOVERNMENT HAS THE BURDEN OF PROVING A DEFENDANT GUILTY BEYOND A REASONABLE DOUBT, AND IF IT FAILS TO DO SO, YOU MUST ACQUIT THE DEFENDANT. WHILE THE GOVERNMENT'S BURDEN OF PROOF IS A STRICT OR HEAVY BURDEN, IT IS NOT NECESSARY THAT THE DEFENDANT'S GUILT BE PROVED BEYOND ALL POSSIBLE DOUBT. IT IS ONLY REQUIRED THAT THE GOVERNMENT'S PROOF EXCLUDE ANY "REASONABLE DOUBT" CONCERNING THE DEFENDANT'S GUILT.

A "REASONABLE DOUBT" IS A DOUBT BASED UPON REASON AND COMMON SENSE AFTER CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE IN THE CASE. PROOF BEYOND A REASONABLE DOUBT, THEREFORE, IS PROOF OF SUCH A CONVINCING CHARACTER THAT YOU

---

[3] Fifth Circuit Criminal Pattern Jury Instructions § 1.05.

WOULD BE WILLING TO RELY AND ACT UPON IT WITHOUT HESITATION IN

MAKING THE MOST IMPORTANT DECISIONS OF YOUR OWN AFFAIRS.

## EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE[4]

AS I TOLD YOU EARLIER, IT IS YOUR DUTY TO DETERMINE THE FACTS.  TO DO SO, YOU MUST CONSIDER ONLY THE EVIDENCE PRESENTED DURING THE TRIAL.  EVIDENCE IS THE SWORN TESTIMONY OF THE WITNESSES, INCLUDING STIPULATIONS, AND THE EXHIBITS.  THE QUESTIONS, STATEMENTS, OBJECTIONS, AND ARGUMENTS MADE BY THE LAWYERS ARE NOT EVIDENCE.

THE FUNCTION OF THE LAWYERS IS TO POINT OUT THOSE THINGS THAT ARE MOST SIGNIFICANT OR MOST HELPFUL TO THEIR SIDE OF THE CASE, AND IN SO DOING TO CALL YOUR ATTENTION TO CERTAIN FACTS OR INFERENCES THAT MIGHT OTHERWISE ESCAPE YOUR NOTICE.  IN THE FINAL ANALYSIS, HOWEVER, IT IS YOUR OWN RECOLLECTION AND INTERPRETATION OF THE EVIDENCE THAT CONTROLS IN THE CASE.  WHAT THE LAWYERS SAY IS NOT BINDING UPON YOU.

DURING THE TRIAL I SUSTAINED OBJECTIONS TO CERTAIN QUESTIONS AND EXHIBITS.  YOU MUST DISREGARD THOSE QUESTIONS AND EXHIBITS ENTIRELY.  DO NOT SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER THE QUESTION OR AS TO THE CONTENTS OF AN EXHIBIT.  DO NOT CONSIDER ANY TESTIMONY OR OTHER EVIDENCE WHICH HAS BEEN REMOVED FROM YOUR

---

[4] Fifth Circuit Criminal Pattern Jury Instructions § 1.06.

CONSIDERATION IN REACHING YOUR DECISION. YOUR VERDICT MUST BE BASED SOLELY ON THE LEGALLY ADMISSIBLE EVIDENCE AND TESTIMONY.

ALSO, DO NOT ASSUME FROM ANYTHING I MAY HAVE DONE OR SAID DURING THE TRIAL THAT I HAVE ANY OPINION CONCERNING ANY OF THE ISSUES IN THIS CASE. EXCEPT FOR THE INSTRUCTIONS TO YOU ON THE LAW, YOU SHOULD DISREGARD ANYTHING I MAY HAVE SAID DURING THE TRIAL IN ARRIVING AT YOUR OWN VERDICT.

## <u>EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL[5]</u>

IN CONSIDERING THE EVIDENCE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND EXHIBITS AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE. IN OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS THAT REASON AND COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS WHICH HAVE BEEN ESTABLISHED BY THE EVIDENCE.

DO NOT BE CONCERNED ABOUT WHETHER EVIDENCE IS "DIRECT EVIDENCE" OR "CIRCUMSTANTIAL EVIDENCE." YOU SHOULD CONSIDER AND WEIGH ALL OF THE EVIDENCE THAT WAS PRESENTED TO YOU.

"DIRECT EVIDENCE" IS THE TESTIMONY OF ONE WHO ASSERTS ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYEWITNESS. "CIRCUMSTANTIAL EVIDENCE" IS PROOF OF A CHAIN OF EVENTS AND CIRCUMSTANCES INDICATING THAT SOMETHING IS OR IS NOT A FACT.

THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE. BUT THE LAW REQUIRES THAT YOU, AFTER WEIGHING ALL OF THE EVIDENCE, WHETHER DIRECT OR CIRCUMSTANTIAL, BE CONVINCED OF THE GUILT OF THE DEFENDANTS BEYOND A REASONABLE DOUBT BEFORE YOU CAN FIND HIM OR HER GUILTY.

---

[5] Fifth Circuit Criminal Pattern Jury Instructions § 1.08, Alternative B.

## CREDIBILITY OF WITNESSES[6]

I REMIND YOU THAT IT IS YOUR JOB TO DECIDE WHETHER THE GOVERNMENT HAS PROVED THE DEFENDANT'S GUILT BEYOND A REASONABLE DOUBT. IN DOING SO, YOU MUST CONSIDER ALL OF THE EVIDENCE. THIS DOES NOT MEAN, HOWEVER, THAT YOU MUST ACCEPT ALL OF THE EVIDENCE AS TRUE OR ACCURATE.

YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OR "BELIEVABILITY" OF EACH WITNESS AND THE WEIGHT TO BE GIVEN TO THE WITNESS'S TESTIMONY. AN IMPORTANT PART OF YOUR JOB WILL BE MAKING JUDGMENTS ABOUT THE TESTIMONY OF THE WITNESSES WHO TESTIFIED IN THIS CASE. YOU SHOULD DECIDE WHETHER YOU BELIEVE ALL, SOME PART, OR NONE OF WHAT EACH PERSON HAD TO SAY. YOU SHOULD ALSO DECIDE HOW IMPORTANT THAT TESTIMONY WAS.

IN MAKING THAT DECISION I SUGGEST THAT YOU ASK YOURSELF A FEW QUESTIONS:

- DID THE WITNESS IMPRESS YOU AS HONEST?

- DID THE WITNESS HAVE ANY PARTICULAR REASON NOT TO TELL THE TRUTH?

- DID THE WITNESS HAVE A PERSONAL INTEREST IN THE OUTCOME OF THE CASE?

---

[6] Fifth Circuit Criminal Pattern Jury Instructions § 1.09.

- DID THE WITNESS HAVE ANY RELATIONSHIP WITH EITHER THE GOVERNMENT OR THE DEFENSE?

- DID THE WITNESS SEEM TO HAVE A GOOD MEMORY?

- DID THE WITNESS CLEARLY SEE OR HEAR THE THINGS ABOUT WHICH HE OR SHE TESTIFIED?

- DID THE WITNESS HAVE THE OPPORTUNITY AND ABILITY TO UNDERSTAND THE QUESTIONS CLEARLY AND ANSWER THEM DIRECTLY?

- DID THE WITNESS'S TESTIMONY DIFFER FROM THE TESTIMONY OF OTHER WITNESSES?

