## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                    NO. 19-CR-060-WBV

**VERSUS**                                       SECTION: "D" (4)

**IMAD FAIEZ HAMDAN**
**ZIAD ODEH MOUSA**

<u>**JURY INSTRUCTIONS**</u>

**1.03**
**INTRODUCTION TO FINAL INSTRUCTIONS**

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

1



**1.04**
**DUTY TO FOLLOW INSTRUCTIONS**

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

**1.05**
## PRESUMPTION OF INNOCENCE,
## BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, each defendant is presumed by the law to be innocent. The defendants begin with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all and no inference whatever may be drawn from the election of either defendant not to testify.

The government has the burden of proving each defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit that defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

**1.06**
## EVIDENCE – EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

**1.08**
## EVIDENCE – INFERENCES – DIRECT AND CIRCUMSTANTIAL

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weights to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of a defendant beyond a reasonable doubt before you can find him guilty.

**1.09**
## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of each defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were

more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## 2.13
## DEPOSITION TESTIMONY

Certain testimony was presented to you through a video deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. In this deposition, Mr. Hamdan was questioned under oath. A court reporter was present and recorded the testimony. The questions and answers have been shown to you by way of video. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you in the same way as that of any other witness.

**1.15**
## ACCOMPLICE – INFORMER – IMMUNITY

The testimony of an alleged accomplice, and/or the testimony of one who provides evidence against a defendant as an informer for pay, for immunity from punishment, or for personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by these circumstances, by the witness's interest in the outcome of the case, by prejudice against either defendant, or by the benefits that the witness has received either financially or as a result of being immunized from prosecution. You should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

## 1.19
## ON OR ABOUT

You will note that the indictment charges that the offenses were committed on or about a specified date. The government does not have to prove that the crimes were committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crimes  on a date reasonably near the dates stated in the indictment.

**VENUE**

It is stipulated by all of the parties that venue is proper in the Eastern District of Louisiana for all offenses charged in the Superseding Indictment against the defendants in this matter.

**1.21**
**CAUTION – CONSIDER ONLY CRIME CHARGED**

You are here to decide whether the government has proved beyond a reasonable doubt that each defendant is guilty of the crimes charged. The defendants are not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

**1.22**
## CAUTION – PUNISHMENT

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

**1.25**
**MULTIPLE DEFENDANTS – MULTIPLE COUNTS**

A separate crime is charged against one or more of the defendants in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The case of each defendant should be considered separately and individually.

The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other defendant. You must give separate consideration to the evidence as to each defendant.

**1.50**
**SUMMARIES AND CHARTS NOT RECEIVED IN EVIDENCE**

Certain charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence (testimony, books, records, and other documents) in the case. These charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that has been admitted.

**1.52**
**SUMMARY WITNESS TESTIMONY AND CHARTS**
**BASED ON OTHER EVIDENCE**

Summary testimony by a witness and charts or summaries prepared or relied upon by the witness have been received into evidence for the purpose of explaining facts disclosed by testimony and exhibits which are also in evidence in this case.  If you find that such summary testimony and charts correctly reflect the other evidence in the case, you may rely upon them. But if and to the extent that you find they are not in truth summaries of the evidence in the case, you are to disregard them. The best evidence of what occurred are the underlying records themselves.

**1.40**
**MATERIALITY**

As used in these instructions, a representation, statement, pretense, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed. The Government can prove materiality in either of two ways. First, a representation, statement, pretense, or  promise is "material" if a reasonable person would attach importance to its existence or nonexistence in determining his or her choice of action in the transaction in question.  Second, a statement could be material, even though only an unreasonable person would rely on it, if the person who made the statement knew or had reason to know his victim was likely to rely on it.

In determining materiality, you should consider that naivety, carelessness, negligence, or stupidity of a victim does not excuse criminal conduct, if any, on the part of the defendant.

