**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

UNITED STATES OF AMERICA                    CRIMINAL NO. 22-02

VERSUS                                                        SECTION "G"(1)

ERNESTINE ANDERSON-TRAHAN

## MEMORANDUM IN SUPPORT OF MOTION TO STRIKE SURPLUSAGE

"[A]mong other false items" constitutes textbook surplusage. The government is prejudicially suggesting to the jury that Ms. Anderson-Trahan has committed multiple misstatements beyond those specifically alleged. This language is also unnecessary to the government's charged counts, each of which numerically lists out specific, substantive allegations; and it serves to allow the government a potentially moving target. As a result, the Court should strike this language from the Superseding Indictment. In the alternative, the Court should limit the government from alleging that Ms. Anderson-Trahan submitted false statements on her tax returns beyond those specifically alleged in the Superseding Indictment.[1]

**I.     The four-count Superseding Indictment prefaces its specific allegations with "among other false items."**

On May 12, 2022, the government filed its "Superseding Indictment for Willfully Filing False Tax Returns." R. Doc. 27. Following its general allegations, the government raised four counts. *Id.* at 2–5. The four counts correspond to four consecutive tax years: count 1 charges Ms. Anderson-Trahan for false statements on her 2013 IRS Form 1040, count 2 charges her for the same on her 2014 form, count 3 stems from her 2015 form, and count 4 stems from her 2016 form. *Id.*

---

[1] To the extent that this issue may touch on the government's notice of intent to introduce 404(b) evidence, Ms. Anderson-Trahan will oppose that notice separately. Rec. Doc. 51.

As they are similar allegations, each of the counts are structured similarly. After providing Ms. Anderson-Trahan's name, the IRS form type, the applicable year, and a general allegation statement, the counts eventually allege specific dollar amounts as to three specific types of false statements: 1. false business income; 2. false total income; and 3. false gross receipts. *Id.* But immediately before the specific allegations—which correspond to the general allegations—the government includes an open-ended preface of "among other false items."

## II.    A district court has discretion to strike surplusage from an indictment.

"Allegations of an indictment that are not necessary to prove the crime charged are surplusage." *United States v. Pendleton*, No. 16-41, 2017 U.S. Dist. LEXIS 59560, at *2 (E.D. La. Apr. 19, 2017) (citing *United States v. Prejean*, 429 F. Supp. 2d 782, 796 (E.D. La. 2006)). "The advisory committee note to Rule 7(d) explains that the rule is meant to protect defendants 'against immaterial or irrelevant allegations in an indictment or information, which may, however be prejudicial.'" *United States v. Ryan*, No. 20-65, 2021 U.S. Dist. LEXIS 95892, at *7 (E.D. La. May 20, 2021) (Fallon, J.). "A district court may strike language as surplusage on the ground that such material is unduly prejudicial if the language 'serve[s] only to inflame the jury, confuse[s] the issues, and blur[s] the elements necessary for conviction[.]'" *Id.* at *7–8 (citing *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971)). "Moreover, a court may strike as surplusage any '[i]ndirect expressions, implied allegations, argumentative statements, and uncertainty due to generalizations in language[.]'" *Id.* at *8 (citing *United States v. Williams*, 203 F.2d 572, 574 (5th Cir. 1953)). "The level of proof required to strike surplusage from an indictment is 'exacting.'" *Id.* (citing *Bullock*, 451 F.2d at 888).

## III.    "[A]mong other false items" is particularly prejudicial as an implied allegation.

Courts have consistently struck phrases similar to "among other false items" as surplusage.

In *United States v. Ryan*, another court in this district also struck the phrase "among other things" from an indictment. *Ryan*, 2021 U.S. Dist. LEXIS 95892, at *7. Pointing to Federal Rule of Criminal Procedure 7(d), the court reasoned that "the 'among other things' language serves no useful purpose and could improperly suggest to the jury that Defendant was guilty of or responsible for actions in addition to those charged in the indictment." *Id.* (citing *United States v. Pope*, 189 F. Supp. 12, 26 (S.D.N.Y. 1960)).

Moreover, with similar reasoning, other courts have rejected "open-ended language" as surplusage. *See, e.g., United States v. Lonich*, No. 14-139, 2016 U.S. Dist. LEXIS 9813, at *15 – 16 (N.D. Cal. Jan. 27. 2016) (striking "among other things" from an indictment); *see also United States v. Meek*, No. 19-378, 2020 U.S. Dist. LEXIS 80594, at *23 (S.D. Ind. May 7, 2020) ("Allowing 'among other things' could lead the jury to speculate that the Defendants are guilty of or responsible for actions not charged in the Indictment."). In *United States v. Poindexter*, a court in the district of D.C. struck multiple open-ended phrases in an indictment as surplusage, specifically striking "among other things," "among others," "among," "at least," "including," "included, but not limited to," "in part," and "various" from an indictment. 725 F. Supp. 13, 35 (D.D.C. 1989).

Here, similar to *Ryan*, the phrase "among other false items" acts as an implied allegation. It improperly suggests to the jury that Ms. Anderson-Trahan committed false statements beyond those listed in the indictment. *See Ryan*, 2021 U.S. Dist. LEXIS 95892, at *8. In fact, this language is even more prejudicial than "among other things." "Things," when viewed in isolation, is a neutral word; whereas "false" has a negative connotation on its own. Moreover, as in *Ryan*, the phrase serves no useful purpose. *Id.* The indictment already specifies its substantive allegations of false statements, both in type and amount. If the government wishes to present additional

substantive allegations, it should have included those allegations in its Superseding Indictment. Using a catch-all provision to reserve the right to make additional allegations allows the government to present a moving target during trial. Such a target is unfair.

## CONCLUSION

"Among other false items" implies that the government's specific allegations are but a sampling of false statements within Ms. Anderson-Trahan's taxes. This implication is unfair and unnecessary. The government may also use the catch-all nature of the provision to justify a moving target at trial. For these reasons, and those above, the Court should strike "among other false items" from the Superseding Indictment as surplusage. In the alternative, the Court should limit the government from alleging that Ms. Anderson-Trahan submitted false statements on her tax returns beyond those specifically alleged in the Superseding Indictment.

Respectfully submitted,

*/s/ Michael W. Magner*
Michael W. Magner (01206)
Thomas C. Wicker, IV (37955)
JONES WALKER LLP
201 St. Charles Avenue, Suite 5100
New Orleans, LA  70170-5100
(504) 582-8316
(504)582-8150
mmagner@joneswalker.com
twicker@joneswalker.com

*Counsel for Defendant, Ernestine Anderson-Trahan*

## CERTIFICATE OF SERVICE

I certify that on October 14, 2022, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF System, which will send a copy of the pleading to all parties via email.

*/s/ Michael W. Magner*

4