UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 22-2 |
| v. | * | SECTION: "G" |
| ERNESTINE ANDERSON-TRAHAN | * | |
| * * * | | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO PRECULDE MEDICAL RECORDS**

The United States seeks to preclude Defendant's ability to introduce evidence and argument related to her medical history and to her mother's medical history, including the voluminous medical records proposed by defense counsel. Defendant should not be permitted to introduce such evidence because it is not relevant under Fed. R. Evid. 401, and alternatively, under Fed. R. Evid. 403(b), any probative value is substantially outweighed by its undue prejudicial impact. Even if the Court does allow some testimony and evidence, the United States argues that Defendant should not be permitted to admit close to three thousand pages of medical records offered as exhibits and that such testimony and evidence be limited by Rule 403(b).

**I. DEFENDANT'S AND HER MOTHER'S MEDICAL CONDITIONS ARE NOT RELEVANT.**

Relevant evidence means evidence having any "tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence." *United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981) (analyzing Fed. R. Evid. 401–03). A jury is "free to consider any admissible evidence from any source showing that" the defendant was not acting willfully. *United States v. Cheek*, 498 U.S. 192, 202 (1991); *see also*

1

*United States v. Lankford*, 955 F.2d 1545, 1550 (11th Cir. 1992) ("the defendant is entitled to wide latitude in the introduction of evidence tending to show lack of intent") (internal citations and quotation marks omitted). However, the key threshold issue is whether the evidence of intent that the defendant seeks to admit is admissible. For evidence to be admitted relating to willfulness, the defendant first must lay a proper foundation that demonstrates that it has a tendency to show lack of willfulness. *United States v. Powell*, 955 F.2d 1206, 1214 (9th Cir. 1991) ("Legal materials upon which the defendant does not claim to have relied, however, can be excluded as irrelevant and unnecessarily confusing because only the defendant's subjective belief is at issue."); *see also United States v. Willie*, 941 F.2d 1384, 1391–95 (excluding legal materials because defendant failed to establish a foundation for admissibility).

    The United States assumes that Defendant will offer her medical history and her mother's medical history to argue that she did not willfully file false tax returns. As to Defendant's medical records, it appears from the medical records that Defendant does not suffer from any medical condition that would have an impact on her willfulness. The medical records do not appear to show any long-term illness that required hospital treatments or any mental infirmities.[1] In order to establish relevance, Defendant would need testimony that she had some condition that could possibly impact her ability to file correct tax returns. Without establishing a foundation, the evidence is not relevant and based on the medical records, there does not appear to be any

---

[1] The United States received the exhibits today and due to the timeframe provided to file the objections, have not completed a thorough review of the proposed medical records.

relevance. Indeed, the overwhelming majority of Defendant's medical records appear to pertain to treatment she received from 2018 on—after she filed the tax returns at issue.[2]

As to her mother's medical records and health conditions, the Government recognizes that Defendant's mother passed away in June 2017 at the age of 81—after Defendant filed three of the four tax returns at issue. The death of her mother, no doubt, had an impact on Defendant, just as it would with any adult child. With that said, the medical records do not show what impact the condition of Defendant's mother had on the Defendant and when it had an impact on Defendant. Those medical records do not appear to show who primarily cared for Defendant's mother other than the few records—based on the Government's initial review—that state that "daughter" accompanied the patient to some appointments. The medical records, themselves, do not contain a foundation to establish relevance. Again, Defendant must set forth a foundation to establish the records are admissible and without it, the records should be excluded.

For instance, in *United States v. Rivas-Estrada*, 761 Fed. Appx. 318, 327 (5th Cir. Feb 2019), the defendant wanted to introduce evidence that she was treated for cancer during the time of the money laundering conspiracy and that it was relevant because it went to her state of mind and her ability to be able to focus on what was going on around her. *Id.* at 327. The district court found that the medical records did not show that the defendant's mental state was impaired and that it was offered only to gain the jurors' sympathy. *Id.* The Fifth Circuit upheld the district court's ruling finding that "the evidence lacked any tendency to make it "more or less probable" that [the defendant] acted with a culpable mental state." *Id.* The Fifth Circuit reiterated that "the

---

[2] Proceeding chronologically, Defendant filed her 2014 tax return on or about July 2, 2015; she filed her 2015 tax return on or about October 17, 2016; she filed her 2013 tax return on or about March 20, 2017; and she filed her 2016 tax return on or about November 18, 2017.

3

trial judge's role as gatekeeper is to ensure that the factfinder bases its decision only on relevant and reliable information." *Id.* at 328–29 (citation omitted); *see also United States v. Willis*, 38 F.3d 170, 177 (5th Cir. 1994) (battered woman's syndrome). Likewise, the Court should exclude Defendant and her mother's medical records in this case, for they are not relevant as they do not demonstrate that Defendant's mental capacity was diminished.

**II.     ANY PROBATIVE VALUE OF THE MEDICAL RECORDS IS SUBSTANTIALLY OUTWEIGHED BY ITS UNDUE PREJUDICIAL IMPACT.**

Assuming that the evidence is relevant, the testimony and evidence regarding Defendant's and her mother's medical conditions should be excluded under Rule 403 because the probative value of this evidence is substantially outweighed by the danger of, among other things, undue prejudice and misleading or confusing the jury. Fed. R. Evid. 403. "Unfair prejudice" in this context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. The medical records and testimony are designed to do just that—gain the jury's sympathy. Evidence regarding Defendant's mother's passing away at age 81 and that her mother had health issues would have an emotional impact on the jury. It would endear sympathy and compassion to Defendant and in turn, an undue tendency to make a decision regarding the filing of false tax returns on an improper basis. Likewise, evidence regarding Defendant's health appears to be introduced to garner sympathy as to Defendant. *See United States v. Luck*, 852 F.3d 615 (6th Cir. 2017) (affirming district court's decision to exclude evidence of defendant's prior medical history and learning disability under Rule 403).

Even if the Court finds that some portion of evidence is relevant and not excluded under Rule 403, the United States asserts that 3,000 pages of medical records would be needlessly presenting cumulative evidence, confuse the jury, and cause undue delay. As mentioned in the relevance section, the medical records do not shed light on what impact the medical history had

on Defendant and her willfulness when she filed four different false tax returns. If Defendant can establish a proper foundation, then the United States asserts that the medical records should be limited to only those records actually needed to present the defense.

### III. CONCLUSION

For the reasons set forth above, the United States requests that the Court preclude Defendant's ability to introduce evidence and argument related to her medical history and to her mother's medical history.

                                                Respectfully submitted,

                                                DUANE A. EVANS
                                                United States Attorney

                                                */s/ Brian Flanagan*
                                                BRIAN E. FLANAGAN
                                                Trial Attorney, Tax Division
                                                150 M. Street NE, Suite 1405
                                                Washington, D.C., 20002
                                                Telephone: 202-616-3362
                                                Email: brian.e.flanagan@usdoj.gov