# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 22-2** |
| **v.** | * | **SECTION: "G"** |
| **ERNESTINE ANDERSON-TRAHAN** | * | |
| | * * * | |

## GOVERNMENT'S OPPOSITION TO
## DEFENDANT'S MOTION TO STRIKE SURPLUSAGE (D.E. 55)

The United States opposes Defendant's Motion to Strike Surplusage.  The four-count Superseding Indictment charges that defendant willfully filed false tax returns for the 2013, 2014, 2015, and 2016 tax years knowing that each return was not "correct as to every material matter in that the return did not accurately report gross receipts" from officiating weddings and—in three of the four counts—from legal fees.  The Superseding Indictment specifically alleges that each "tax return reported, among other false items," (1) false business income, (2) false total income, and (3) false gross receipts.  Through discovery, Defendant is aware that the other false items reported on the returns include expenses claimed for officiating the weddings and the reported tax due.  The falsity of the reported tax due and other false items on the tax return necessarily flows from the underreported gross receipts and income specifically alleged in the Superseding Indictment.  There is, accordingly, no basis to strike the words "among other false items" from the Superseding Indictment.

1

## I.  Background

### A.  Indictment

On January 7, 2022, a grand jury charged Defendant with four counts of making and subscribing false tax returns in violation of 26 U.S.C. § 7206(1).  Indictment, D.E. 1.  On May 12, 2022, in a superseding indictment, a grand jury charged Defendant with the same offenses. Superseding Indictment, D.E. 27.   As alleged in the Superseding Indictment, Defendant underreported the gross receipts she received from officiating weddings and from legal fees, and she knew the gross receipts and income she reported were false.  *Id.* ¶¶ 6–13.

The Superseding Indictment specifically states, in each count, "The tax return reported, *among other false items*," and then proceeds to list the amounts in Lines 12—business income, 22—total income, and Schedule C, Line 1—gross receipts,[1] for each year's tax return.  *Id.* ¶¶ 7– 13 (emphasis added).   In each count, the Superseding Indictment proceeds to state "whereas, **TRAHAN** then and there knew that she had substantially more gross receipts, including from officiating weddings [and from legal fees[2]], than she stated for the [applicable] calendar year."  *Id.*

### B.  Defendant's Original and Amended Tax Returns

Defendant filed 2013 through 2016 U.S. Individual Income Tax Returns, IRS Forms 1040. Each year, Defendant attached a Schedule C purporting to report income and expenses from a "Wedding" business.   On the "Wedding" Schedules C, Defendant reported Line 1, "Gross receipts

---

[1] A Schedule C is an attachment to a U.S. Individual Income Tax Return on which a taxpayer reports business income and expenses from sole proprietorships.  In 2015, Defendant attached two false Schedules C.  One purporting to report her income from officiating weddings, and one purporting to report her income from her prior private legal practice.  The Superseding Indictment alleges that both Schedules C are false.

[2] This clause was included in Counts 1, 2, and 3 as Defendant earned unreported legal fees during those years.  It was not included in Count 4.

or sales" of $16,000; $16,000; $16,000; and $15,200 from 2013 through 2016, respectively. Defendant also reported in Line 28, "Total expenses" of $3,647; $8,291; $12,570; and $10,667. In 2013, 2015, and 2016 (i.e., all but 2014), those expenses included contract labor expenses, reported in Line 11 of the Schedule C.

Those reported gross receipts and expenses impacted the calculations on multiple lines of the Schedules C, including Line 31, "Net profit or (loss)." Those calculations in turn impacted the calculations on multiple lines of the Forms 1040, including Line 12, "Business income or (loss);" Line 22, "total income;" Line 37, "adjusted gross income;" Line 43 "Taxable income;" and ultimately Line 44, "Tax."

Defendant filed amended 2015 and 2016 tax returns and directed her tax preparer to prepare amended 2013 and 2014 tax returns. In each amended return, Defendant amended her Schedule C for her "Wedding" business by reporting more gross receipts in Line 1 than she originally reported. Additionally, on her 2015 and 2016 Schedules C, Defendant removed the "Contract labor" expenses that she had reported on the original Schedules C in Line 11. On her amended but unfiled 2013 and 2014 Schedules C, Defendant removed her expenses (Lines 8 through 28) entirely. These changes resulted in multiple changes to the line items on her amended Forms 1040. For example, the changes on the gross receipts and expenses on the Amended 2015 Schedule C caused the following items on Defendant's Amended 2015 Form 1040 to change: Lines 12, 22, 27, 36, 37, 38, 41, 43, 44, 47, 57, 63, and 78. Likewise, the amendments changed the following items on the Schedule C: Lines 1, 3, 5, 7, 11, 28, 29, and 31. Indeed, as a result of these changes, Defendant owed a greater tax on every one of her amended returns than on her original returns.

These amendments are consistent with the evidence the Government is prepared to present at trial: Defendant received significantly more gross receipts from officiating weddings than what

she originally reported, and her expenses from officiating weddings were negligible; she generally hosted ceremonies in her courtroom, with minimal decorations, utilizing the assistance of her chambers staff.  By reporting false gross receipts and false expenses, the subsequent calculations on the Forms 1040 were also false.  Perhaps most significantly, by underreporting income and overreporting expenses, Defendant reported a tax due that was lower than what she should have owed if she had reported her income and expenses correctly.

