UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 22-2 |
| v. | * | SECTION: "G" |
| ERNESTINE ANDERSON-TRAHAN | * | |
| | *   *   * | |

**GOVERNMENT'S RESPONSES TO**
**DEFENSE OBJECTIONS TO EXHIBITS (D.E. 60)**

The United States of America, by undersigned counsel, and responds to Defendant's short memoranda supporting objections regarding certain proposed exhibits by the government. (D.E. 60). In particular, Defendant objects to the following proposed exhibits: 14, 30, 36, 55, 56, and 72.[1] For the reasons set forth below and in Government's Notice Regarding 404(b) Evidence, (D.E. 51), the Court should reject Defendant's objections.

**I.      Exhibit 14**

Exhibit 14 contains a portion of training material provided to Defendant as part of her orientation to the bench. This training was provided to all the new judges in 2013, not just Defendant. The specific materials are titled "Transition to the Bench: Champions of Public Service Tools for a Successful Judicial Career." Under the Section II heading titled "Personal Conduct that Impugns the Integrity of the Judiciary," the training material quotes Canon 2A which states in pertinent part: "A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary" and then lists as an example: "failure to file tax returns." Under the Section VIII heading titled "Lying

---

[1] The exhibit numbers refer to the numbering of the exhibits that the United States provided to Defendant on October 11, 2022.

and Misrepresentations to the Commission," the training material states "'Honesty is a minimum qualification expected of every judge.'"

Relevant evidence means evidence having any "tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence." *United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981) (analyzing Fed. R. Evid. 401–403). The Government bears the burden of proving every element of the offense, including willfulness and its corresponding requirement that the Government prove that Defendant had knowledge of the pertinent legal duty. *See Cheek v. United States*, 498 U.S. 192, 201 (1991) ("Willfulness, as construed by our prior decisions in criminal tax cases, requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty."). While the legal significance of honestly reporting income is established in part through the jurats on the tax returns themselves, the Government must be permitted to prove its case, including evidence of this training material that conveys to Defendant the importance of complying with her tax obligations. *See Estelle v. McGuire*, 502 U.S. 62, 69 (1991) ("[T]he prosecution's burden to prove every element of the crime is not relieved by a defendant's tactical decision not to contest an essential element of the offense."); *see also United States v. Bishop*, 264 F.3d 535, 551 (5th Cir. 2001) ("[Willfulness e]vidence is usually circumstantial as direct proof is rarely available.").

This training material is relevant to prove that Defendant willfully filed false returns by omitting her legal source income and underreporting her wedding income. By listing "failure to file tax returns" as an example, the training highlighted a general need to ensure compliance with the tax code. The training material reminded Defendant of the importance of complying with her tax obligations. This further shows that Defendant did not simply forget or make a mistake when

she failed to accurately report her income but knew of the existence of tax laws and the importance of complying with them, and rather decided to willfully file false returns. It is particularly relevant given the proffered defense that Defendant filed the returns late because she was overwhelmed by external circumstances—and that when she did file, Defendant omitted income not because of a willful false statement, but through simple negligence, i.e., simply forgetting the income and the legal significance of omitting it. Likewise, the training material reminded Defendant that "[h]onesty is a minimum qualification" —showing that when Defendant signed her tax returns under penalties of perjury, she knew the importance of the jurat and her obligation to provide truthful information.

Under Federal Rule of Evidence 403, a Court may exclude evidence when "its probative value [for a permissible use] is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (*en banc*) (outlining the two-step test involving Rules 404(b) and 403). Defendant claims that this evidence is unduly prejudicial; Defendant argues in part that the jury could believe that Defendant should be convicted for being paid in cash for a role allegedly associated with her employment as a public official. The training material does not have any such discussion about cash or the legality of officiating weddings. This fear is not connected to the Exhibit. Defendant also claims that the training material may cause the jury to believe that Defendant is held to a higher standard. The main aspects of the training material are reminding Defendant of her duty to comply with her tax obligations and be honest. These are traits that are not controversial or ones that would unduly prejudice Defendant.

