UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 22-02 |
| VERSUS | SECTION "G"(1) |
| ERNESTINE ANDERSON-TRAHAN | |

OPPOSITION TO MOTION IN LIMINE AND NOTICE OF INTENT
TO INTRODUCE INTRINSIC AND RULE 404(B) EVIDENCE

NOW INTO COURT, through undersigned counsel, comes Ernestine Anderson-Trahan, who submits this opposition to the government's motion in limine and notice of intent to introduce intrinsic and Rule 404(b) evidence and memorandum in support.[1] Ms. Trahan is charged with allegedly failing to properly report her income during the period of 2013 to 2016. As the Court is aware, the government's burden is a heightened standard of willfulness associated with tax cases. Because of this high burden, the government has signaled its intent to offer extraneous evidence in an attempt to sully Ms. Trahan before the jury. But this unrelated evidence is largely prejudicial and time wasting.

LAW AND ARGUMENT

I.  **Intrinsic evidence is that which is inextricably intertwined with the charge offense, or which is part of a single alleged criminal episode, or which is a necessary preliminary to the offense charged.**

"Other act evidence is 'intrinsic' when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." *United States v. Carrillo*, 660 F.3d 914, 927 (5th Cir. 2011) (quoting *United States v. Rice*, 607 F.3d 133, 141 (5th Cir.

---

[1] Rec. Doc. 51.

2010)(citations omitted)). To be characterized as intrinsic, the evidence must be necessary to "complete the story of the [alleged] crime by proving the immediate context of events in time and place," and to "evaluate all of the circumstances under which the defendant acted." *Rice*, 607 F.3d at 141 (quoting *United States v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996) and *United States v. Randall*, 887 F.2d 1262, 1268 (5th Cir. 1989)).

II. **The admissibility of extrinsic evidence is governed by Rule 404(b) and the constitutional requirement that evidence in criminal trials be strictly relevant to the particular offense charged.**

Rule 404(b) governs the admissibility of extrinsic evidence and provides:

(b) Crimes, Wrongs, or Other Acts

(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. . . .

The purpose of Rule 404(b) is to "guard against the inherent danger that the admission of 'other acts' evidence might lead a jury to convict a defendant not of the charged offense, but instead of an extrinsic offense." *United States v. Crawley*, 533 F.3d 349, 353 (5th Cir. 2008) (quoting *United States v. Sumlin*, 489 F.3d 683, 689 (5th Cir. 2007)). "Where the extrinsic activity did not result in a conviction, this danger is particularly great." Id.

The Court's discretion on admitting evidence under 404(b) is limited because "evidence in criminal trials must be 'strictly relevant to the particular offense charged.'" *United States v. Jackson*, 339 F.3d 349, 354 (5th Cir. 2003) (quoting *Williams v. New York*, 337 U.S. 241, 247 (1949)). "A trial judge faced with the problem of admissibility of other crimes evidence should exercise caution and should require the government to explain why the evidence" is not only

#100724782v1

relevant, but also "necessary on a specific element that the government must prove." *United States v. Yeagin*, 927 F.2d 798, 803 (5th Cir. 1991) (emphasis added).

Whether to admit 404(b) evidence to is analyzed under *United States v. Beechum*, a case involving extrinsic evidence used to prove unlawful intent. 582 F.2d 898, 911 (5th Cir. 1978). To be admissible, Beechum requires (1) "that the extrinsic evidence [be] relevant to an issue other than the defendant's character," and (2) that "the evidence . . . possess probative value that is not substantially outweighed by its undue prejudice and [that it] meet the other requirements of rule 403." Relevance requires that the evidence both satisfy rule 401, which requires that it have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable," and that the common characteristic shared by the 404(b) evidence and the charged offense be "the significant one for the purpose of the inquiry at hand." Id.

Rule 404(b) allows admission of "other-act evidence only when its admission is supported by some propensity-free chain of reasoning." *United States v. Gomez*, 763 F.3d 845, 856 (7th Cir. 2014). When considering "what inferences the jury is being asked to draw from" the 404(b) evidence, "and by what chain of logic, it will sometimes become clear . . . that despite the label, the jury is essentially being asked to rely on the evidence as proof of the defendant's propensity to commit the charged offense." *United States v. Lee*, 724 F.3d 968, 978 (7th Cir. 2013). That is, if the propensity-free purpose can be arrived at only through a "forbidden propensity inference," Rule 404(b) does not allow admission of the prior bad act. *Gomez*, 763 F.3d at 856.

