**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 22-2** |
| **ERNESTINE ANDERSON-TRAHAN** | **SECTION: "G"** |

## ORDER

Before the Court is the government's Unopposed Motion and Incorporated Memorandum for Leave to File Trial Exhibits Under Seal.[1] In the motion, the government requests that both the government and the defense be allowed to file certain exhibits under seal at trial.[2] Specifically, the government and the defense seek leave of Court to file the following exhibits under seal at trial: (1) the marriage certificates that Defendant officiated; (2) Defendant's tax returns and related tax materials; (3) Defendant's bank records and the payment records of other attorneys who paid Defendant pursuant to fee-sharing agreements; and (4) Defendant's and Defendant's mother's medical records.[3] The government represents that these exhibits contain personal identifiable information ("PII") and Health Insurance Portability and Accountability Act ("HIPAA") information of Defendant and others.[4] The government asserts that redacting these exhibits would be cumbersome and would potentially distract the witnesses and the jurors from the contents of

---

[1] Rec. Doc. 57.

[2] *Id.* at 1.

[3] *Id.*

[4] *Id.* at 1–2 (citing *United States v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685, 689 (5th Cir. 2010); *Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 510 (1984)).

the exhibits.[5] Therefore, the government requests that the parties be allowed to file these exhibits under seal.[6]

Local Rule 5.6 provides:

(A) No document or other tangible item may be filed under seal without the filing of a separate motion and order to seal, unless authorized by law.

(B) Any motion providing prospectively for filing materials under seal must be accompanied by a non-confidential supporting memorandum, a notice of the request to seal, and a proposed order. The non-confidential memorandum and proposed order must include:

(1) A non-confidential description of what is to be sealed (e.g., medical records);
(2) A statement as to why sealing is necessary;
(3) Reference to governing case law; and
(4) A statement of the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon sealing.

The government has provided a non-confidential description of what is to be sealed, and a statement as to why sealing is necessary. Moreover, the government has referenced the governing case law supporting sealing this information. Although the motion does not indicate the period of time the government seeks to have the exhibits sealed, the Court will infer that the exhibits should be sealed indefinitely because they contain PPI and HIPPA information of both Defendant and others. The Court finds that sealing these records serves the overriding interest of limiting the public dissemination of the records. Accordingly,

**IT IS HEREBY ORDERED** that the government motion[7] is **GRANTED**.

---

[5] *Id.* at 1.

[6] *Id.* at 2.

[7] Rec. Doc. 57.

**IT IS FURTHER ORDERED** that the government and the defense are permitted to file the following records under seal at trial: (1) the marriage certificates that Defendant officiated; (2) Defendant's tax returns and related tax materials; (3) Defendant's bank records and the payment records of other attorneys who paid Defendant pursuant to fee-sharing agreements; and (4) Defendant's and Defendant's mother's medical records. To ensure that this Order is narrowly tailored, the parties must identify those exhibits they seek to file under seal at the time the parties submit the joint bench book, by Thursday, November 10, 2022, at 12:00 noon.

**NEW ORLEANS, LOUISIANA**, this _____21st_____ day of October, 2022.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**