UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 22-02 |
| VERSUS | SECTION "G"(1) |
| ERNESTINE ANDERSON-TRAHAN | |

**OPPOSITION TO MOTION IN LIMINE TO PRECLUDE
CIVIL AUDIT OR COLLECTION ACTIVITY EVIDENCE**

The government's proposed 404(b) evidence[1] has changed the playing field on civil audit or collection activity evidence.[2] For reasons stated in Ms. Trahan's opposition to the government's notice of intent to use 404(b) evidence, the government should not be allowed to introduce its proposed evidence.[3] But in the circumstance that the government is permitted to introduce evidence regarding Ms. Trahan's alleged failure to pay taxes and late filing of taxes, Ms. Trahan should be permitted to introduce evidence regarding the fact that she was not subjected to civil audit or collection activities by the IRS.

## BACKGROUND

Ms. Trahan has been charged with four counts of filing false tax returns in violation of 26 U.S.C. § 7206(1). The government's burden is a heightened standard of willfulness associated with tax cases.

---

[1] Rec. Doc. 51.

[2] Rec. Doc. 46-1 at 4.

[3] Rec. Doc. 68.

1

#100728585v1

On October 12, 2022, the government filed its "Government's Motion in Limine to Preclude Irrelevant and Improper Evidence and Arguments." The government requested that Ms. Trahan be precluded from: (1) introducing any evidence or argument concerning the fact that Defendant was prosecuted criminally rather than subjected to civil audit or collection activities by the IRS; (2) introducing any evidence or argument concerning the potential adverse consequences Defendant faces upon conviction; and (3) advancing any argument at trial concerning selective prosecution. Rec. Doc. 46. Ms. Trahan had no intention of introducing any such evidence, and she still has no intention of introducing any evidence regarding the latter two categories.

On October 13, 2022, the government then filed its notice of intent to introduce 404(b) evidence. Rec. Doc. 51. Specifically, the government has provided notice that it seeks to introduce (1) evidence showing Ms. Trahan properly reported her legal and wedding income in other tax years; (2) evidence that Defendant amended her tax returns after being questioned by the Judiciary Commission of Louisiana; (3) evidence regarding statements made by Defendant in financial disclosures and amendments to those financial disclosures; and (4) evidence that Defendant failed to pay over her taxes and filed her tax returns after the due dates. Rec. Doc. 51 at 1.

On October 21, 2022, Ms. Trahan filed opposition to the government's notice of intent. Rec. Doc. 68. Ms. Trahan opposed each of the government's proposed categories, specifically including the proposed category that she failed to pay over her taxes and filed her tax returns after their due dates. Rec. Doc. 68 at 5–7. Ms. Trahan argued that her alleged failure to pay taxes and late filing of taxes do not share the same state of mind as the alleged willful violations that the government has charged in this case. *Id.* Among other reasons, that distinction is demonstrated by the fact that "failing to file taxes on time or paying late . . . result in civil delinquency penalties." *Id.* at 6.

#100728585v1

Ms. Trahan has no plan to introduce any evidence regarding potential adverse consequences resulting from conviction or any evidence regarding selective prosecution. Consistent with her opposition to the government's proposed 404(b) evidence, she also does not plan to introduce evidence regarding IRS civil audit or collection activities. That is why she has not filed an opposition to the government's motion *in limine* up to this point. But in the circumstance that the Court allows the government to present evidence regarding her alleged failure to pay taxes and late filing of taxes, then the IRS's civil enforcement, or its lack thereof, of those alleged acts is relevant.

## ARGUMENT

Evidence regarding the fact that Ms. Trahan was not subjected to a civil audit or collection activities by the IRS is directly responsive to the government's proposed 404(b) category that she failed to pay over her taxes and filed her taxes after their due dates. Both the failure to pay over taxes and the filing of taxes after their due date would have resulted in a civil penalty by the IRS. As previously briefed, this fact underscores the irrelevance of this proposed 404(b) category of evidence. But in the circumstance that the government is allowed to present such evidence, then the IRS's civil enforcement, or lack thereof, of Ms. Trahan's taxes will be relevant to answer for alleged civil crimes.

In that circumstance, the lack of civil enforcement will go directly to Ms. Trahan's "willfulness." It demonstrates the fact that this alleged "context" of 404(b) evidence is with an entirely different mental state, so the proposed category should be considered with very limited weight. Moreover, it demonstrates that the IRS did not believe these alleged civil violations warranted a civil penalty. Again, this goes to the seriousness of the alleged 404(b) evidence.

#100728585v1

Simply put, the government now seeks to allege evidence regarding civil tax issues. But it simultaneously seeks to bar evidence regarding civil tax enforcement. These two arguments go hand-in-hand, and following the government's dual requests would be inequitable.

## CONCLUSION

For the foregoing reasons, Ms. Trahan requests that in the circumstance that the Court allows the government to introduce irrelevant evidence regarding her civil tax issues, then the Court also deny the government's request to preclude her from introducing evidence that she was not subjected to civil audit or collection activities by the IRS.

Respectfully submitted,

*/s/ Thomas C. Wicker IV*
Michael W. Magner (#01206)
Thomas C. Wicker, IV (#37955)
JONES WALKER LLP
201 St. Charles Avenue, Suite 5100
New Orleans, LA  70170-5100
Telephone:  (504) 582-8316
 (504) 582-8150
mmagner@joneswalker.com
twicker@joneswalker.com

***Counsel for Defendant,***
 ***Ernestine Anderson-Trahan***

## CERTIFICATE OF SERVICE

I certify that on October 24, 2022, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF System, which will send a copy of the pleading to all parties via email.

*/s/ Thomas C. Wicker IV*