UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **CASE NO. 22-2** |
| **ERNESTINE ANDERSON-TRAHAN** | **SECTION: "G"** |

### ORDER AND REASONS

Before the Court is the government's Motion in Limine to Admit Business Records Via Certification.[1] The government moves the Court to make a preliminary determination of the admissibility regarding certain business records.[2] At trial, the government intends to introduce bank records from JP Morgan Chase and Whitney Bank and records from BMW related to the purchase of a vehicle.[3] The government has presented certificates from each of those entities that meet the requirements set forth in Federal Rule of Evidence 902(11).[4] Accordingly, the government requests that the Court find that these business records are authentic, fall within the business records exception, and are admissible, subject to any relevancy objections that Defendant may raise at trial.[5]

---

[1] Rec. Doc. 44.

[2] Rec. Doc. 44-1 at 1.

[3] *Id.*

[4] *Id.*

[5] *Id.*

Any opposition to the motion was due on October 21, 2022.[6] Defendant Ernestine Anderson-Trahan has not filed any opposition to the motion. Therefore, the Court deems the motion unopposed.

Except in limited circumstances, an out-of-court statement offered to prove the truth of the matter asserted is hearsay, and subject to certain exceptions, is not admissible as evidence.[7] Federal Rule of Evidence 803(6) provides that "[a] record of an act, event, condition, opinion, or diagnosis" is not hearsay if:

(A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
(C) making the record was a regular practice of that activity;
(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
(E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.[8]

Pursuant to Federal Rule of Evidence 902(11), "[t]he original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)–(C)," is self-authenticating "as shown by a certification of the custodian or another qualified person."[9] "Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them."[10]

---

[6] Rec. Doc. 35.

[7] *See* Fed. R. Evid. 801–805.

[8] Fed. R. Evid. 803(6).

[9] Fed. R. Evid. 902(11).

[10] *Id.*

The records from JP Morgan Chase, Whitney Bank, and BMW include custodian certifications that evidence the authenticity of the documents as required by Federal Rule of Evidence 902(11). Therefore, the records are admissible under Rule 803(6)(B) because they were kept in the course of a regularly conducted activity of a business. In accordance with Rule 902(11), the government gave Defendant reasonable written notice of the intent to offer the records so that Defendant had a fair opportunity to challenge their authenticity. Defendant has not raised any objection to the authenticity of these documents. Therefore, the Court concludes that the records were properly authenticated and qualify as business records. Accordingly,

**IT IS ORDERED** that the government's Motion in Limine to Admit Business Records Via Certification[11] is **GRANTED**. The exhibits referenced in Attachment A to the motion have been properly authenticated and qualify as business records. The records custodians identified in the accompanying certifications need not appear at trial to authenticate these exhibits. The government must move for the admission of each of the referenced exhibits at trial, and Defendant may raise any relevancy objections at trial.

**NEW ORLEANS, LOUISIANA**, this __26th__ day of October, 2022.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[11] Rec. Doc. 44.