UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 22-02 |
| VERSUS | SECTION "G"(1) |
| ERNESTINE ANDERSON-TRAHAN | |

**REPLY TO GOVERNMENT OPPOSITION TO MOTION TO STRIKE SURPLUSAGE**

      NOW INTO COURT comes Ms. Ernestine Anderson-Trahan to reply to the government's opposition to her motion to strike surplusage. The government has clarified that "among other false items" is premised on two categories of information, neither of which is necessary to prove the charged counts. First, the government argues that "among other false items" is warranted because Ms. Anderson-Trahan overreported her expenses related to her wedding business. But aside from the fact that the government misstates the facts related to the expenses, the government's opposition is an implicit acknowledgement that underreporting expenses and overreporting income are separate actions. In other words, the government acknowledges that "among other false items" is an attempt to go beyond the Grand Jury's charge.

      Second, the government argues that other tax lines are repeats of the specifically charged conduct. Thus, contrary to its intention, the government underscores that these additional tax line items are unnecessary and serve only to prejudice Ms. Anderson-Trahan before the jury. And similar to its first category of information, this tax line goes past the Grand Jury's charge.

      And beyond its two categories, the government fails to respond to the fact that its catch-all phrase of "among other false items" is particularly prejudicial. Accordingly, the Court should grant Ms. Anderson-Trahan's motion, strike the government's surplusage and limit the

#100743489v1

government from alleging that Ms. Anderson-Trahan submitted false statements on her tax returns beyond those specifically alleged in the Superseding Indictment.

I. **The Allegation of Overreporting Expenses is Not Charged Behavior and is a Constructive Amendment of the Indictment.**

Overreporting expenses is distinct factual conduct from underreporting income. The Superseding Indictment and the government's opposition are implicit acknowledgments of this fact. Overreporting expenses is not charged in the indictment, and allowing the government to proceed with this theory allows for a constructive amendment, or variance, of the indictment in violation of Ms. Anderson-Trahan's Fifth Amendment right.

"The Fifth Amendment provides for criminal prosecution only on the basis of a Grand Jury indictment. Only the Grand Jury can amend an indictment to broaden it." *United States v. Doucet*, 994 F.2d 169, 172 (citing *Stirone v. United States*, 361 U.S. 212, 215–16 (1960)). "The amendment need not be explicit to constitute reversible error, but may be implicit or constructive. This occurs when the jury is permitted to convict the defendant upon a factual basis that effectively modifies an essential element of the offense charged." *Id.* (citing *United States v. Baytank*, 934 F.2d 599, 606 (5th Cir. 1991)).

In *United States v. Adams*, the Fifth Circuit determined that the government impermissibly amended an indictment for misrepresented identification in purchasing a handgun when the government raised evidence that a defendant's driver's license had a false residence. 778 F.2d 1117, 1124–25 (5th Cir. 1985). There, the defendant was charged with violating 18 U.S.C. § 922(a)(6) and 18 U.S.C. § 924(a), and the indictment "alleged that on six separate occasions [defendant] purchased handguns using a Mississippi driver's license in the name of Ernest Cole." *Id.* at 1118. The Fifth Circuit acknowledged that there was "no question that [defendant] purchased the handguns or that he presented in connection with each purchase a Mississippi Driver's License

2

#100743489v1

in the name of Ernest Cole." *Id.* at 1119. It also stated that the specificity in the indictment was unnecessary, as conviction could have resulted from a general indictment. *Id.* at 1125. Nevertheless, because the government presented a different type of falsity "when only one particular kind of falsity is charged to have been made in furnishing a license," the government "went beyond the grand jury's charge, [and] they constructively and impermissibly amended the indictment." *Id.*

Moreover, in *United States v. Salinas*, the Fifth Circuit found that an indictment was constructively amended when the indictment stated that the defendant had aided and abetted a specific named principal with theft, but the evidence showed the defendant had actually aided and abetted a different person. 654 F.2d 319, 325 (5th Cir. 1981), *overruled on other grounds by United States v. Adamson*, 700 F.2d 953 (5th Cir. 1983) (en banc). The court reasoned:

> Without question, the particular loan was well described; nor is there question that the [defendant] aided and abetted a bank officer in the misapplication of bank funds. Theft, by any other name, is still theft. But the mistake in the particular name of the officer involved is not like a variance in a date or place. The appellant was not formally charged with theft. The indictment said in effect that [the principal] stole and that the [defendant] helped. Once it is shown that the named principal did not steal, it begins to look like the [defendant] was convicted of a crime different from that of which he was accused.