THE TESTIMONY OF AN ALLEGED ACCOMPLICE, AND/OR ONE WHO PROVIDES EVIDENCE AGAINST A DEFENDANT FOR IMMUNITY FROM PUNISHMENT OR FOR PERSONAL ADVANTAGE OR VINDICATION, MUST ALWAYS BE EXAMINED AND WEIGHED BY THE JURY WITH GREATER CARE AND CAUTION THAN THE TESTIMONY OF ORDINARY WITNESSES. YOU, THE JURY, MUST DECIDE WHETHER THE WITNESS'S TESTIMONY HAS BEEN AFFECTED BY THESE CIRCUMSTANCES, BY THE WITNESS'S INTEREST IN THE OUTCOME OF THE CASE, BY PREJUDICE AGAINST THE DEFENDANT, OR BY THE BENEFITS THAT THE WITNESS HAS RECEIVED EITHER FINANCIALLY OR AS A RESULT OF BEING IMMUNIZED FROM PROSECUTION. YOU SHOULD KEEP IN MIND THAT SUCH TESTIMONY IS

ALWAYS TO BE RECEIVED WITH CAUTION AND WEIGHED WITH GREAT CARE.[7]

YOU SHOULD NEVER CONVICT ANY DEFENDANT UPON THE UNSUPPORTED TESTIMONY OF SUCH A WITNESS UNLESS YOU BELIEVE THAT TESTIMONY BEYOND A REASONABLE DOUBT.[8]

THESE ARE A FEW OF THE CONSIDERATIONS THAT WILL HELP YOU DETERMINE THE ACCURACY OF WHAT EACH WITNESS SAID.

YOUR JOB IS TO THINK ABOUT THE TESTIMONY OF EACH WITNESS YOU HAVE HEARD AND DECIDE HOW MUCH YOU BELIEVE OF WHAT EACH WITNESS HAD TO SAY. IN MAKING UP YOUR MIND AND REACHING A VERDICT, DO NOT MAKE ANY DECISIONS SIMPLY BECAUSE THERE WERE MORE WITNESSES ON ONE SIDE THAN ON THE OTHER. DO NOT REACH A CONCLUSION ON A PARTICULAR POINT JUST BECAUSE THERE WERE MORE WITNESSES TESTIFYING FOR ONE SIDE ON THAT POINT. YOU WILL ALWAYS BEAR IN MIND THAT THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR PRODUCING ANY EVIDENCE.

---

[7] Fifth Circuit Criminal Pattern Jury Instructions § 1.15.
[8] *Id.*

## IMPEACHMENT BY PRIOR INCONSISTENCIES[9]

THE TESTIMONY OF A WITNESS MAY BE DISCREDITED BY SHOWING THAT THE WITNESS TESTIFIED FALSELY, OR BY EVIDENCE THAT AT SOME OTHER TIME THE WITNESS SAID OR DID SOMETHING, OR FAILED TO SAY OR DO SOMETHING, WHICH IS INCONSISTENT WITH THE TESTIMONY THE WITNESS GAVE AT THIS TRIAL.

EARLIER STATEMENTS OF A WITNESS WERE NOT ADMITTED IN EVIDENCE TO PROVE THAT THE CONTENTS OF THOSE STATEMENTS ARE TRUE. YOU MAY NOT CONSIDER THE EARLIER STATEMENTS TO PROVE THAT THE CONTENT OF AN EARLIER STATEMENT IS TRUE; YOU MAY ONLY USE EARLIER STATEMENTS TO DETERMINE WHETHER YOU THINK THE EARLIER STATEMENTS ARE CONSISTENT OR INCONSISTENT WITH THE TRIAL TESTIMONY OF THE WITNESS AND THEREFORE WHETHER THEY AFFECT THE CREDIBILITY OF THAT WITNESS.

IF YOU BELIEVE THAT A WITNESS HAS BEEN DISCREDITED IN THIS MANNER, IT IS YOUR EXCLUSIVE RIGHT TO GIVE THE TESTIMONY OF THAT WITNESS WHATEVER WEIGHT YOU THINK IT DESERVES.

---

[9] Fifth Circuit Criminal Pattern Jury Instructions § 1.11.

## <u>IMPEACHMENT BY PRIOR CONVICTION –</u>

## <u>WITNESS OTHER THAN THE DEFENDANT</u>[10]

YOU HAVE BEEN TOLD THAT A CERTAIN WITNESS, HENRY TIMOTHY, WAS CONVICTED OF A PRIOR OFFENSE. A CONVICTION IS A FACTOR YOU MAY CONSIDER IN DECIDING WHETHER TO BELIEVE THAT WITNESS, BUT IT DOES NOT NECESSARILY DESTROY THE WITNESS'S CREDIBILITY. IT HAS BEEN BROUGHT TO YOUR ATTENTION ONLY BECAUSE YOU MAY WISH TO CONSIDER IT WHEN YOU DECIDE WHETHER YOU BELIEVE THE WITNESS'S TESTIMONY. IT IS NOT EVIDENCE OF ANYTHING ELSE.

---

[10] Fifth Circuit Criminal Pattern Jury Instructions § 1.13 (as modified to reflect trial record).

**<u>ON OR ABOUT</u>**[11]

YOU WILL NOTE THAT THE INDICTMENTS CHARGE THAT THE OFFENSES WERE COMMITTED ON OR ABOUT SPECIFIED DATES. THE GOVERNMENT DOES NOT HAVE TO PROVE THAT THE CRIMES WERE COMMITTED ON THAT EXACT DATE, SO LONG AS THE GOVERNMENT PROVES BEYOND A REASONABLE DOUBT THAT THE DEFENDANT COMMITTED THE CRIMES ON A DATE REASONABLY NEAR THE DATES STATED IN THE INDICTMENTS.

---

[11] Fifth Circuit Criminal Pattern Jury Instructions § 1.19 (as modified—case specific).

## **"AND" MEANS "OR"**[12]

YOU WILL NOTICE THAT IN THE INDICTMENTS, CERTAIN CHARGES USE THE CONJUNCTIVE WORD "AND" TO DESCRIBE THE OFFENSE. HOWEVER, WHEN READING THE INDICTMENTS AND WHEN REVIEWING THE ELEMENTS OF THE OFFENSES, YOU SHOULD KEEP IN MIND THAT "AND" MEANS "OR."

---

[12] *United States v. Morales-Martinez*, 496 F.3d 356, 358 (5th Cir. 2007) ("A disjunctive statute may be pleaded conjunctively and proven disjunctively.") (internal citations, quotations, and alterations omitted).

## VENUE—CONSPIRACY[13]

THE EVENTS PRESENTED AT TRIAL HAPPENED IN VARIOUS PLACES. THERE IS NO REQUIREMENT THAT THE ENTIRE CONSPIRACY TAKE PLACE IN THE EASTERN DISTRICT OF LOUISIANA, BUT IN ORDER FOR YOU TO RETURN A GUILTY VERDICT, THE GOVERNMENT MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT EITHER THE AGREEMENT OR AN OVERT ACT TOOK PLACE IN THIS DISTRICT, EVEN IF THE DEFENDANT OR DEFENDANTS NEVER SET FOOT IN THIS DISTRICT.  AN OVERT ACT IS AN ACT PERFORMED TO AFFECT THE OBJECT OF A CONSPIRACY, ALTHOUGH IT REMAINS SEPARATE AND DISTINCT FROM THE CONSPIRACY ITSELF.  THOUGH THE OVERT ACT NEED NOT BE OF CRIMINAL NATURE, IT MUST BE DONE IN FURTHERANCE OF THE OBJECT OF THE CONSPIRACY.

UNLIKE THE OTHER ELEMENTS OF THE OFFENSE, THIS IS A FACT THAT THE GOVERNMENT HAS TO PROVE ONLY BY A PREPONDERANCE OF THE EVIDENCE.  THIS MEANS THE GOVERNMENT HAS TO CONVINCE YOU ONLY THAT IT IS MORE LIKELY THAN NOT THAT PART OF THE CONSPIRACY TOOK PLACE IN THE EASTERN DISTRICT OF LOUISIANA.  ALL

---

[13] Fifth Circuit Criminal Pattern Jury Instructions § 1.20 (as modified—case specific). The final sentence of the instruction specifies that Orleans and Jefferson Parishes are located in the EDLA. The Note to this instruction suggests that, regardless of whether trial testimony puts venue at issue, the better procedure is to give the venue instruction when requested.  Here, it is requested.