**1.41**
**"KNOWINGLY" – TO ACT**

The word "knowingly," as that term is used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## SPECIFIC INSTRUCTIONS FOR CRIMES CHARGED IN THE INDICTMENT

I will now give you specific instructions with respect to the laws applicable to the offenses charged in the indictment in this case against each defendant.

## SPECIFIC INSTRUCTIONS FOR THE CRIME CHARGED IN
## COUNT 1 OF THE INDICTMENT

I will now give you specific instructions with respect to the law applicable to

the offense charged in Count 1 of the indictment in this case.

**COUNT 1 – Conspiracy to harbor and encourage and induce illegal aliens, in violation of 8 U.S.C. 1324(a)(1)(A)(iii) and (v)(I), and 8 U.S.C. § 1324(a)(1)(B)(i)**

**2.01C**
**CONCEALING OR HARBORING ALIENS**
[Modified, as necessary, by 2.15A (CONSPIRACY TO COMMIT OFFENSE)]

Both defendants, Imad Hamdan and Ziad Mousa, are charged in Count 1 of the Indictment with Conspiracy to Harbor Illegal Aliens. Title 8, United States Code, Section 1324(a)(1)(A)(iii), makes it a crime for anyone to conceal, harbor, shield from detection, or attempt to conceal, harbor, or shield from detection an alien, knowing or in reckless disregard of the fact that the alien has entered, come to, or remained in the United States in violation of law.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member of the conspiracy becomes the agent of every other member.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: The defendant and one or more persons in some way agreed to try to accomplish a shared and unlawful plan;

*Second*: The defendant knew the unlawful purpose of the plan and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third*: The object of the conspiracy was to conceal, harbor, or shield from detection, or attempt to do the same, an alien, knowing or in reckless disregard of the fact that the alien had come to, entered, or remained in the United States in violation of law.

The "willfulness" standard that applies to the conspiracy charged in Count 1 of the Superseding Indictment is a different willfulness standard than what applies in the tax crimes charged in Counts 2-71.

The object of the conspiracy must be an unlawful plan. Here, the government alleges the object of the conspiracy was to harbor illegal aliens. I will explain the elements of the crime of harboring illegal aliens after further explaining what constitutes a conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government does not need to prove that the alleged conspirators entered into any formal agreement, or that they directly stated between themselves all the details of the scheme. Likewise, the government does not need to prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the

conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

As previously mentioned, the defendants in this case are charged with conspiracy to harbor and encourage and induce illegal aliens in violation of Title 8, United States Code, Section 1324 (a)(1)(A)(v)(I). The elements of that crime — harboring and encouraging and inducing illegal aliens — are as follows:

First: That the alien entered, came to, or remained in the United States in violation of law;

Second: That the defendant concealed, harbored, shielded from detection, or attempted to conceal, harbor or shield from detection, the alien within the United States;

Third: That the defendant knew or acted in reckless disregard of the fact that the alien entered, came to, or remained in the United States in violation of law; and

Fourth: That the defendant's conduct tended to substantially facilitate the alien entering coming to or remaining in the United States illegally.

To harbor, shield, or conceal implies that something is being hidden from detection. The employment of aliens, by itself, does not constitute harboring, concealing, or shielding aliens from detection. The government is not required to prove physical concealment of aliens. In determining whether a person intended to conceal aliens, you may consider as a factor whether or not a person physically concealed aliens.

A person acts with "reckless disregard" when he is aware of, but consciously disregards, facts and circumstances indicating that the person concealed, harbored, or shielded from detection an alien who entered came to or remained in the United States in violation of the law.

To "substantially facilitate" means to make an alien's illegal presence in the United States substantially easier or less difficult. In determining whether a person's conduct tended to "substantially facilitate" the alien entering, coming to, or remaining in the United States illegally, you may consider the employment of aliens.

An alien is any person who is not a natural-born or naturalized citizen of the United States.