## II.  Law

Federal Rule of Criminal Procedure 7(d) provides that, "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information."  Fed. R. Crim. P. 7(d).  The Rule protects "the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial."  Advisory Committee Note to Fed. R. Crim. P. 7 Subdivision (d).  Accordingly, courts strike as surplusage immaterial or irrelevant allegations that "serve only to inflame the jury, confuse the issues, and blur the elements necessary for conviction."  *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971).  In contrast, "if the allegation is admissible and relevant to the charge, then regardless of how prejudicial the language is, the court should not strike the language."  *United States v. Edwards*, 72 F. Supp. 2d 664, 667 (M.D. La. 1999) (citing *United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir. 1990)).  Moreover, courts need not strike language—even irrelevant language—"where the charge is not materially broadened and the accused is not misled."  *United States v. Trice*, 823 F.2d 80, 89 n.5 (5th Cir. 1987) (citations omitted).  As the movant, Defendant faces an "exacting" burden of proof to strike alleged surplusage.  *Bullock*, 451 F.3d at 888.

To prove that Defendant filed false tax returns in violation of 26 U.S.C. § 7206(1), the Government must prove that Defendant:  "(1) made and signed a materially false federal income

tax return; (2) submitted a written declaration stating under penalties of perjury that the return was true and correct; (3) did not believe that the return was true and correct when he signed it; and (4) signed it willfully and with the specific intent to violate the law." *United States v. Boyd*, 773 F.3d 637, 644 (5th Cir. 2014).

### III.  Analysis

The term "among other false items" is not surplusage but rather a true statement reflecting that many lines of Defendant's tax returns were false.  The false items alluded to are relevant and material because they are all statements on Defendant's charged tax returns which result in reporting a lower tax liability than what she would have owed if she had filed accurate returns. That alone should defeat this challenge because the false reporting of the tax due flowing from the unreported gross receipts and income necessarily makes true the allegation that there are "other false items" on the return.  Further, the verbiage "among other false items" does not unduly broaden the charge, because the Superseding Indictment still makes clear those specific items that the Government will prove beyond a reasonable doubt that Defendant knew to be false.

### A.  The Charged Returns Indeed Contain Many False Items

The charged returns contain many false items, including those that are mathematically derived from the underreporting of gross receipts and additional false items claimed by defendant. Defendant's returns not only underreported her gross receipts from her wedding business, but also overreported expenses from that same business.  For instance, Defendant's 2013, 2015, and 2016 tax returns reported expenses for contract labor.  In the amended tax returns that Defendant filed for 2015 and 2016 and had prepared for 2013, Defendant did not claim any contact labor. Likewise, the United States anticipates Defendant's court staff well testify that they did not receive additional funds from Defendant for weddings performed in 2013 and 2014.  The fact that these

items were false is not particularly controversial in this case, as Defendant effectively acknowledged these falsities through her amended tax returns.

Moreover, the false reporting of the tax due flowing from the unreported gross receipts and income necessarily makes true the allegation that other items are false.  For instance, if the evidence shows that Defendant underreported her gross receipts in 2013 by $60,000, then that additional income would impact many other lines on the tax return due to the mathematical nature of taxes.  It would have an impact on line 44 which lists the tax that is owed on Defendant's income and then on line 76 which is how much tax Defendant owed the IRS after considering tax withholdings and other payments.  Though mathematic, these false items are not irrelevant and immaterial; they directly impact Defendant's tax liability as calculated on the tax returns at issue. Rather than enumerate each item, it is simpler to highlight—as the Superseding Indictment does— the crux of the issue; Defendant underreported her gross receipts in Line 1 of the Schedule C.[3]  As a result of that underreporting, Defendant claimed to owe a significantly lower amount of tax. "Among other false items" therefore serves the valuable purpose of succinctly capturing the rippling effects of Defendant's false statements throughout her returns.

### B. The Other False Items Are Relevant

These false items are relevant as they are part of the charged tax returns.  At the very least, they tend to show that the returns were false and that Defendant reported false income and expenses in order to decrease her tax liability (a motive particularly relevant to establishing Defendant's willfulness).  Therefore, these false items are relevant to the charges.  Because the false items are

---

[3] For completeness, the Superseding Indictment also enumerates Line 12 Business Income or (loss) and Line 22 Total income as false items less Defendant argue that her unreported income—particularly her income from attorney's fees—was captured in another line item such as Line 17, Schedule E partnership income.

relevant, they are by definition not surplusage.  *See United States v. Vogel*, 2010 U.S. Dist. LEXIS 143435, *1 (E.D. Tx. May 21, 2010) ("[W]hen information in an indictment is relevant to the charged offense, it should not be stricken, regardless of how prejudicial it may be.") (citations omitted); *see also* Advisory Committee Note to Fed. R. Crim. P. 7 Subdivision (d).