The United States recognizes that the training material does state that "Judges are held to

a higher standard of conduct than the general public and lawyers." If that portion is deemed under Rule 403 to be unduly prejudicial, the Exhibit could be cured by redaction or an or a limiting instruction. Overall, this exhibit is relevant to establish Defendant's willfulness and to rebut an argument that her failure to accurately report her income was due to a mistake and being overwhelmed by external circumstances.

## II.     Exhibits 36, 40, and 72

Exhibits 36, 40, and 72 provide context to Defendant filing amended tax returns in response to an inquiry by the Judiciary Commission.[2] The United States briefed its reasons why such evidence is admissible in its Fed. R. Evid. 404(b) Notice, D.E. 51. The United States incorporates that motion in response to Defendant's current objections.

## III.    Exhibits 55 and 56

On her 2013 and 2014 tax returns, Defendant did not report any income she received from her legal practice. The United States must show that Defendant earned legal fees that were not reported on her returns, and that Defendant intentionally failed to include those legal fees on her 2013 and 2014 tax returns. *See United States v. Boyd*, 773 F.3d 637, 643 (5th Cir. 2014) (listing the elements of 26 U.S.C. § 7206(1)). Exhibit 55 is Defendant's credit application to lease a BMW, dated August 26, 2014. Exhibit 56 is Defendant's lease agreement with BMW, dated August 26, 2014. Exhibits 55 and 56 demonstrate that Defendant knew that she earned income

---

[2] Exhibit 36 is Defendant's statement to the Judiciary Commission of Louisiana, dated October 18, 2018, in which Defendant states through counsel that she has amended her 2015 and 2016 individual income tax returns. Exhibit 40 is Defendant's statement to the Judiciary Commission of Louisiana, dated September 10, 2019, in which Defendant states through counsel that she performed 282 weddings in 2013 and 372 weddings in 2014. Exhibit 72 is Defendant's return preparer's handwritten notes on Defendant's statement to the Judiciary Commission of Louisiana, dated September 10, 2019, discussed above as Exhibit 40. Writing in the margins of the document, Defendant's return preparer multiplied the number of weddings by $80 to calculate that Defendant earned $22,560 from officiating weddings in 2013 and $29,760 from officiating weddings in 2014.

from her legal practice in 2013 and 2014 and reported that income when it was beneficial for her.

In particular, in Exhibit 55, Defendant states that she received $60,000 from "Other Annual Income" and described that income as being from "Practice." Right above the "Other Annual Income," Defendant listed her prior employer as "Trahan & Davis, LLC." Exhibit 56 provides context to Exhibit 55 to show what the credit application allowed Defendant to obtain. These exhibits help prove Defendant's failure to report her legal source income was willful and not a mistake. Defendant was able to remember her ongoing income from legal fees when it provided a benefit to her—i.e., leasing a car—but Defendant omitted that same income when reporting it would have increased her tax liability. These documents are particularly relevant given the proffered defense that Defendant innocently "forgot" this income.

The evidence is also relevant to help prove that the returns are materially false in that Defendant failed to report legal fees. Defendant's statement is a party admission that she received income from her practice and would support the Government's evidence of checks written to Defendant for legal fees is in fact income.

Nor is the probative value of these exhibits substantially outweighed by its prejudicial effect. The evidence goes to both willfulness and materiality. It will not require any additional witnesses since the Government intends to admit these exhibits via a business records certification. The lease of a vehicle would not cause any undue prejudice to Defendant.

For the reasons set forth above, the United States requests that the Court reject Defendant's objections.

Respectfully submitted,

DUANE A. EVANS
UNITED STATES ATTORNEY

*/s/ Brian Flanagan*
BRIAN E. FLANAGAN
Trial Attorney, Tax Division
New York Bar Number: 5191911
150 M. Street NE, Suite 1405
Washington, D.C., 20002
Telephone: 202-616-3362
Email: brian.e.flanagan@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Brian Flanagan*
BRIAN E. FLANAGAN
Trial Attorney, Tax Division