The probative value of the uncharged conduct that the government seeks to admit "must be determined with regard to the extent to which the defendant's unlawful intent is established by other evidence, stipulation, or inference." *United States v. Cockrell*, 587 F.3d 674, 678-79 (5th

#100724782v1

Cir. 2009) (quoting *Beechum*, 582 F.2d at 914. "It is the incremental probity of the evidence that is to be balanced against its potential for undue prejudice." *Beechum*, 582 F.2d at 913. When evaluating the incremental probity of the proffered 404(b) evidence against its undue prejudicial effect, courts in the Fifth Circuit are to look at ""(1) the government's need for the extrinsic evidence, (2) the similarity between the extrinsic and charged offenses, (3) the amount of time separating the two offenses, and (4) the court's limiting instructions." *United States v. Kinchen*, 729 F.3d 446, 473 (5th Cir. 2013).

"[I]f subsection (b)(2) of the rule allows the admission of other bad acts whenever they can be connected to the defendant's knowledge, intent, or identity (or some other plausible non-propensity purpose), then the bar against propensity evidence would be virtually meaningless." *United States v. Gomez*, 763 F.3d 845, 855 (7th Cir. 2014).

### III.     Ms. Trahan's 2012 tax return required a different thought process from the charged tax returns.

Ms. Trahan's 2012 tax return accounts for her last year of work in private law practice. In other words, it was before she became a judge. She worked in a law office with a bookkeeper/office manager who handled the firm's accounting. The government's case is premised on the allegation that Ms. Trahan's role as a judge led to a unique income situation, and the further allegation that Ms. Trahan failed to properly report her income to account for her circumstances stemming from that role. But her 2012 return was of a different character. As it was exclusively based on her work in private practice, distinguishable organization and thought went into preparing the 2012 return. In other words, it resulted from a different context. As a result, it is irrelevant.

**IV.    The Judiciary Commission investigation is unnecessary, irrelevant, and unduly prejudicial.**

Ms. Trahan does not object to evidence regarding the preparation and filing of Defendant's amended tax returns and the amended tax returns themselves. But questions regarding the Judiciary Commission are minimally probative and unduly prejudicial.

The government argues that it wishes to offer evidence regarding the Judiciary Commission to "show that Defendant had the means to accurately compute the gross receipts and that to do so was relatively easy." Rec. Doc. 51. But this explanation does not require mention of the Judiciary Commission. In other words, the government can ask about the process of what was necessary to accurately compute the gross receipts without separately arguing that a Judiciary Commission investigation precipitated that computation.

On the other hand, evidence regarding the Judiciary Commission investigating Ms. Trahan is unduly prejudicial. Jurors may question the investigation's nature or believe that Ms. Trahan is guilty of crimes beyond those charged in this case. Jurors may also believe that if the Judiciary Commission is also investigating Ms. Trahan separately, then that is additional proof of guilt.

**V.    Ms. Trahan's alleged failure to pay taxes and late filing of taxes do not share the same state of mind as the willful violations of the tax laws charged.**

The government refers to *United States v. Williams*, 30 F.4th 263 (5th Cir. 2022) in an attempt to preemptively distinguish the case. *See* Rec. Doc. 51 at 12.[2] But that distinction was not critical to the Fifth Circuit's reasoning. The Fifth Circuit zeroed in on the inherently different nature of handling taxes late as compared to lying on tax forms: "Paying taxes late is not the same as lying on tax forms." *Williams*, 30 F.4th at 268.

---

[2] The government writes that it "does not seek to admit evidence of ten years of late filings and payments for conduct that occurred prior to the charged counts."

That the Fifth Circuit first pointed to the offenses' different natures is no surprise. Violations of 26 U.S.C. § 7206(1) require a heightened scienter—willfulness. On the other hand, failing to file taxes on time or paying late are characterized by neglect or carelessness, which is why those issues result in civil delinquency penalties. Here, the government is similarly attempting to introduce issues marked by carelessness to demonstrate willfulness. The government does not dispute this strategy. In arguing that this evidence would not be unduly prejudicial, it states that "[t]he failure to pay lacks the deceitful nature of making and subscribing to false tax returns . . . ." Rec. Doc. 51 at 13. The government's own argument underscores the Fifth Circuit's point and undermines the probative value of these allegations.

But as to this argument's prejudicial effect, in *Williams*, the Fifth Circuit reasoned that a directly applicable case would lead to undue prejudice for the defendant. The Fifth Circuit stated, "Admitting the evidence gives the jury the chance to decide the case on an improper basis: [defendant] is guilty because he is the type of the person who doesn't follow tax laws. This concern is 'particularly great' when, as here, the other acts have gone unpunished." *Id.* Jurors may believe that Ms. Trahan needs to be punished for being delayed in paying the IRS an acknowledged owed sum. Separately, Jurors may believe that she is actually on trial for owing this acknowledged amount to the IRS.