*Id.* at 324–25.

Here, as Ms. Anderson-Trahan's motion stated, if the government wishes to present additional substantive allegations, it should have included those allegations in its Superseding Indictment. It did not. Nor did it include the allegations in its Notice of Intent to Introduce Intrinsic and Rule 404(b) Evidence and Memorandum in Support.

Like in *Adams*, the government is attempting to backdoor a separate factual theory as to false statements. Similar to the fake name theory, the government's factual theory is that Ms. Anderson-Trahan misreported information on specific tax lines, with those lines enumerated in

3

each count. Adding arguments regarding overreported expenses as additional false statements is akin to the government introducing evidence regarding a false residence in *Adams*. Perhaps, as in *Adams*, it was unnecessary for the government to be specific in its Superseding Indictment, but nevertheless, the government made that decision.

And in case the specific tax line allegations leave room for interpretation, the government's introductions and closings to the specific tax lines emphasize that expenses are *not* a part of its factual theory. Each count introduces its specific allegations with language that Ms. Anderson-Trahan failed to disclose or accurately report "gross receipts." Each count then closes with Ms. Anderson-Trahan "then and there knew she had" either more or unreported "gross receipts." There is no mention of expenses. "Gross receipts" specifically *exclude* expenses from their calculation. The IRS defines "gross receipts" as "the total amounts the organization received from all sources during its annual accounting period, without subtracting any costs or expenses." *Gross Receipts Defined,* IRS (Oct. 29, 2022), https://www.irs.gov/charities-non-profits/gross-receipts-defined.

In this same vein, the introduction and closing also bracket the surplusage language of "among other false items." So even if the Court determines that "among other false items" is not stricken, the Superseding Indictment demonstrates that the "among other false items" language does not refer to overreported expenses. Thus, similar to *Adams* and *Salinas*, an argument that Ms. Anderson-Trahan overreported her expenses is a constructive amendment, or variance, of the indictment.

Moreover, the government's narrative regarding the uncharged expenses is factually untrue. Ms. Anderson-Trahan's amended tax returns are not an acknowledgment that her expenses were false. Instead, she was advised to take an extremely, or overly, conservative approach toward expenses in her amended taxes. This fact is shown in the amended tax returns, which state

"REMOVED SCH C EXPENSES PER COUNSEL."  The government seemingly argues that, despite the above, this argument is admissible because Ms. Anderson-Trahan is aware of its possible existence through discovery.  But in *Adams*, while the defendant was certainly aware of his driver's license, and specifically the address that he included on his driver's license, the Fifth Circuit did not consider this fact in making its determination.  Instead, the Fifth Circuit's determination was simply based on the absence of this theory from the indictment.  The same consideration applies here.

## II.   The Allegation Regarding Other Impacted Line Items has Minimal Probative Value and is Unduly Prejudicial.

The government's second category is an attempt to "double dip."  The government admits that the "other items" are "mathematic" results of the specifically enumerated line items.  Thus, they offer minimal probative value.  On the other hand, they are unduly prejudicial.  They prejudicially suggest that Ms. Anderson-Trahan and her tax preparer made multiple decisions within each tax return to underreport gross receipts.  Moreover, to the extent that they are additional line items, they are a variance of the indictment.

The government argues that the later tax line items "necessarily flow[] from the underreported gross receipts and income specifically alleged in the Superseding Indictment." *Id.* at 1.  In other words, the later line items, which the government now seeks to introduce, stem from the identified line item.  For them to be different would be a mathematical impossibility. *See id.* at 6 ("Though mathematic . . . .).  And it is unnecessary to re-confirm a mistake that is already confirmed via the specified line item.  Taking the government's natural conclusion, since the later line items "*necessarily* flow[]," their inclusion is, by definition, *unnecessary*. *Id.* (emphasis added).