OTHER ELEMENTS OF THE OFFENSE MUST BE PROVED BEYOND A REASONABLE DOUBT.   YOU ARE INSTRUCTED THAT ORLEANS AND JEFFERSON PARISHES ARE LOCATED IN THE EASTERN DISTRICT OF LOUISIANA.

## **CAUTION—CONSIDER ONLY CRIME CHARGED**[14]

YOU ARE HERE TO DECIDE WHETHER THE GOVERNMENT HAS PROVED BEYOND A REASONABLE DOUBT THAT THE DEFENDANTS ARE GUILTY OF THE CRIMES CHARGED. JASON WILLIAMS IS NOT ON TRIAL FOR ANY ACT, CONDUCT, OR OFFENSE THAT IS NOT ALLEGED IN THE INDICTMENT IN CASE NUMBER 20-CR-55. NICOLE BURDETT IS NOT ON TRIAL FOR ANY ACT, CONDUCT, OR OFFENSE THAT IS NOT ALLEGED IN THE INDICTMENT IN CASE NUMBER 20-CR-55 OR CASE NUMBER 20-CR-139. NEITHER ARE YOU CALLED UPON TO RETURN A VERDICT AS TO THE GUILT OF ANY OTHER PERSON OR PERSONS NOT ON TRIAL AS A DEFENDANT IN THIS CASE, EXCEPT AS YOU ARE OTHERWISE INSTRUCTED.

---

[14] Fifth Circuit Criminal Pattern Jury Instructions § 1.21 (as modified—case specific).

## <u>CAUTION—PUNISHMENT</u>[15]

IF A DEFENDANT IS FOUND GUILTY, IT WILL BE MY DUTY TO DECIDE WHAT THE PUNISHMENT WILL BE. YOU SHOULD NOT BE CONCERNED WITH PUNISHMENT IN ANY WAY. IT SHOULD NOT ENTER YOUR CONSIDERATION OR DISCUSSION.

---

[15] Fifth Circuit Criminal Pattern Jury Instructions § 1.22.

## SINGLE DEFENDANT—MULTIPLE COUNTS[16]

A SEPARATE CRIME IS CHARGED IN EACH COUNT OF THE INDICTMENT CHARGING NICOLE BURDETT WITH MAKING OR SUBSCRIBING FALSE TAX RETURNS IN CASE NUMBER 20-CR-139. EACH COUNT, AND THE EVIDENCE PERTAINING TO IT, SHOULD BE CONSIDERED SEPARATELY. THE FACT THAT YOU MAY FIND THE DEFENDANT GUILTY OR NOT GUILTY AS TO ONE OF THE CRIMES CHARGED SHOULD NOT CONTROL YOUR VERDICT AS TO ANY OTHER.

---

[16] Fifth Circuit Criminal Pattern Jury Instructions § 1.23 (as modified—case specific). *This is included because only Nicole Burdett is charged (with multiple counts) in the indictment in 20-CR-139.

## <u>MULTIPLE DEFENDANTS—MULTIPLE COUNTS</u>[17]

A SEPARATE CRIME IS CHARGED AGAINST BOTH OF THE DEFENDANTS IN EACH COUNT OF THE INDICTMENT IN CASE NUMBER 20-CR-55.  EACH COUNT, AND THE EVIDENCE PERTAINING TO IT, SHOULD BE CONSIDERED SEPARATELY.  THE CASE OF EACH DEFENDANT SHOULD BE CONSIDERED SEPARATELY AND INDIVIDUALLY.  THE FACT THAT YOU MAY FIND ONE OR BOTH OF THE ACCUSED GUILTY OR NOT GUILTY OF ANY OF THE CRIMES CHARGED SHOULD NOT CONTROL YOUR VERDICT AS TO ANY OTHER CRIME OR ANY OTHER DEFENDANT. YOU MUST GIVE SEPARATE CONSIDERATION TO THE EVIDENCE AS TO EACH DEFENDANT.

---

[17] Fifth Circuit Criminal Pattern Jury Instructions § 1.25 (as modified—case specific).

## SUMMARIES AND CHARTS NOT RECEIVED IN EVIDENCE[18]

CERTAIN CHARTS AND SUMMARIES HAVE BEEN SHOWN TO YOU SOLELY AS AIDS TO HELP EXPLAIN THE FACTS DISCLOSED BY EVIDENCE IN THE CASE. THESE CHARTS AND SUMMARIES ARE NOT ADMITTED EVIDENCE OR PROOF OF ANY FACTS. YOU SHOULD DETERMINE THE FACTS FROM THE EVIDENCE THAT IS ADMITTED.

THE CHARTS AND SUMMARIES INTRODUCED SOLELY AS PEDAGOGICAL DEVICES AND NOT RECEIVED INTO EVIDENCE ARE NOT TO BE CONSIDERED AS EVIDENCE, BUT ONLY AS AN AID IN EVALUATING EVIDENCE.[19]

---

[18] Fifth Circuit Criminal Pattern Jury Instructions § 1.50.

[19] Fifth Circuit Criminal Pattern Jury Instructions § 1.50 Note (citing *United States v. Harms*, 442 F.3d 367, 375 (5th Cir. 2006); Fed. R. Evid. 611(a); *United States v. Buck*, 324 F.3d 786, 790–92 (5th Cir. 2003)).

## <u>SUMMARIES AND CHARTS RECEIVED IN EVIDENCE PURSUANT TO</u>

## <u>FEDERAL RULE OF EVIDENCE 1006</u>[20]

CERTAIN CHARTS AND SUMMARIES OF OTHER RECORDS HAVE BEEN RECEIVED INTO EVIDENCE.  THEY SHOULD BE CONSIDERED LIKE ANY OTHER EVIDENCE IN THE CASE.  YOU SHOULD GIVE THEM ONLY SUCH WEIGHT AS YOU THINK THEY DESERVE.

THE CHARTS AND SUMMARIES INCLUDE INFERENCES OR CONCLUSIONS DRAWN FROM THE RECORDS UNDERLYING THEM.  IT IS UP TO YOU TO DETERMINE IF THESE INFERENCES OR CONCLUSIONS ARE ACCURATE.

THE UNDERLYING RECORDS ARE THE BEST EVIDENCE OF WHAT OCCURRED.

YOU SHOULD NOTE, HOWEVER, THAT SOME OF THE CHARTS ADMITTED INTO EVIDENCE INCLUDED LANGUAGE AND EXPENDITURES WHICH THE GOVERNMENT CHARACTERIZED AS "FALSE."  THE CHARACTERIZATION OF ITEMS AS "FALSE" ON THE ADMITTED SUMMARIES IS UP TO YOU AS THE FACT FINDER TO DECIDE.

---

[20] Fifth Circuit Criminal Pattern Jury Instructions § 1.51 (as modified—case specific).

# SUMMARY WITNESS TESTIMONY AND

# CHARTS BASED ON OTHER EVIDENCE[21]

SUMMARY TESTIMONY BY A WITNESS AND CHARTS OR SUMMARIES PREPARED OR RELIED UPON BY THE WITNESS HAVE BEEN RECEIVED INTO EVIDENCE FOR THE PURPOSE OF EXPLAINING FACTS DISCLOSED BY TESTIMONY AND EXHIBITS WHICH ARE ALSO IN EVIDENCE IN THIS CASE. IF YOU FIND THAT SUCH SUMMARY TESTIMONY AND CHARTS CORRECTLY REFLECT THE OTHER EVIDENCE IN THE CASE, YOU MAY RELY UPON THEM. BUT IF AND TO THE EXTENT THAT YOU FIND THEY ARE NOT IN TRUTH SUMMARIES OF THE EVIDENCE IN THE CASE, YOU ARE TO DISREGARD THEM. THE BEST EVIDENCE OF WHAT OCCURRED ARE THE UNDERLYING RECORDS THEMSELVES.

---

[21] Fifth Circuit Criminal Pattern Jury Instructions § 1.52.

## **"KNOWINGLY"—TO ACT**[22]

THE WORD "KNOWINGLY," AS THAT TERM IS USED FROM TIME TO TIME IN THESE INSTRUCTIONS, MEANS THAT THE ACT WAS DONE VOLUNTARILY AND INTENTIONALLY, NOT BECAUSE OF MISTAKE OR ACCIDENT.