## SPECIFIC INSTRUCTION FOR THE CRIMES CHARGED IN
## COUNT 2-71 OF THE INDICTMENT

I will now give you a specific instruction with respect to the law applicable to the use of the word "willfully" as to the offenses charged in Count 2-71 of the indictment in this case.

**1.43**

**WILLFULLY—TO ACT**

With respect to the tax crimes charged in Counts 2 through 71, the word "willfully," means the voluntary, intentional violation of a known legal duty. To prove that a defendant acted willfully, the Government must prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty.

If the Government proves actual knowledge of the pertinent legal duty, then the Government has satisfied the knowledge component of the willfulness requirement.

A person's conduct is not "willful" if he acted through negligence, even gross negligence, inadvertence, justifiable excuse or mistake, or due to his good faith misunderstanding of the requirements of the law.

To carry its burden of establishing that a defendant acted willfully, the Government must prove the absence of good faith. In other words, the Government must prove beyond a reasonable doubt that the defendant was not acting with the good faith belief that he was acting lawfully. A person who believes in good faith that his actions comply with the law does not act willfully, even if his belief that he is complying with the law is irrational or unreasonable.

**SPECIFIC INSTRUCTIONS FOR THE CRIMES CHARGED IN
COUNT 2-49 OF THE INDICTMENT**

I will now give you specific instructions with respect to the law applicable to

the offense charged in Count 2-49 of the indictment in this case.

## COUNTS 2-49 – Failure to Withhold, Account for, and Pay Over Taxes
### in violation of 26 U.S.C. § 7202

Both defendants, Imad Hamdan and Ziad Mousa, are charged in Counts 2-49 of the Indictment with Failure to Withhold, Account for, and Pay Over Taxes in violation of 26 U.S.C. § 7202.

**26.7202-2**
**Statute Defining Offense – 26 U.S.C. 7202**

Section 7202 of the Internal Revenue Code provides, in part, as follows:

> Any person required * * * to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax shall * * * be guilty [of an offense against the laws of the United States.]

26 U.S.C. § 7202

## ELEMENTS OF THE OFFENSE, 26 U.S.C. § 7202

In order to establish the offense charged in Counts 2-49 in the Superseding Indictment, the government must prove the following three elements beyond a reasonable doubt:

*First*, the defendant was a person who had a duty to collect, truthfully account for, and pay over federal income and social security taxes that the defendant was required to withhold from the wages of employees for the calendar quarters identified in Counts 2-49 of the Superseding Indictment, with each calendar quarter constituting a separate count;

*Second*, the defendant failed to collect or truthfully account for or pay over federal income and social security taxes that the defendant was required to withhold from the wages of employees for the calendar quarters identified in Counts 2-49 of the Superseding Indictment, with each calendar quarter constituting a separate count; and

*Third*, the defendant acted willfully.

**26.7202-4**
**Taxability of Wages**

The law imposes an income tax, a social security tax, and a hospital insurance (Medicare) tax on the wages of individual employees equal to a percentage of the wages earned by the employee. To assist the government in collecting these taxes, the law requires every employer to deduct these taxes from wages paid to employees and hold them in trust for the United States. Furthermore, the withheld amounts must be deposited with an authorized financial institution or Federal Reserve Bank, at certain intervals that depend on the amounts withheld.

These "trust fund taxes" are for the exclusive use of the government and are not to be held by the employee or the employer.

The law also imposes excise taxes on every employer for social security and hospital insurance (Medicare) equal to a certain percentage of the wages paid to the employee by the employer.

**26.7202-5**
**Requirement to Report Withholding of**
**Income and Social Security Taxes**

The law requires that employers file a Form 941, Employer's Federal Quarterly Tax Return, each calendar quarter. The Form 941 reports the withholding of employee income, social security, and Medicare taxes. The employer must file this Form 941 on or before the last day of the first calendar month following the period for which it is made. Thus, for the quarter ending March 31, the Form 941 is due by April 30; for the quarter ending June 30, the Form 941 is due by July 31; for the quarter ending September 30, the Form 941 is due by October 31; and for the quarter ending December 31, the Form 941 is due by January 31.