This is so fundamental that the Court should deny the Motion now, but if the Court doubts whether the false items are relevant or whether the Government will indeed prove additional false items, the Court should wait until after the presentation of evidence to rule on this Motion.  *See United States v. Smallwood*, 2011 U.S. Dist. LEXIS 76880, *42 (N.D. Tx. July 15, 2011) ("The decision to strike surplusage lies within the discretion of the district court, 'which may reserve judgment on the motion until after the presentation of evidence at trial.'") (quoting 1 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 128 at 641–42 (4th ed. 2008)).

Moreover, these false items do not become irrelevant simply because the Superseding Indictment enumerates certain false items.  While the Government will focus on the false gross receipts, the other items[4] are still relevant because they confirm that the returns were false and that Defendant filed false returns in order to decrease her reported tax due.  *Cf. United States v. Smallwood*, 2011 U.S. Dist. LEXIS 76880, *52 (N.D. Tx. July 15, 2011) (rejecting a motion to strike "among others" as surplusage in a conspiracy charge because the government is permitted to prove "other" overt acts as corroborative of the alleged overt acts); *United States v. DePalma*, 461 F. Supp. 778, 779 (S.D.N.Y. 1978) ("Accordingly, the phrase 'and other activities' or 'among the means' when contained therein can be equated to allegations of overt acts in a conspiracy

---

[4] Defendant's Motion alludes to Fed. R. Evid. 404(b), but these false items are not "other acts." They are items on the charged, false tax returns, and therefore outside of the gamut of Fed. R. Evid. 404(b).

charge where the Government is not required to set forth all the acts relied upon to effectuate the conspiracy.").

### C. *"Among Other False Items" Does Not Broaden the Charge or Mislead Defendant*

Because the "other false items" in the returns are relevant, the Court should not strike the term in the Superseding Indictment as surplusage. If the Court disagrees—or if the Court reviews this language under another standard—simply referencing other false items in the Superseding Indictment does not unduly prejudice Defendant, so the Court should decline to strike the language. *See generally United States v. Freeman*, 619 F.2d 1112, 1118 (5th Cir. 1980) (noting that the appropriate challenge to a vague allegation was a motion for a bill of particulars, not a motion to strike surplusage).

The Superseding Indictment is specific as to what items Defendant *knew* to be false: the underreported marriage fees (2013 through 2016) and underreported legal income (omitted in 2013 and 2014, underreported in 2015, and not at issue in 2016). The Government intends to present evidence establishing Defendant's knowledge of *those* false items in order to prove Defendant knew the return was not true and correct and Defendant acted willfully, two elements of the charged offenses. The Superseding Indictment therefore sufficiently "boxes the Government in" such that Defendant is on notice, the Government's theory will be clear for the Court and jury, and—if necessary—the record will be unambiguous for the reviewing court. Alleging "among other false items" simply permits the Government to present the effects of Defendant's willful, false reporting of her gross receipts—i.e., decreasing the resulting tax due—and obviates the need to dance around those blatantly false items on Defendant's tax returns that Defendant has since acknowledged are false—i.e., the expenses from the wedding business, including contract labor.

Defendant relies on the inapposite case of *United States v. Ryan*, No. 20-65, 2021 U.S. Dist. LEXIS 95892 (E.D. La. May 20, 2021).  There, the defendant contended that "[d]espite the government's efforts to assist with the various issues that have arisen during discovery," the indictment "lack[ed] the specificity needed to assist [him] in preparing his defense," and that he "would be highly prejudiced in that he would be forced to waste precious trial preparation time guessing which documents and which statements are the basis of the allegations against him." Doc. 136-1, No. 2:20-cr-0065 (E.D. La. Mar. 11, 2021).  On those facts, the court held that "the 'among other things' language served no useful purpose and could improperly suggest to the jury that Defendant was guilty of or responsible for actions in addition to those charged in the indictment." 2021 U.S. Dist. LEXIS 95892, at *7.  The facts of *Ryan* are distinguishable.  Through discovery, Defendant is aware that the other false items reported on the returns are expenses claimed for officiating the weddings and the reported tax due—indeed, she prepared amended tax returns in which she corrected these amounts.  The falsity of the reported tax due necessarily flows from the underreported gross receipts and income specifically alleged in the indictment. Defendant knows what to defend against.  There is, accordingly, no basis to strike the words "among other false items" from the indictment.

In sum, the term "among other false items" refers to relevant, admissible items on the charged tax returns and serves a valid purpose.  Because the Superseding Indictment enumerates only certain false items of which Defendant had knowledge, the term "among other false items" does not permit the Government to change its theory of the case such that Defendant or the Court would be misled.  The Court should therefore decline to strike the term.

9

Wherefore, Defendant's Motion to Strike Surplusage should be denied.

Respectfully submitted,

DUANE A. EVANS
United States Attorney

*/s/ Brian Flanagan*
BRIAN E. FLANAGAN
Trial Attorney, Tax Division
150 M. Street NE, Suite 1405
Washington, D.C., 20002
Telephone: 202-616-3362
Email: brian.e.flanagan@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Brian Flanagan*
BRIAN E. FLANAGAN
Trial Attorney, Tax Division