Moreover, as to the admissibility of this evidence via 404(b), the government seems to argue that because of the willfulness standard, it has extra leeway in introducing other acts evidence. *See* Rec. Doc. 51 at 12. But the Fifth Circuit has emphasized that "[i]n a criminal case, Rule 404(b) evidence must 'be strictly relevant to the particular offense charged.'" *United States v. Yi*, 460 F.3d 623, 631 (5th Cir. 2006) (quoting *United States v. Hernandez Guevara*, 162 F.3d 863, 869 (5th Cir. 1998)).

Specifically, when the government alleges that proposed 404(b) evidence is relevant to the defendant's intent, as the government claims here, the government must show that the "same state of mind" is involved in the crimes charged and the proposed extrinsic evidence. *Beechum*, 582 F.2d at 911. "The relevancy of the evidence must be assessed by comparing the state of mind required for the past and present offenses. *United States v. Scott*, 48 F.3d 1389, 1396 (5th Cir. 1995). But, as discussed above, the government acknowledges the distinctive states of mind between the proposed 404(b) evidence and the allegation that Ms. Trahan willfully filed false tax returns.

And even if the government did not acknowledge this distinction in its brief, its actions demonstrate that it acknowledges the different intent. The Internal Revenue Code contains civil fraud and fraudulent failure to file penalties that are comparable to the crimes charged and require the same *mens rea* as a criminal tax violation.[3] At no point, however, was Ms. Trahan assessed a fraud penalty for the infractions noticed in the government's 404(b) notice, because Ms. Trahan's late filings and payments do not involve the same *mens rea* as the current criminal charges. Thus, they are not relevant to Ms. Trahan's intent in the manner required by Rule 404(b) and must be excluded.

## VI.    The Financial Disclosures to the Supreme Court are not intrinsic to the charged counts.

Evidence of other acts is intrinsic "when the evidence of the other act and evidence of the crime are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries to the crime charged.'" *Freeman*, 434 F.3d at 374. Here, filing financial disclosures and taxes resulted from different responsibilities—one is employment

---

[3] *See* 26 U.S.C. §§ 6663 (fraud penalty) & 6651(f) (fraudulent failure to file penalty). *See also* Internal Revenue Manual § 25.1.6.2 (a fraud penalty requires "the taxpayer's intent to evade the assessment of tax, which the taxpayer believed to be owing.").

related, one is a duty as a citizen. Moreover, Ms. Trahan had entirely different processes for going about the two roles. The financial disclosure form is a brief form that Ms. Trahan was able to complete by hand if she so desired. Tax forms require significantly more, leading to Ms. Trahan hiring a tax preparer. Finally, neither the financial disclosure form nor the tax form are natural predicates to the other. Filling out one form does not necessitate filling out the other. Rather, they are entirely separate.

## VII. The Financial Disclosures to the Supreme Court carry minimal probative value and a high potential for issue confusion, and wasting time.

The core of the government's alternative two arguments regarding the financial disclosures, supposedly both regarding intent, are in natural conflict. The government first argues that the fact that the financial disclosures match tax returns makes them relevant. The government then argues that the fact that the financial disclosures *do not* match tax returns makes them relevant.

This basic conflict underscores the minimal probative value that the financial disclosures bring. There is no real evidence of intent from the financial disclosures, and they are a separate form for a separate purpose that is reported to a separate body. Further, the forms bring high potential for issue confusion, as Ms. Trahan is not on trial for the financial disclosures. The financial disclosures also run the risk of undue delay and wasting time, as they may present an entirely separate mini-trial as to the process and meaning of the separate forms. Similar to Ms. Trahan's tax returns, questions regarding the content of the financial disclosures, the process in filling them out, and Ms. Trahan's guiding mindset will become necessary.

## CONCLUSION

The government's charges are focused. Now, because of its concern about the government's heightened burden of proof, the government is attempting to muddy the waters with extraneous information. Allowing this information to be introduced at trial will risk Ms. Trahan's

right to a fair trial, as it will present a series of mini-trials, many of which will be unduly prejudicial to Ms. Trahan. Accordingly, the Court should bar the government from using this identified evidence.

Respectfully submitted,

*/s/ Michael W. Magner*
Michael W. Magner (01206)
Thomas C. Wicker, IV (37955)
JONES WALKER LLP
201 St. Charles Avenue, Suite 5100
New Orleans, LA 70170-5100
(504) 582-8316
(504) 582-8150
mmagner@joneswalker.com
twicker@joneswalker.com

*Counsel for Defendant, Ernestine Anderson-Trahan*

## **CERTIFICATE OF SERVICE**

I certify that on October 21, 2022, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF System, which will send a copy of the pleading to all parties via email.

*/s/ Michael W. Magner*

#100724782v1