5

#100743489v1

But a juror will not see this additional line item for what it is—a result of simple math. Instead, the multiple line items suggest that Ms. Anderson-Trahan confirmed the misstatements on multiple occasions in each return. In other words, it is unduly prejudicial because it makes an improper suggestion to Ms. Anderson-Trahan's willfulness. Notably, the government's opposition does not argue that the multiple line items are indicative of Ms. Anderson-Trahan's willfulness. This is because the government recognizes that the later line item is "mathematic." But to present the unnecessary line item as a repetition of the specified line item is prejudicial as to its implication to Ms. Anderson-Trahan's intent.

Separately, in arguing that these line items "directly impact [Ms. Anderson-Trahan's] tax liability as calculated on the tax returns," the government is essentially arguing, seemingly in the alternative, that these line items are additional false statements on Ms. Anderson-Trahan's tax returns. As discussed above, the Fifth Circuit has determined that additional factual theories regarding false statements beyond those indicated in a specific indictment are an improper variance to the indictment. *See Adams*, 778 F.2d at 1125.

### III.  "Among Other False Items" is Particularly Prejudicial.

The government does not respond to the fact that its language in this case is particularly prejudicial based on its inclusion of "false." Nor does it respond to the fact that numerous other courts that have struck "open-ended language." *See, e.g., United States v. Lonich*, No. 14-139, 2016 U.S. Dist. LEXIS 9813, at *15 – 16 (N.D. Cal. Jan. 27. 2016) (striking "among other things" from an indictment); *see also United States v. Meek*, No. 19-378, 2020 U.S. Dist. LEXIS 80594, at *23 (S.D. Ind. May 7, 2020) ("Allowing 'among other things' could lead the jury to speculate that the Defendants are guilty of or responsible for actions not charged in the Indictment."); *United States v. Poindexter*, 725 F. Supp. 13, 35 (D.D.C. 1989) (striking "among other things," "among

others," "among," "at least," "including," "included, but not limited to," "in part," and "various" from an indictment).

Instead, the government looks to a brief in *United States v. Ryan* in an attempt to draw a distinction. Rec. Doc. 65 at 9. But these arguments were not included in the court's reasoning, which was not narrowly tailored to the facts in the brief, in excluding surplusage. 2021 U.S. Dist. LEXIS 95892, at *8. Instead, the court found that the "among other things" phrase: 1. Serves no useful purpose; and 2. Could improperly suggest to the jury that Defendant was guilty of or responsible for actions in addition to those charged in the indictment. 2021 U.S. Dist. LEXIS 95892, at *8.

Here, the government's purpose is clear—and it is not useful. As discussed above, it intends to go beyond the factual theory of the indictment and to offer evidence that it has acknowledged is unnecessary.

But even if it did serve a small purpose, the government does not respond to the fact that its surplusage language here is particularly prejudicial. Unlike the struck language in other cases, the government's surplusage here does not even camouflage itself as neutral. Instead, by including the term "false items," it is inherently accusatory.

## CONCLUSION

The government's opposition clarifies that it intends to offer evidence that goes beyond the theory of the indictment. Such evidence is a violation of Ms. Anderson-Trahan's Fifth Amendment right. Moreover, this evidence is unnecessary and prejudicial. Last, the government's language of "among other false items" is particularly prejudicial and serves no useful purpose. Accordingly, Ms. Anderson-Trahan requests that the Court strike this language and limit the

government from alleging that Ms. Anderson-Trahan submitted false statements on her returns beyond those specifically alleged in the Superseding Indictment.

Respectfully submitted,

*/s/ Thomas C. Wicker, IV*
Michael W. Magner (01206)
Thomas C. Wicker, IV (37955)
JONES WALKER LLP
201 St. Charles Avenue, Suite 5100
New Orleans, LA  70170-5100
Telephone: (504) 582-8316
 (504)582-8150
mmagner@joneswalker.com
twicker@joneswalker.com

*Counsel for Defendant,*
 *Ernestine Anderson-Trahan*

## CERTIFICATE OF SERVICE

I certify that on November 1, 2022, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF System, which will send a copy of the pleading to all parties via email.

*/s/ Thomas C. Wicker, IV*