---

[22] Fifth Circuit Criminal Pattern Jury Instructions § 1.41 (as modified: changed "has been" to "is").

## "WILLFULLY"—TO ACT[23]

THE WORD "WILLFULLY," AS THAT TERM IS USED FROM TIME TO TIME IN THESE INSTRUCTIONS, IN THE CONTEXT OF THE SUBSTANTIVE CRIMINAL TAX AND CURRENCY TRANSACTION REPORTING STATUTES, MEANS THE VOLUNTARY, INTENTIONAL VIOLATION OF A KNOWN LEGAL DUTY.[24]   TO PROVE THAT A DEFENDANT ACTED WILLFULLY, THE

---

[23] Fifth Circuit Criminal Pattern Jury Instructions § 1.43, as modified by its Notes, specifically by *Cheek v. United States*, 498 U.S. 192 (1991), *United States v. Masat*, 948 F.2d 923, 931 n.15 (5th Cir. 1991).  The government urges that the "historical" definition reproduced in the pattern instruction at § 1.43 suffices, despite the Notes following the substantive tax instructions and this "willfully" instruction, which indicates that context is critical to defining willfulness.  In *Cheek v. United States*, 498 U.S. 192, 201, 111 S. Ct. 604 (1991), the Supreme Court defined "willful" for prosecutions under the Internal Revenue Code, articulating the statutory willfulness requirement as the "voluntary, intentional violation of a known legal duty" considering the complexity of the tax laws which exempts willful criminal tax offenses from the general rule that ignorance of the law or mistake of law is no defense.  The caselaw indicates that this same heightened "willfulness" applies to the Form 8300 counts, considering that 31 U.S.C. § 5332 states "willfully" and has been construed similar to structuring charges.  *See, e.g.*, *Ratzlaf v. United States*, 510 U.S. 135, 137 (1994); *see also United States v. Oreira*, 29 F.3d 185, 188 (5th Cir. 1994)(finding harmful error where defendants requested proper "willfulness" instruction which the trial court failed to give; trial court erred in failing to instruct the jury consistent with *Ratzlaf*, that is, failed to instruct the jury that the government must prove that the defendants knew their conduct was illegal); *see also United States v. Berisha*, 925 F.2d 791, 795 (5th Cir. 1991)("to establish guilt for failure to file a currency and monetary instrument under 31 U.S.C. § 5316(a), the government must show that the defendant had actual knowledge of the currency reporting requirement and voluntarily and intentionally violated that known legal duty.").

[24] *See Cheek v. United States*, 498 U.S. 192, 201 (1991)(quoting *United States v. Pomponio*, 97 S. Ct. 22, 23 (1976) and *United States v. Bishop*, 93 S. Ct. 2008, 2017 (1973))(finding heightened "willfulness" standard applicable to prosecutions under the Internal Revenue Code).  *See, e.g.*, *Bryan v. United States*, 524 U.S. 184, 194 (1998)(citing *Cheek* and *Ratzlaf v. United States*, 510 U.S. 135, 137 (1994)(noting that heightened "willfulness" standard applicable to prosecutions under IRC likewise appliable to violations of currency transaction reporting statutes because "tax cases and *Ratzlaf* [which concluded that the jury had to find that the defendant knew that

GOVERNMENT MUST PROVE THAT THE LAW IMPOSED A DUTY ON THE DEFENDANT, THAT THE DEFENDANT KNEW OF THIS DUTY, AND THAT HE OR SHE VOLUNTARILY AND INTENTIONALLY VIOLATED THAT DUTY.[25]  IF THE GOVERNMENT PROVES ACTUAL KNOWLEDGE OF THE PERTINENT LEGAL DUTY, THEN THE GOVERNMENT HAS SATISFIED THE KNOWLEDGE COMPONENT OF THE WILLFULNESS REQUIREMENT.[26]

A PERSON'S CONDUCT IS NOT "WILLFUL" IF HE OR SHE ACTED THROUGH NEGLIGENCE, EVEN GROSS NEGLIGENCE, INADVERTENCE, JUSTIFIABLE EXCUSE OR MISTAKE, OR DUE TO HIS OR HER GOOD FAITH MISUNDERSTANDING OF THE REQUIREMENTS OF THE LAW.[27]

TO CARRY ITS BURDEN OF ESTABLISHING THAT A DEFENDANT ACTED WILLFULLY, THE GOVERNMENT MUST PROVE THE ABSENCE OF GOOD FAITH; IN OTHER WORDS, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT WAS NOT ACTING WITH THE GOOD FAITH BELIEF THAT HE OR SHE WAS ACTING LAWFULLY.[28]  A PERSON WHO BELIEVES IN GOOD FAITH THAT HIS OR HER ACTIONS

---

his structuring of cash transactions to avoid a reporting requirement was unlawful (later overruled by statute)] involved highly technical statutes that presented the danger of ensnaring individuals engaged in apparently innocent conduct [and, thus, both] 'carv[e] out an exception to the traditional rule' that ignorance of the law is no excuse and require that the defendant have knowledge of the law.").

[25] *Cheek*, 498 U.S. at 201.

[26] *Id.* at 202.

[27] *United States v. Masat*,948 F.2d 923, 931 n.15 (5th Cir. 1991).

[28] *Cheek*, 498 U.S. at 202; *United States v. Montgomery*, 747 F.3d 303, 309-10 (5th Cir. 2014).

COMPLY WITH THE LAW DOES NOT ACT WILLFULLY, EVEN IF HIS OR HER BELIEF THAT HE OR SHE IS COMPLYING WITH THE LAW IS IRRATIONAL OR UNREASONABLE.[29]

---

[29] *Cheek*, 498 U.S. at 203.

## SPECIFIC INSTRUCTIONS AS TO THE CRIMES CHARGED IN THE INDICTMENT IN CASE NUMBERS 20-CR-55 AND 20-CR-139

NOW I WILL GIVE YOU SPECIFIC INSTRUCTIONS WITH RESPECT TO THE LAW APPLICABLE TO THE OFFENSES CHARGED IN THE INDICTMENT IN CASE NUMBER 20-CR-55 AGAINST JASON WILLIAMS AND NICOLE BURDETT AND THEN WILL INSTRUCT YOU ON THE LAW APPLICABLE TO THE OFFENSES CHARGED IN THE INDICTMENT IN CASE NUMBER 20-CR-139, SOLELY AGAINST NICOLE BURDETT.

## COUNT 1 (No. 20-cr-55): 18 U.S.C. § 371

### CONSPIRACY TO DEFRAUD THE UNITED STATES[30]

COUNT 1 OF THE INDICTMENT IN CASE NUMBER 20-CR-55, *UNITED STATES VERSUS JASON R. WILLIAMS AND NICOLE E. BURDETT*, CHARGES A VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 371, WHICH MAKES IT A CRIME FOR TWO OR MORE PERSONS TO CONSPIRE TO DEFRAUD THE UNITED STATES OR ANY OF ITS AGENCIES IN ANY MANNER OR FOR ANY PURPOSE.

THE DEFENDANTS ARE CHARGED WITH CONSPIRING TO DEFRAUD THE UNITED STATES BY IMPAIRING, OBSTRUCTING, OR DEFEATING THE LAWFUL FUNCTION OF THE INTERNAL REVENUE SERVICE IN THE ASCERTAINMENT, ASSESSMENT, OR COLLECTION OF INCOME TAXES DUE.

THE WORD "DEFRAUD" HERE IS NOT LIMITED TO ITS ORDINARY MEANING OF CHEATING THE GOVERNMENT OUT OF MONEY OR PROPERTY; IT ALSO INCLUDES IMPAIRING, OBSTRUCTING, DEFEATING, OR INTERFERING WITH THE LAWFUL FUNCTION OF THE GOVERNMENT OR ONE OF ITS AGENCIES BY DISHONEST MEANS.