**26.7202-6**
**Requirement to Pay Over Withheld Taxes to the United States**

The law further requires that an employer pay over the withheld income and social security taxes, commonly known as "trust fund taxes," to the United States before the Form 941 quarterly tax return is due. Once an employer has withheld an employee's wages, the government deems the employee to have paid the withheld taxes.

**26.7202-7**
**A Failure to Comply With Any One of the**
**Three Duties Is a Violation of the Statute**

A defendant may be found guilty of violating Section 7202 if he had a duty to (a) collect, (b) account for, or (c) pay over a tax and willfully failed to comply with any one of the above-mentioned duties. In other words, the government need not prove that a defendant was responsible for all three duties. It is enough to prove that the defendant was responsible for one of the three duties. Likewise, the government need only prove that the defendant failed to comply with one of the three duties for which he was responsible.

**26.7202-8**
**Wages – Defined**

For purposes of determining withholding taxes, the law defines wages as all compensation "for services performed by an employee for his employer, including the cash value of all compensation paid by any means other than cash. . . ."

**26.7202-9**
**Employer – Defined**

An employer is the person for whom an individual performed a service, of whatever nature. If the person for whom the service was performed did not control the payment of wages, then the employer is the person who did have such control.

**26.7202-10**
**Employee – Defined**

An employee is defined according to the common-sense use of the term, and includes an officer of a corporation.

**26.7202-11**
**Person Required to Collect, Account For, and Pay Over Tax**

In order to be found guilty of the offenses charged in the Superseding Indictment, each defendant must have been a person required to collect, truthfully account for, or pay over withheld federal income and Social Security (FICA) taxes.

An individual is such a person if he was an officer or employee of a corporation or connected or associated with a business entity in a manner such that he had the authority and duty to assure that withholding taxes and social security taxes were collected, accounted for, or paid over and when.

Responsibility is a matter of status, duty, or authority, not knowledge. A responsible person need only have significant control over the company finances, not exclusive control. A person has significant control if he has the power and responsibility to determine who would get paid and who would not. An individual may be a responsible person regardless of whether he does the actual mechanical work of keeping records, preparing returns, or writing checks.

**26.7202-12**
**More Than One Responsible Person**

There may be more than one person connected with a business entity, such as the Brothers Food Mart business entities, who is required to collect, account for, and pay over withholding taxes, but the existence of this same duty and responsibility in another individual would not necessarily relieve a defendant of his responsibility.

## SPECIFIC INSTRUCTIONS FOR THE CRIME CHARGED IN
## COUNT 50-71 OF THE INDICTMENT

I will now give you specific instructions with respect to the law applicable to the offense charged in Counts 50-71 of the indictment in this case.

**COUNTS 50-71 – Aiding and Assisting the Preparation and Presentation of a False Tax Return, in violation of 26 U.S.C. § 7206(2)**

**2.104B**
**AIDING OR ASSISTING IN PREPARATION OF FALSE DOCUMENTS UNDER INTERNAL REVENUE LAWS**

Both defendants Imad Hamdan and Ziad Mousa are charged in Counts 50-71 of the Superseding Indictment with Aiding and Assisting the Preparation and Presentation of a False Tax Return. Title 26, United States Code, Section 7206(2), makes it a crime for anyone willfully to aid or assist in the preparation or presentation of a document, under the internal revenue laws, which is false or fraudulent as to any material matter.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant aided in, assisted in, procured, counseled, or advised the preparation or presentation of an IRS Individual Income Tax Returns or  IRS Forms 1040 arising under or in connection with any matter arising under the internal revenue laws for the tax year and taxpayer listed in the specific count you are considering;

Second: That this IRS Individual Income Tax Return or IRS Form 1040 falsely or fraudulently stated that the wages earned by that individual;

Third: That the defendant knew that the statement in the return was false or fraudulent;

Fourth: That the false or fraudulent statement was material; and

40

Fifth: That the defendant aided in, assisted in, procured, counseled, or advised the preparation or presentation of this false or fraudulent statement willfully, that is, with intent to violate a known legal duty.