A "CONSPIRACY" IS AN AGREEMENT BETWEEN TWO OR MORE PERSONS TO JOIN TOGETHER TO ACCOMPLISH SOME UNLAWFUL

---

[30] Fifth Circuit Criminal Pattern Jury Instructions § 2.15B (as modified—case specific including language of the indictment).

PURPOSE. IT IS A KIND OF "PARTNERSHIP IN CRIME," IN WHICH EACH MEMBER BECOMES THE AGENT OF EVERY OTHER MEMBER.

FOR YOU TO FIND A DEFENDANT GUILTY OF THIS CRIME, YOU MUST BE CONVINCED THAT THE GOVERNMENT HAS PROVED EACH OF THE FOLLOWING BEYOND A REASONABLE DOUBT:

*FIRST*: THAT THE DEFENDANT AND AT LEAST ONE OTHER PERSON MADE AN AGREEMENT TO DEFRAUD THE UNITED STATES FOR THE PURPOSE OF IMPEDING, IMPAIRING, OBSTRUCTING, AND DEFEATING THE LAWFUL GOVERNMENT FUNCTIONS OF THE INTERNAL REVENUE SERVICE OF THE TREASURY DEPARTMENT IN THE ASSESSMENT, COMPUTATION, ASSESSMENT AND COLLECTION OF INCOME TAXES, AS CHARGED IN THE INDICTMENT;

*SECOND*: THAT THE DEFENDANT KNEW THAT THE PURPOSE OF THE AGREEMENT WAS TO DEFRAUD THE GOVERNMENT AND JOINED IN IT WILLFULLY, THAT IS, WITH THE INTENT TO DEFRAUD; AND

*THIRD*: THAT AT LEAST ONE OF THE CONSPIRATORS DURING THE EXISTENCE OF THE CONSPIRACY KNOWINGLY COMMITTED AT LEAST ONE OF THE OVERT ACTS DESCRIBED IN THE INDICTMENT, IN ORDER TO ACCOMPLISH SOME OBJECT OR PURPOSE OF THE CONSPIRACY.

THE OVERT ACT NEED NOT BE OF A CRIMINAL NATURE SO LONG AS IT IS DONE IN FURTHERANCE OF THE CONSPIRACY.

ONE MAY BECOME A MEMBER OF A CONSPIRACY WITHOUT KNOWING ALL THE DETAILS OF THE UNLAWFUL SCHEME OR THE IDENTITIES OF ALL THE OTHER ALLEGED CONSPIRATORS. IF A DEFENDANT UNDERSTANDS THE UNLAWFUL NATURE OF A PLAN OR SCHEME AND KNOWINGLY AND INTENTIONALLY JOINS IN THAT PLAN OR SCHEME ON ONE OCCASION, THAT IS SUFFICIENT TO CONVICT HIM AND/OR HER FOR CONSPIRACY EVEN THOUGH THE DEFENDANT HAD NOT PARTICIPATED BEFORE AND EVEN THOUGH THE DEFENDANT PLAYED ONLY A MINOR PART.

THE GOVERNMENT DOES NOT NEED TO PROVE THAT THE ALLEGED CONSPIRATORS ENTERED INTO ANY FORMAL AGREEMENT, OR THAT THEY DIRECTLY STATED BETWEEN THEMSELVES ALL THE DETAILS OF THE SCHEME. LIKEWISE, THE GOVERNMENT DOES NOT NEED TO PROVE THAT ALL OF THE DETAILS OF THE SCHEME ALLEGED IN THE INDICTMENT WERE ACTUALLY AGREED UPON OR CARRIED OUT. NOR MUST IT PROVE THAT ALL OF THE PERSONS ALLEGED TO HAVE BEEN MEMBERS OF THE CONSPIRACY WERE SUCH, OR THAT THE ALLEGED CONSPIRATORS ACTUALLY SUCCEEDED IN ACCOMPLISHING THEIR UNLAWFUL OBJECTIVES.

MERE PRESENCE AT THE SCENE OF AN EVENT, EVEN WITH KNOWLEDGE THAT A CRIME IS BEING COMMITTED, OR THE MERE FACT THAT CERTAIN PERSONS MAY HAVE ASSEMBLED TOGETHER AND

DISCUSSED COMMON AIMS AND INTERESTS, DOES NOT NECESSARILY ESTABLISH PROOF OF THE EXISTENCE OF A CONSPIRACY.   ALSO, A PERSON WHO HAS NO KNOWLEDGE OF A CONSPIRACY, BUT WHO HAPPENS TO ACT IN A WAY THAT ADVANCES SOME PURPOSE OF A CONSPIRACY, DOES NOT THEREBY BECOME A CONSPIRATOR.

### CONSPIRATOR'S LIABILITY FOR SUBSTANTIVE COUNT[31]

A CONSPIRATOR IS RESPONSIBLE FOR OFFENSES COMMITTED BY OTHER CONSPIRATORS IF THE CONSPIRATOR WAS A MEMBER OF THE CONSPIRACY WHEN THE OFFENSE WAS COMMITTED AND IF THE OFFENSE WAS COMMITTED IN FURTHERANCE OF, AND AS A FORESEEABLE CONSEQUENCE OF, THE CONSPIRACY.

THEREFORE, IF YOU HAVE FIRST FOUND THE DEFENDANT GUILTY OF THE CONSPIRACY CHARGED IN COUNT 1 OF THE INDICTMENT IN CASE NUMBER 20-CR-55, AND IF YOU FIND BEYOND A REASONABLE DOUBT THAT DURING THE TIME THE DEFENDANT WAS A MEMBER OF THAT CONSPIRACY, OTHER CONSPIRATORS COMMITTED THE OFFENSES IN COUNTS 2, 3, 4, 5, 6, 7, 8, 9, AND/OR 10, BOTH IN FURTHERANCE OF AND AS A FORESEEABLE CONSEQUENCE OF THAT CONSPIRACY, THEN YOU MAY FIND THE DEFENDANT GUILTY OF COUNTS 2, 3, 4, 5, 6, 7, 8, 9, AND/OR 10, EVEN THOUGH THE DEFENDANT MAY NOT HAVE PARTICIPATED IN ANY OF THE ACTS WHICH CONSTITUTE THE OFFENSES DESCRIBED IN COUNTS 2, 3, 4, 5, 6, 7, 8, 9, AND/OR 10.

---

[31] Fifth Circuit Criminal Pattern Jury Instructions § 2.17 (as modified—case specific).

**COUNTS 2, 3, 4, 5, AND 6 (No. 20-cr-55):**

**AIDING OR ASSISTING IN PREPARATION AND PRESENTATION OF**

**FALSE AND FRAUDULENT TAX RETURNS, IN VIOLATION OF**

**26 U.S.C. § 7206(2)[32]**

COUNTS 2 THROUGH 6 OF THE INDICTMENT IN CASE NUMBER 20-CR-55, *UNITED STATES VERSUS JASON R. WILLIAMS AND NICOLE E. BURDETT*, CHARGE VIOLATIONS OF TITLE 26, UNITED STATES CODE, SECTION 7206(2), WHICH MAKES IT A CRIME FOR ANYONE WILLFULLY TO AID OR ASSIST IN THE PREPARATION OR PRESENTATION OF A DOCUMENT, UNDER THE INTERNAL REVENUE LAWS, WHICH IS FALSE OR FRAUDULENT AS TO ANY MATERIAL MATTER.

FOR YOU TO FIND MR. WILLIAMS AND/OR MS. BURDETT GUILTY OF THIS CRIME, YOU MUST BE CONVINCED THAT THE GOVERNMENT HAS PROVED EACH OF THE FOLLOWING BEYOND A REASONABLE DOUBT:

*FIRST*: THAT THE DEFENDANT AIDED AND ASSISTED IN, AND PROCURED, COUNSELED, AND ADVISED THE PREPARATION AND PRESENTATION TO THE INTERNAL REVENUE SERVICE OF A U.S. INDIVIDUAL INCOME TAX RETURN, IRS FORM 1040, EITHER INDIVIDUAL

---

[32] Fifth Circuit Criminal Pattern Jury Instructions § 2.104B (as modified—case and indictment-specific and including reliance defense).