It is not necessary that the government prove that the falsity or fraud was made with the knowledge or consent of the person on whose behalf the IRS Individual Income Tax Return or IRS Form 1040 was filed.

A statement is "material" if it has a natural tendency to influence, or is capable of influencing, the Internal Revenue Service in investigating or auditing a tax return or in verifying or monitoring the reporting of income by a taxpayer.

**COUNTS 72 AND 73 – Mail Fraud, in violation of 18 U.S.C. § 1341**

**2.56**
**MAIL FRAUD: MONEY/PROPERTY OR HONEST SERVICES**

Defendant Imad Hamdan is charged in Counts 72 and 73 of the Superseding Indictment with Mail Fraud.

Title 18, United States Code, Section 1341, makes it a crime for anyone to use the mails in carrying out a scheme to defraud.

For you to find the defendant, Imad Hamdan, guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant knowingly devised or intended to devise a scheme to defraud, that is to obtain money by materially false and fraudulent pretenses and representations from worker's compensation insurance companies, Insurance Company A or Insurance Company B;

*Second*: That the scheme to defraud employed false material representations or false material pretenses;

*Third*: That the defendant mailed something or caused something to be sent through the United States Postal Service for the purpose of executing such scheme or attempting so to do; and

*Fourth*: That the defendant acted with a specific intent to defraud.

A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property or bring about some financial gain to the person engaged in the scheme.

A "specific intent to defraud" means a conscious, knowing intent to deceive or cheat someone.

A representation or pretense is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation or pretense would also be "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

A representation or pretense is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

It is not necessary that the government prove all of the details alleged in the Superseding Indictment concerning the precise nature and purpose of the scheme. What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud by means of false or fraudulent pretenses, representations, or promises that was substantially the same as the one alleged in the indictment.

It is also not necessary that the government prove that the mailed material was itself false or fraudulent, or that the use of the mail was intended as the specific or exclusive means of accomplishing the alleged fraud. What must be proved beyond a reasonable doubt is that the use of the mails was closely related to the scheme

because the defendant either mailed something or caused it to be mailed in an attempt to execute or carry out the scheme.

The alleged scheme need not actually have succeeded in defrauding anyone.

To "cause" the mails to be used is to do an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use can reasonably be foreseen even though the defendant did not intend or request the mails to be used.

Each separate use of the mails in furtherance of a scheme to defraud by means of false or fraudulent pretenses, representations, or promises constitutes a separate offense.

### 1.01
### CONDUCT OF THE JURY

Throughout this trial, I have instructed you not to watch, read, or listen to any news or coverage of the trial and not to do any research on your own. I want to remind you of that instruction and to further instruct you that recent events in the news relating to immigration have no place in your consideration of this case. Similarly, any personal views you may have about immigration or immigration policy must not play a role in your deliberations. You must set these things aside and decide the case solely based on the testimony and evidence that has been presented at trial.

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during your deliberations you must not conduct any independent research about this case, the matters in this case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

I know that many of you use cell phones, the Internet, and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case through any electronic or other means, including your cell phone. You may not use any similar technology of social media, even if I have not specifically mentioned it here. You may,

and are expected, to discuss the case with your fellow jurors, but you may not discuss the case with anyone else until you have returned a verdict and the case is concluded. I expect you will inform me as soon as you become aware of another juror's violation of these instructions. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

## 1.26
## DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved each defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

Verdict forms have been prepared for your convenience.

**[Judge to explain verdict forms.]**

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security office. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

The jury is now excused to begin its deliberations.