OR JOINT, FOR THE TAX YEAR AND TAXPAYER(S) LISTED IN THE COUNT YOU ARE CONSIDERING, *I.E.*, COUNTS 2, 3, 4, 5, OR 6;[33]

*SECOND*: THAT THIS RETURN YOU ARE CONSIDERING (*I.E.*, COUNTS 2, 3, 4, 5, OR 6) FALSELY AND FRAUDULENTLY STATED BUSINESS EXPENSES FOR THE TAX YEAR AND TAXPAYER(S) IN THE APPROXIMATE AMOUNT LISTED IN THE INDICTMENT FOR THE COUNT YOU ARE CONSIDERING, *I.E.*, COUNTS 2, 3, 4, 5, OR 6;[34]

*THIRD:* THAT THE DEFENDANT KNEW THAT THE STATEMENT IN THE RETURN WAS FALSE AND FRAUDULENT;[35]

*FOURTH:* THAT THE FALSE AND FRAUDULENT STATEMENT WAS MATERIAL; AND

*FIFTH*: THAT THE DEFENDANT AIDED AND ASSISTED IN AND PROCURED, COUNSELED, AND ADVISED THE PREPARATION AND PRESENTATION OF THIS FALSE AND FRAUDULENT STATEMENT WILLFULLY, THAT IS, WITH INTENT TO VIOLATE A KNOWN LEGAL DUTY, AS "WILLFULLY" HAS BEEN DEFINED IN THESE INSTRUCTIONS.

IT IS NOT NECESSARY THAT THE GOVERNMENT PROVE THAT THE FALSITY OR FRAUD WAS WITH THE KNOWLEDGE OR CONSENT OF THE PERSON AUTHORIZED OR REQUIRED TO PRESENT SUCH RETURN.

---

[33] Modified to reflect language of the Indictment.
[34] Modified to reflect language of the Indictment.
[35] Modified to reflect language of the Indictment.

A STATEMENT IS "MATERIAL" IF IT HAS A NATURAL TENDENCY TO INFLUENCE, OR IS CAPABLE OF INFLUENCING, THE INTERNAL REVENUE SERVICE IN INVESTIGATING OR AUDITING A TAX RETURN OR IN VERIFYING OR MONITORING THE REPORTING OF INCOME BY A TAXPAYER.

## RELIANCE ON TAX PREPARER

RELIANCE ON A QUALIFIED TAX PREPARER IS A DEFENSE TO A CHARGE OF WILLFULLY ASSISTING IN THE PREPARATION OF A FALSE TAX RETURN.[36] IF MR. WILLIAMS AND/OR MS. BURDETT RELIED ON TAX PREPARER, HENRY TIMOTHY, AND PROVIDED FULL INFORMATION WITH REGARD TO TAXABLE INCOME AND EXPENSES, AND THEN IN GOOD FAITH, WITHOUT KNOWING THAT THE RETURNS WERE PREPARED INCORRECTLY, ADOPTED, SIGNED, AND FILED THE TAX RETURNS AS PREPARED BY HENRY TIMOTHY, THEN YOU MUST FIND MR. WILLIAMS AND/OR MS. BURDETT NOT GUILTY.[37]

IF, ON THE OTHER HAND, YOU FIND BEYOND A REASONABLE DOUBT THAT THE DEFENDANT DID NOT PROVIDE FULL AND COMPLETE INFORMATION TO HENRY TIMOTHY, OR THAT THE DEFENDANT KNEW THAT THE RETURN AS PREPARED BY HENRY TIMOTHY WAS NOT CORRECT

---

[36] *Masat*, 948 F.2d at 930-31 (articulating the predicate for a reliance on tax preparer defense and approving an instruction on good faith in the context of the willfully instruction); *United States v. Charroux*, 3 F.3d 827, 831 (5th Cir. 1993)(quoting *United States v. Wilson*, 887 F.2d 69, 73 (5th Cir. 1989)).
[37] *See United States v. Vannelli*, 595 F.2d 402, 405 (8th Cir. 1979); *see also Masat*, 948 F.2d at 930 and *Charroux*, 3 F.3d at 831.

INSOFAR AS IT SUBSTANTIALLY UNDERSTATED THE TAX LIABILITY OF THE DEFENDANT, THEN YOU MAY FIND THE DEFENDANT GUILTY EVEN THOUGH HE OR SHE DID NOT PREPARE THE RETURN HIMSELF OR HERSELF BUT RATHER HAD IT PREPARED FOR HIM OR HER BY ANOTHER PERSON.[38]

---

[38] *Vannelli*, 595 F.2d at 405.

**COUNTS 7, 8, 9, AND 10 (No. 20-cr-55):**

**FAILURE TO FILE FORM 8300**

**31 U.S.C. §§ 5331, 5332[39]**


COUNTS 7 THROUGH 10 OF THE INDICTMENT CHARGE VIOLATIONS OF TITLE 31, UNITED STATES CODE, SECTIONS 5331 AND 5332, WHICH MAKE IT A CRIME FOR ANYONE ENGAGED IN A TRADE OR BUSINESS TO, IN THE COURSE OF THAT TRADE OR BUSINESS, RECEIVE MORE THAN $10,000 IN CURRENCY IN ONE TRANSACTION (OR IN TWO OR MORE RELATED TRANSACTIONS) AND WILLFULLY FAIL TO FILE A FORM 8300 REPORTING SUCH TRANSACTION WITH THE FINANCIAL CRIMES ENFORCEMENT NETWORK.[40]

---

[39] There is <u>no</u> pattern instruction. The government proposes modifying Fifth Circuit Criminal Pattern Jury Instruction § 2.106 (relating to structuring transactions to evade reporting requirements). Fifth Circuit Criminal Pattern Jury Instruction § 2.105 (relating to reports on exporting/importing monetary instruments) is also helpful. The defendants' proposed instruction is similar but not identical to the government's. The one proposed here is cobbled from the statute and regulation, the similar pattern instructions, as well as the caselaw indicating that the similar "structuring" or other currency reporting crimes implicate the same heightened "willfulness" as tax crimes. *See, e.g., United States v. Berisha*, 925 F.2d 791, 795 (5th Cir. 1991)("[T]o establish guilt for failure to file a currency and monetary instrument report under 31 U.S.C. § 5316(a), the government must show that the defendant had actual knowledge of the currency reporting requirement and voluntarily and intentionally violated that known legal duty.").

[40] 31 U.S.C. §§ 5331, 5332 and 31 C.F.R. § 1010.330.

FOR YOU TO FIND MR. WILLIAMS AND/OR MS. BURDETT GUILTY OF THIS CRIME, YOU MUST BE CONVINCED THAT THE GOVERNMENT HAS PROVED EACH OF THE FOLLOWING BEYOND A REASONABLE DOUBT:

*FIRST*:      THAT THE DEFENDANT WAS ENGAGED IN A TRADE OR BUSINESS;[41]

*SECOND*:     THAT IN THE COURSE OF SUCH TRADE OF BUSINESS, THE DEFENDANT RECEIVED MORE THAN $10,000 IN CURRENCY IN ONE TRANSACTION (OR IN TWO OR MORE RELATED TRANSACTIONS);[42]

THIRD:      THAT THE DEFENDANT KNEW THAT HE OR SHE HAD A LEGAL DUTY TO FILE A FORM 8300;[43]

*FOURTH*:     THAT THE DEFENDANT FAILED TO FILE A FORM 8300 REPORTING THE TRANSACTIONS LISTED IN COUNTS 7, 8, 9, AND/OR 10;[44] AND

---

[41] 31 U.S.C. § 5331; Government's Proposed Instruction at p. 3; Defendants' Proposed Instruction at p. 17; *Sapyta*, 390 F. Supp. 2d 563, 568.

[42] 31 U.S.C. §§ 5331; Government's Proposed Instruction at p. 3; Defendants' Proposed Instruction at p. 17.

[43] *See* Fifth Circuit Criminal Pattern Jury Instruction § 2.105 (second element: "That the defendant knew that he [she] had a legal duty to file a report of more than $10,000 transported"); *see also* Fifth Circuit Criminal Pattern Jury Instruction § 2.106 (first element: "That the defendant knew of the domestic financial institution's legal obligation to report transactions in excess of $10,000"); *see also United States v. Robins*, 673 Fed.Appx. 13, 18 (2d Cir. 2016)(unpublished)(noting that to convict a defendant under § 5322, the government must prove (among other things) that the defendant "knowingly received" more than $10,000 and that the defendant failed to report such transaction "with knowledge that it was unlawful to do so").

[44] *See* Fifth Circuit Criminal Pattern Jury Instruction § 2.105 (third element: "that the defendant knowingly failed to file the report, with intent to violate the law"); *see also United States v. Robins*, 673 Fed.Appx. 13, 18 (2d Cir. 2016)(unpublished)("to convict [defendant] under 5322(a)[,] the government had to prove beyond a

*FIFTH*:      THAT THE DEFENDANT DID SO WILLFULLY, AS DEFINED IN THESE INSTRUCTIONS.[45]

A LAW FIRM OR A PERSON ENGAGED IN THE PRACTICE OF LAW IS A TRADE OR BUSINESS REQUIRED TO FILE A FORM 8300.[46]

"CURRENCY" MEANS COIN AND/OR CURRENCY OF THE UNITED STATES.  "CURRENCY" ALSO INCLUDES A CASHIER'S CHECK HAVING A FACE AMOUNT OF NOT MORE THAN $10,000.

WHEN CONSIDERING COUNTS CHARGING MORE THAN ONE TRANSACTION, FOR EXAMPLE, COUNT 8 OF THE INDICTMENT, THE GOVERNMENT MUST PROVE THAT THE TWO TRANSACTIONS LISTED IN THAT COUNT WERE RELATED TO EACH OTHER.[47]  WHEN CONSIDERING COUNT 10 OF THE INDICTMENT, THE GOVERNMENT MUST PROVE THAT AT LEAST TWO OF THE TRANSACTIONS WERE RELATED TO EACH OTHER AND THAT THE RELATED TRANSACTIONS COLLECTIVELY AMOUNTED TO MORE THAN $10,000.[48]

---

reasonable doubt that (1) in the course of his business (2) he knowingly received 'more than $10,000 in cash or currency in 1 transaction (or 2 or more related transactions)' and (3) he failed to report such transaction to FinCEN (4) with knowledge that it was unlawful to do so.").

[45] 31 U.S.C. §§ 5331, 5332; Government's Proposed Instruction at p. 3; Defendants' Proposed Instruction at p. 18.
[46] Government's Proposed Instruction at p. 3.  *See also United States v. Sapyta*, 390 F. Supp. 2d 563, 568 (W.D. Tex. 2005).
[47] 31 U.S.C. § 5331 and 31 C.F.R. § 1010.330.
[48] 31 U.S.C. § 5331 and 31 C.F.R. § 1010.330.

**COUNTS 1, 2, 3, and 4 (20-cr-139, *U.S. v. Nicole Burdett*):**

**FALSE STATEMENTS ON INCOME TAX RETURN**

**26 U.S.C. § 7206(1)[49]**

COUNTS 1 THROUGH 4 OF THE INDICTMENT SOLELY AGAINST NICOLE BURDETT, IN CASE NUMBER 20-CR-139, *UNITED STATES VERSUS NICOLE BURDETT*, CHARGE VIOLATIONS OF TITLE 26, UNITED STATES CODE, SECTION 7206(1), WHICH MAKES IT A CRIME FOR ANYONE WILLFULLY TO MAKE A FALSE MATERIAL STATEMENT ON AN INCOME TAX RETURN.

FOR YOU TO FIND MS. BURDETT GUILTY OF THIS CRIME, YOU MUST BE CONVINCED THAT THE GOVERNMENT HAS PROVED EACH OF THE FOLLOWING BEYOND A REASONABLE DOUBT:

*FIRST:* THAT NICOLE BURDETT SIGNED AN INCOME TAX RETURN THAT CONTAINED A WRITTEN DECLARATION, MADE UNDER PENALTIES OF PERJURY;

*SECOND:* THAT, IN THE RETURN FOR THE COUNT YOU ARE CONSIDERING (*I.E.*, COUNT 1, 2, 3 OR 4), NICOLE BURDETT FALSELY STATED THAT SHE WAS HEAD OF HOUSEHOLD AND/OR FALSELY STATED

---

[49] Fifth Circuit Criminal Pattern Jury Instructions § 2.104A (as modified—case specific).

42

SCHEDULE C BUSINESS EXPENSES EXCEEDING THE AMOUNT LISTED IN EACH COUNT OF THE INDICTMENT (*I.E.*, COUNTS 1, 2, 3, OR 4).

YOU HAVE BEEN INSTRUCTED THAT YOUR VERDICT, WHETHER IT IS GUILTY OR NOT GUILTY, MUST BE UNANIMOUS. THE FOLLOWING INSTRUCTION APPLIES TO THE UNANIMITY REQUIREMENT AS TO COUNTS 1 THROUGH 4 OF CASE NUMBER 20-CR-139.[50] COUNTS 1 THROUGH 4 OF THE INDICTMENT ACCUSE THE DEFENDANT OF COMMITTING THE CRIME OF WILLFULLY MAKING A FALSE MATERIAL STATEMENT ON AN INCOME TAX RETURN IN TWO DIFFERENT WAYS. THE FIRST IS THAT THE DEFENDANT FALSELY MISREPRESENTED HER HEAD OF HOUSEHOLD STATUS. THE SECOND IS THAT THE DEFENDANT FALSELY STATED SCHEDULE C BUSINESS EXPENSES.

THE GOVERNMENT DOES NOT HAVE TO PROVE BOTH THAT THE DEFENDANT FALSELY REPRESENTED HER HEAD OF HOUSEHOLD STATUS AND THAT THE DEFENDANT FALSELY STATED SCHEDULE C EXPENSES FOR YOU TO RETURN A GUILTY VERDICT ON COUNTS 1 THROUGH 4. PROOF BEYOND A REASONABLE DOUBT WITH RESPECT TO ONE OF THE ALLEGED FALSE REPRESENTATIONS IS ENOUGH. BUT IN ORDER TO RETURN A GUILTY VERDICT, ALL OF YOU MUST AGREE THAT THE SAME ONE HAS BEEN PROVED. ALL OF YOU MUST AGREE THAT THE GOVERNMENT PROVED BEYOND A REASONABLE DOUBT THAT THE

---

[50] Fifth Circuit Criminal Pattern Jury Instructions § 1.27.

DEFENDANT FALSELY MISREPRESENTED HER HEAD OF HOUSEHOLD STATUS; OR, ALL OF YOU MUST AGREE THAT THE GOVERNMENT PROVED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT FALSELY STATED SCHEDULE C BUSINESS EXPENSES.

*THIRD:* THAT NICOLE BURDETT KNEW THE STATEMENT WAS FALSE;

*FOURTH*: THAT THE FALSE STATEMENT WAS MATERIAL; AND

*FIFTH:* THAT NICOLE BURDETT MADE THE STATEMENT WILLFULLY, THAT IS, WITH INTENT TO VIOLATE A KNOWN LEGAL DUTY, AS "WILLFULLY" HAS BEEN DEFINED IN THESE INSTRUCTIONS.

A STATEMENT IS "MATERIAL" IF IT HAS A NATURAL TENDENCY TO INFLUENCE, OR IS CAPABLE OF INFLUENCING, THE INTERNAL REVENUE SERVICE IN INVESTIGATING OR AUDITING A TAX RETURN OR IN VERIFYING OR MONITORING THE REPORTING OF INCOME BY A TAXPAYER.

### RELIANCE ON TAX PREPARER

RELIANCE ON A QUALIFIED TAX PREPARER IS A DEFENSE TO A CHARGE OF WILLFULLY MAKING FALSE STATEMENTS ON A TAX RETURN.[51] IF MS. BURDETT RELIED ON TAX PREPARER, HENRY TIMOTHY, AND PROVIDED FULL AND COMPLETE INFORMATION TO HIM, AND THEN IN GOOD FAITH, WITHOUT KNOWING THAT THE RETURNS CONTAINED

---

[51] *Masat*, 948 F.2d at 930-31 (articulating the predicate for a reliance on tax preparer defense and approving an instruction on good faith in the context of the willfully instruction); *United States v. Charroux*, 3 F.3d 827, 831 (5th Cir. 1993)(quoting *United States v. Wilson*, 887 F.2d 69, 73 (5th Cir. 1989)).

FALSE STATEMENTS, ADOPTED, SIGNED, AND FILED THE TAX RETURNS AS PREPARED BY HENRY TIMOTHY, THEN YOU MUST FIND MS. BURDETT NOT GUILTY.[52]

IF, ON THE OTHER HAND, YOU FIND BEYOND A REASONABLE DOUBT THAT THE DEFENDANT DID NOT PROVIDE FULL AND COMPLETE INFORMATION TO HENRY TIMOTHY, OR THAT THE DEFENDANT KNEW THAT THE RETURN AS PREPARED BY HENRY TIMOTHY CONTAINED FALSE STATEMENTS, THEN YOU MAY FIND THE DEFENDANT GUILTY EVEN THOUGH SHE DID NOT PREPARE THE RETURN HERSELF BUT RATHER HAD IT PREPARED FOR HER BY ANOTHER PERSON.[53]

---

[52] *See United States v. Vannelli*, 595 F.2d 402, 405 (8th Cir. 1979); *see also Masat*, 948 F.2d at 930 and *Charroux*, 3 F.3d at 831.
[53] *Vannelli*, 595 F.2d at 405.

## CONDUCT OF THE JURY[54]

YOU, AS JURORS, MUST DECIDE THIS CASE BASED SOLELY ON THE EVIDENCE PRESENTED WITHIN THE FOUR WALLS OF THIS COURTROOM. THIS MEANS YOU MUST NOT CONDUCT ANY INDEPENDENT RESEARCH ABOUT THIS CASE, THE MATTERS IN THIS CASE, AND THE INDIVIDUALS INVOLVED IN THE CASE. IN OTHER WORDS, YOU SHOULD NOT CONSULT DICTIONARIES OR REFERENCE MATERIALS, SEARCH THE INTERNET, WEBSITES, BLOGS, OR USE ANY OTHER ELECTRONIC TOOLS TO OBTAIN INFORMATION ABOUT THIS CASE OR TO HELP YOU DECIDE THE CASE. PLEASE DO NOT TRY TO FIND OUT INFORMATION FROM ANY SOURCE OUTSIDE THE CONFINES OF THIS COURTROOM.

AFTER YOU RETIRE TO DELIBERATE, YOU MAY BEGIN DISCUSSING THE CASE WITH YOUR FELLOW JURORS, BUT YOU CANNOT DISCUSS THE CASE WITH ANYONE ELSE UNTIL YOU HAVE RETURNED A VERDICT AND THE CASE IS AT AN END.

I HOPE THAT FOR ALL OF YOU THIS CASE IS INTERESTING AND NOTEWORTHY. I KNOW MANY OF YOU USE CELL PHONES, THE INTERNET, AND OTHER TOOLS OF TECHNOLOGY. YOU ALSO MUST NOT TALK TO ANYONE ABOUT THIS CASE OR USE THESE TOOLS TO COMMUNICATE

---

[54] Fifth Circuit Criminal Pattern Jury Instructions § 1.01 (2019) (excerpted).

ELECTRONICALLY WITH ANYONE ABOUT THE CASE.  THIS INCLUDES YOUR FAMILY AND FRIENDS.  YOU MAY NOT COMMUNICATE WITH ANYONE ABOUT THE CASE ON YOUR CELL PHONE, THROUGH E-MAIL, TEXT MESSAGING, OR ON TWITTER, THROUGH ANY BLOG OR WEBSITE, THROUGH ANY INTERNET CHATROOM, OR BY WAY OF ANY OTHER SOCIAL NETWORKING WEBSITES, INCLUDING FACEBOOK, INSTAGRAM, LINKEDIN, AND YOUTUBE.

THE EVIDENCE THAT YOU ARE TO CONSIDER WILL BE LIMITED TO THE EVIDENCE THAT YOU HEAR AND REVIEW IN THIS COURTROOM.

## <u>DUTY TO DELIBERATE</u>[55]

TO REACH A VERDICT, WHETHER IT IS GUILTY OR NOT GUILTY, ALL OF YOU MUST AGREE. YOUR VERDICT MUST BE UNANIMOUS ON EACH COUNT OF EACH OF THE INDICTMENTS.  YOUR DELIBERATIONS WILL BE SECRET.  YOU WILL NEVER HAVE TO EXPLAIN YOUR VERDICT TO ANYONE.

IT IS YOUR DUTY TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE IN AN EFFORT TO REACH AGREEMENT IF YOU CAN DO SO. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE WITH YOUR FELLOW JURORS.  DO NOT LET ANY BIAS, SYMPATHY, OR PREJUDICE THAT YOU MAY FEEL TOWARD ONE SIDE OR THE OTHER INFLUENCE YOUR DECISION.  IN PARTICULAR, DO NOT LET RACIAL, ETHNIC, NATIONAL ORIGIN, OR OTHER BIAS INFLUENCE YOUR DECISION IN ANY WAY. DURING YOUR DELIBERATIONS, DO NOT HESITATE TO REEXAMINE YOUR OWN OPINIONS AND CHANGE YOUR MIND IF CONVINCED THAT YOU WERE WRONG. BUT DO NOT GIVE UP YOUR HONEST BELIEFS AS TO THE WEIGHT OR EFFECT OF THE EVIDENCE SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS, OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

---

[55] Fifth Circuit Criminal Pattern Jury Instructions § 1.26 (as modified to reflect two verdict forms).

REMEMBER AT ALL TIMES, YOU ARE JUDGES—JUDGES OF THE FACTS. YOUR DUTY IS TO DECIDE WHETHER THE GOVERNMENT HAS PROVED THE DEFENDANT GUILTY BEYOND A REASONABLE DOUBT.

WHEN YOU GO TO THE JURY ROOM, THE FIRST THING THAT YOU SHOULD DO IS SELECT ONE OF YOUR NUMBER AS YOUR FOREPERSON, WHO WILL HELP TO GUIDE YOUR DELIBERATIONS AND WILL SPEAK FOR YOU HERE IN THE COURTROOM.

A VERDICT FORM AS TO EACH INDICTMENT HAS BEEN PREPARED FOR YOUR CONVENIENCE. THE FOREPERSON WILL WRITE THE UNANIMOUS ANSWER OF THE JURY IN THE SPACE PROVIDED FOR EACH COUNT OF EACH INDICTMENT, EITHER GUILTY OR NOT GUILTY.

AT THE CONCLUSION OF YOUR DELIBERATIONS, THE FOREPERSON SHOULD DATE AND SIGN THE VERDICT FORM.

IF YOU NEED TO COMMUNICATE WITH ME DURING YOUR DELIBERATIONS, THE FOREPERSON SHOULD WRITE THE MESSAGE AND GIVE IT TO THE COURT SECURITY OFFICER. I WILL EITHER REPLY IN WRITING OR BRING YOU BACK INTO THE COURT TO ANSWER YOUR MESSAGE.

BEAR IN MIND THAT YOU ARE NEVER TO REVEAL TO ANY PERSON, NOT EVEN TO THE COURT, HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, ON THE CHARGES IN THE INDICTMENTS UNTIL AFTER YOU HAVE REACHED A UNANIMOUS VERDICT.

YOU MAY NOW PROCEED TO THE JURY ROOM AND BEGIN YOUR DELIBERATIONS.