**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                        **CRIMINAL ACTION**

**VERSUS**                                          **CASE NO. 22-2**

**ERNESTINE ANDERSON-TRAHAN**                       **SECTION: "G"**

**ORDER AND REASONS**

Before the Court is the government's Motion in Limine and Notice of Intent to Introduce Intrinsic and Rule 404(b) Evidence and Memorandum in Support.[1] Defendant Ernestine Anderson-Trahan ("Defendant") is charged with filing false tax returns for four consecutive tax years.[2] The government moves the Court to issue an Order allowing it to introduce the following evidence at trial: (1) evidence showing Defendant properly reported her legal income for the 2012 tax year; (2) evidence that Defendant amended her tax returns after being questioned by the Judiciary Commission of Louisiana; (3) evidence that Defendant failed to pay her taxes and filed her tax returns after the due dates; and (4) evidence regarding statements made by Defendant in financial disclosures and amendments to those financial disclosures.[3] Defendant opposes the motion and argues that all of these categories of evidence should be excluded.[4] For the reasons discussed in detail below, the evidence is either intrinsic to the crimes charged or admissible under Rule 404(b). The probative value of this evidence substantially outweighs any risk of undue prejudice.

---

[1] Rec. Doc. 51.

[2] Rec. Doc. 27.

[3] Rec. Doc. 51 at 1.

[4] Rec. Doc. 68.

Accordingly, having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion.

## I. Background

On January 7, 2022, Defendant was charged by an Indictment with four counts of making and subscribing false tax returns in violation of 26 U.S.C. § 7206(1).[5] On May 12, 2022, Defendant was charged by a Superseding Indictment with the same offenses.[6] The Superseding Indictment alleges that from 2013 to at least 2016, while earning wage income as a judge with the Second City Court in the Parish of New Orleans, Defendant received gross receipts from officiating marriage ceremonies.[7] The Superseding Indictment further alleges that Defendant officiated hundreds of marriage ceremonies each year where she generally charged $80 to $100 in officiant fees, and that she charged more under certain circumstances, namely for marriages she officiated on Valentine's Day, outside of the courthouse where Defendant worked, or outside of Defendant's normal business hours.[8] The Superseding Indictment also alleges that in 2013, 2014, and 2015, Defendant received gross receipts for legal fees, including referral fees and fee-sharing agreements for legal work unrelated to her judicial income.[9]

The government alleges that Defendant underreported this income for four consecutive tax years (2013–2016).[10] The Superseding Indictment alleges in Count 1: "The tax return reported, among other false items, (1) false business income (Line 12) of $24,518; (2) false total income

---

[5] Rec. Doc. 1.

[6] Rec. Doc. 27.

[7] *Id.* at 1–2.

[8] *Id.* at 2.

[9] *Id.*

[10] *Id.* at 2–6.

(Line 22) of $160,731; and (3) false gross receipts of $16,000 (Schedule C, Line 1)."[11] The Superseding Indictment alleges in Count 2: "The tax return reported, among other false items, (1) false business income (Line 12) of $7,709; (2) false total income (Line 22) of $145,286; and (3) false gross receipts of $16,000 (Schedule C, Line 1)."[12] The Superseding Indictment alleges in Count 3: "The tax return reported, among other false items, (1) false business income (Line 12) of $11,207; (2) false total income (Line 22) of $136,322; (3) false gross receipts from officiating weddings of $16,000 (Schedule C, Line 1); and (4) false gross receipts from legal fees of $9,471 (Schedule C, Line 1)."[13] The Superseding Indictment alleges in Count 4: "The tax return reported, among other false items, (1) false business income (Line 12) of $4,533; (2) false total income (Line 22) of $156,301; and (3) false gross receipts of $15,200 (Schedule C, Line 1)."[14] The Superseding Indictment alleges that Defendant knew there were substantially more gross receipts, including from officiating weddings and from legal fees, than stated for the corresponding tax years.[15]

This matter is scheduled for a jury trial to begin on November 14, 2022.[16] On October 13, 2022, the government filed the instant Motion in Limine and Notice of Intent to Introduce Intrinsic and Rule 404(b) Evidence and Memorandum in Support.[17] On October 21, 2022, Defendant filed an opposition to the motion.[18]

---

[11] *Id.* at 3.

[12] *Id.* at 3–4.

[13] *Id.* at 4–5.

[14] *Id.* at 6.

[15] *Id.* at 3–6. Unreported legal fees are not alleged in Count 4. *Id.* at 6.

[16] Rec. Doc. 32.

[17] Rec. Doc. 51.

[18] Rec. Doc. 68.

## II. Parties' Arguments

### A.      The Government's Arguments in Support of the Motion

The government moves the Court to issue an Order allowing it to introduce the following evidence at trial: (1) evidence showing Defendant properly reported her legal and wedding income in other tax years; (2) evidence that Defendant amended her tax returns after being questioned by the Judiciary Commission of Louisiana; (3) evidence that Defendant failed to pay her taxes and filed her tax returns after the due dates; and (4) evidence regarding statements made by Defendant in financial disclosures and amendments to those financial disclosures.[19] The government asserts that this evidence will be offered to show motive, intent, knowledge, absence of mistake, or lack of accident.[20]

First, the government intends to introduce Defendant's 2012 federal tax return in which she reported income earned from her law firm.[21] The government contends that the timing of the 2012 return is particularly relevant in that Defendant filed the 2012 return the same day she filed her 2013 tax return.[22] The government asserts that the 2012 tax return is relevant to prove that Defendant knew she was required to report her legal fees and that her failure to report her legal fees on her 2013 and 2014 returns was not due to a mistake or accident.[23] Additionally, the government argues that the evidence is not unduly prejudicial because the evidence would be brief and focused on Defendant properly reporting her legal income in 2012.[24]

---

[19] Rec. Doc. 51 at 1.

[20] *Id.*

[21] *Id.* at 8.

[22] *Id.*

[23] *Id.*

[24] *Id.*

Second, the government intends to offer evidence that in 2018 Defendant had her tax preparer prepare amended tax returns for the 2013, 2014, 2015, and 2016 tax years.[25] The government states that the 2015 and 2016 amended returns were filed with the IRS, but the 2013 and 2014 amended returns were never filed.[26] The government seeks to introduce "the circumstances around the preparation and filing of Defendant's amended tax returns and the amended tax returns themselves."[27] The government asserts that this evidence shows "that Defendant had the means to accurately compute the gross receipts and that to do so was relatively easy."[28] Additionally, the government argues that the evidence is not unduly prejudicial because the evidence will be focused and introduced through the testimony of witnesses who will already testify.[29]

Third, the government intends to offer evidence that Defendant failed to pay all of her taxes between 2012 through 2017, except that she paid late in 2014.[30] In addition, the government intends to offer evidence that Defendant filed her tax returns after the due dates—particularly filing the 2012 and 2013 years after their due dates.[31] With respect to the 2013, 2014, 2015, and 2016 tax years, the government argues that the evidence is intrinsic since it arises from the same transactions that form the charges.[32] The government asserts that this evidence "is necessary to

---

[25] *Id.* at 4, 8.

[26] *Id.* at 4.

[27] *Id.* at 8.

[28] *Id.* at 9.

[29] *Id.* at 10.

[30] *Id.*

[31] *Id.*

[32] *Id.*

complete the story of Defendant's filing of false tax returns and provides the appropriate context for the jury to consider Defendant's actions of filing false returns and her motive for filing false returns."[33]

Alternatively, the government contends that this evidence is admissible under Rule 404(b) to prove Defendant's motive, intent, knowledge, and absence of mistake in filing the false tax returns at issue.[34] The government contends that this case is distinguishable from *United States v. Williams*,[35] where the Fifth Circuit upheld a district court's order excluding evidence related to the defendant's past history of late filing and late tax payments.[36] Unlike in *Williams*, where the government sought to admit ten years of late filings and payments, here, the government submits that it is only seeking to admit evidence of Defendant's tax conduct one year before and continuing through the charged offenses.[37]

Fourth, the government seeks to introduce evidence that Defendant falsely reported, in financial disclosures submitted to the Louisiana Supreme Court, her earnings for officiating weddings in 2014, 2015, and 2016.[38] The government submits that Defendant acknowledged that the financial disclosures were false in that she later amended the disclosures.[39] The government contends that this evidence is intrinsic to the charged offenses.[40] Alternatively, the government

---

[33] *Id.*

[34] *Id.*

[35] 30 F.4th 263 (5th Cir. 2022).

[36] Rec. Doc. 51 at 12.

[37] *Id.*

[38] *Id.* at 13.

[39] *Id.*

[40] *Id.*

contends that this evidence is admissible under Rule 404(b) to prove intent and absence of mistake.[41]

### B.      Defendant's Arguments in Opposition to the Motion

Defendant opposes the motion and argues that much of the evidence cited is irrelevant and unduly prejudicial.[42] First, Defendant argues that the 2012 tax return is irrelevant.[43] Defendant points out that the 2012 return accounts for her last year of work in private law practice before she became a judge.[44] Since the 2012 return was based exclusively on her work in private practice, Defendant contends that "distinguishable organization and thought went into preparing the 2012 return."[45]

Second, Defendant states that she does not object to evidence regarding the preparation and filing of Defendant's amended tax returns and the amended tax returns themselves.[46] However, she objects to any questions regarding the Judiciary Commission investigation.[47] Defendant argues that such evidence is minimally probative and unduly prejudicial.[48] Defendant asserts that the government can ask about the process of accurately computing the gross receipts without separately arguing that a Judiciary Commission investigation precipitated that computation.[49]

---

[41] *Id.* at 14.

[42] Rec. Doc. 68 at 1.

[43] *Id.* at 4.

[44] *Id.*

[45] *Id.*

[46] *Id.* at 5.

[47] *Id.*

[48] *Id.*

[49] *Id.*

Defendant contends that evidence of the investigation may lead jurors to believe that Defendant is guilty of other crimes or that she is guilty of the instant offenses because she was also investigated by the Judiciary Commission.[50]

Third, Defendant argues that her failure to pay taxes and late filing of taxes do not share the same state of mind as the willful violations of the tax laws charged.[51] Defendant contends that the government's attempt to distinguish *Williams* is misguided because the critical factor in the Fifth Circuit's opinion was that "[p]aying taxes late is not the same as lying on tax forms."[52] Defendant asserts that the evidence is unduly prejudicial in that jurors may believe she should be punished for her delay in paying the IRS and for owing the acknowledged amount.[53] Defendant further asserts that the evidence may cause juror confusion by making jurors believe that she is on trial for owing the acknowledged amount.[54] Defendant contends that the Internal Revenue Code contains civil fraud and fraudulent failure to file penalties, but Defendant was not assessed a fraud penalty for these infractions.[55] Therefore, Defendant asserts that these late filings and payments do not involve the same *mens rea* as the current criminal charges.[56] Thus, Defendant contends that they are not relevant to her intent in the manner required by Rule 404(b).[57]

---

[50] *Id.*

[51] *Id.*

[52] *Id.* (citing *Williams*, 30 F.4th at 268).

[53] *Id*. at 6.

[54] *Id.*

[55] *Id.* at 7.

[56] *Id.*

[57] *Id.*

Fourth, Defendant asserts that the financial disclosures she submitted to the Louisiana Supreme Court are not intrinsic to the charged counts.[58] Defendant contends that the financial disclosure is completely distinct from the tax form.[59] Defendant points out that she is not on trial for the financial disclosures, and admission of those documents would waste time, confuse the issues, and create a separate mini-trial on this issue.[60]

### III. Legal Standard

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[61] Under Federal Rule of Evidence 402, relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence or other rules prescribed by the Supreme Court provide otherwise.[62] Pursuant to Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[63] The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only sparingly[.]"[64] "Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule

---

[58] *Id.*

[59] *Id.* at 8.

[60] *Id.*

[61] Fed. R. Evid. 401.

[62] Fed. R. Evid. 402.

[63] Fed. R. Evid. 403.

[64] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

403."[65]

Rule 404(b) of the Federal Rules of Evidence "applies to limit the admissibility of evidence of extrinsic acts."[66] Rule 404(b)(1) prohibits the use of "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[67] However, pursuant to Federal Rule of Evidence 404(b)(2), this evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[68] "[T]he general rule of exclusion in Rule 404(b) only excludes evidence of other [acts] when offered to prove the conduct of a person by resort to an inference as to his character."[69] In *United States v. Beechum*, the Fifth Circuit established a two-prong test for determining whether evidence is admissible under Rule 404(b).[70] First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character.[71] Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403.[72]

"'Other act' evidence is 'intrinsic' when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode'

---

[65] *Id.* at 1115–16 (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979)).

[66] *United States v. Sumlin*, 489 F.3d 683, 689 (5th Cir. 2007).

[67] Fed. R. Evid. 404(b)(1).

[68] Fed. R. Evid. 404(b)(2).

[69] *United States v. Ebron*, 683 F.3d 105, 131–32 (5th Cir. 2012).

[70] *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).

[71] *Id.*

[72] *Id.*

or the other acts were 'necessary preliminaries' to the crime charged."[73] Intrinsic evidence is admissible to "complete the story of the crime by proving the immediate context of events in time and place,"[74] and to "evaluate all of the circumstances under which the defendant acted."[75] "Intrinsic evidence does not implicate rule 404(b), and 'consideration of its admissibility pursuant to [that rule] is unnecessary.'"[76]

## IV. Analysis

The government moves the Court to issue an Order allowing it to introduce the following evidence at trial: (1) evidence showing Defendant properly reported her legal income for the 2012 tax year; (2) evidence that Defendant amended her tax returns after being questioned by the Judiciary Commission of Louisiana; (3) evidence that Defendant failed to pay her taxes and filed her tax returns after the due dates; and (4) evidence regarding statements made by Defendant in financial disclosures and amendments to those financial disclosures.[77] Defendant opposes the motion and argues that all of these categories of evidence should be excluded.[78] Each of these proposed categories of evidence is discussed in turn.

### A.    *Evidence Regarding the 2012 Tax Year*

The government intends to introduce Defendant's 2012 federal tax return to show that Defendant knew that she was required to report her legal fees and that her failure to report her

---

[73] *United States v. Carrillo*, 660 F.3d 914, 927 (5th Cir. 2011) (quoting *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990)).

[74] *Id.* (quoting *United States v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996)).

[75] *Id.* (quoting *United States v. Randall*, 887 F.2d 1262, 1268 (5th Cir. 1989)).

[76] *Id.* (quoting *United States v. Garcia*, 27 F.3d 1009, 1014 (5th Cir. 1994)).

[77] Rec. Doc. 51 at 1.

[78] Rec. Doc. 68.

legal fees on her 2013 and 2014 returns was not due to a mistake or accident.[79] Defendant argues that the 2012 tax return is irrelevant because it accounts for her last year of work in private law practice before she became a judge.[80] Since the 2012 return was based exclusively on her work in private practice, Defendant contends that "distinguishable organization and thought went into preparing the 2012 return."[81]

In *United States v. Boyd*, the Fifth Circuit affirmed the district court's decision to admit the defendant's prior tax returns and tax transcripts dating back nearly twenty years.[82] The Fifth Circuit found that the evidence was relevant to whether the defendant willfully violated the law.[83] The court reasoned that "[e]vidence of willfulness includes a defendant's history of previously filing accurate tax returns and his receipt of warning notices from the IRS."[84]

The government alleges that Defendant earned legal fees in 2013, 2014, and 2015, after she became a judge, that she either failed to report or underreported these fees. The 2012 tax return is relevant to show that Defendant knew she was required to report her legal fees. The defense can present evidence showing that the 2012 tax return was from before Defendant became a judge. That fact alone does not make the evidence irrelevant. The evidence is limited in scope and focused on only one prior tax year. Defendant has not shown that the probative value of the evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

---

[79] Rec. Doc. 51 at 8.

[80] Rec. Doc. 68 at 4.

[81] *Id.*

[82] *United States v. Boyd*, 773 F.3d 637, 643 (5th Cir. 2014).

[83] *Id.*

[84] *Id.* (citing *United States v. Shivers*, 788 F.2d 1046, 1048–49 (5th Cir. 1986)).

**B.**     ***Evidence that Defendant Amended her Tax Returns After Being Questioned by the Judiciary Commission of Louisiana***

Second, the government intends to offer evidence that after Defendant was questioned by the Judiciary Commission of Louisiana in 2018 she had her tax preparer prepare amended tax returns for the 2013, 2014, 2015, and 2016 tax years.[85] The government asserts that this evidence shows "that Defendant had the means to accurately compute the gross receipts and that to do so was relatively easy."[86] Defendant does not object to evidence regarding the preparation and filing of Defendant's amended tax returns and the amended tax returns themselves.[87] However, she objects to any evidence regarding her being questioned during the Judiciary Commission investigation.[88] Defendant contends that evidence of the investigation may lead jurors to believe that Defendant is guilty of other crimes or that she is guilty of the instant offenses because she was also investigated by the Judiciary Commission.[89]

Defendant's argument regarding the Judiciary Commission investigation is unavailing. The fact that an investigation occurred is not in itself prejudicial to Defendant. The defense can make clear to the jury that Defendant was not charged with any other crimes. Defendant has not shown that the probative value of the evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

---

[85] Rec. Doc. 51 at 4, 8.

[86] *Id.* at 9.

[87] Rec. Doc. 68 at 5.

[88] *Id.*

[89] *Id.*

## C.   *Evidence that Defendant Failed to Pay Taxes and Made Late Filings*

Third, the government intends to offer evidence that Defendant failed to pay all of her taxes between 2012 through 2017, except that she paid late in 2014.[90] In addition, the government intends to offer evidence that Defendant filed her tax returns after the due dates—particularly filing the 2012 and 2013 years after their due dates.[91] With respect to the 2013, 2014, 2015 and 2016 tax years, the government argues that the evidence is intrinsic since it arises from the same transactions that form the charges.[92] Alternatively, the government contends that this evidence is admissible under Rule 404(b) to prove Defendant's motive, intent, knowledge, and absence of mistake in filing the false tax returns at issue.[93] Defendant argues that her failure to pay taxes and late filing of taxes do not share the same state of mind as the willful violations of the tax laws charged.[94] Defendant asserts that the evidence is unduly prejudicial in that jurors may believe she should be punished for her delay in paying the IRS and for owing the acknowledged amount.[95] Defendant further asserts that the evidence may cause juror confusion by making jurors believe that she is on trial for owing the acknowledged amount.[96]

In *United States v. Williams*, the district court excluded evidence related to the defendant's past history of late filing and late tax payments that spanned nearly a decade before the charged

---

[90] Rec. Doc. 51 at 10.

[91] *Id.*

[92] *Id.*

[93] *Id.*

[94] Rec. Doc. 68 at 5.

[95] *Id.* at 6.

[96] *Id.*

conduct.[97] However, the district court allowed the government to introduce limited evidence about Williams's tax history to the extent that it was necessary to explain how the charged tax conspiracy began, and it allowed evidence about Williams's improper deduction of his overdue tax payments as business expenses during the years charged.[98] Before trial, the government appealed this evidentiary ruling.[99]

Although the appellate court recognized that "Williams's tax history may well have permissible uses under Rule 404(b), like proving his willful intent or knowledge of tax obligations," it ultimately concluded that the district court did not clearly abuse its discretion in excluding the evidence under Rule 403.[100] The Fifth Circuit found that the probative value of the evidence was low because "[p]aying taxes late is not the same as lying on tax forms. And although Williams's tax delinquencies and communications with the IRS might show his familiarity with how taxes work in general, they say little about his knowledge of Schedule C business expenses."[101] The appellate court reasoned that there was a substantial risk that the jury could "decide the case on an improper basis."[102]Additionally, the court pointed out that the evidence could cause confusion or create "minitrials over late filings and civil IRS disputes that might distract the jury from the charged conduct."[103]

---

[97] 30 F.4th 263 (5th Cir. 2022).

[98] *Id.*

[99] *Id.*

[100] *Id.* at 267–68.

[101] *Id.* at 268.

[102] *Id.*

[103] *Id.*

Unlike the excluded evidence at issue in *Williams*, which predated the charged conduct by nearly ten years, evidence that Defendant failed to pay her taxes in 2013, 2015, and 2016, and paid late in 2014, is intrinsic acts evidence because it arises from the same transaction as the charges. The evidence relates to the same tax years that are charged in this case. Evidence of these other acts (alleged non-payment, alleged late payment, and alleged late filing) and the evidence of the crime charged (alleged false statements) are inextricably intertwined.[104] This evidence is admissible to "evaluate all of the circumstances under which the defendant acted."[105] Therefore, this intrinsic evidence does not implicate Rule 404(b).[106]

Evidence that Defendant filed late or failed to pay her taxes in 2012 is also admissible under Rule 404(b). Unlike in *Williams*, where the government sought to admit nearly ten years of late filings and payments, this evidence predates the charged offenses by only one year. In *Williams*, the district court found that limited evidence about Williams's tax history was admissible to the extent that it was necessary to explain how the charged tax conspiracy began. Similarly, evidence that Defendant filed late and then failed to pay her 2012 taxes is admissible to show motive, *i.e.* that Defendant allegedly filed false tax returns to reduce her tax liability.[107] Defendant has not shown that the probative value of the evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

---

[104] *Carrillo*, 660 F.3d at 927 (quoting *Williams*, 900 F.2d 825).

[105] *Id.* (quoting *Randall*, 887 F.2d at 1268).

[106] *Id.* (quoting *Garcia*, 27 F.3d at 1014).

[107] Assuming that the evidence regarding 2013, 2014, 2015, and 2016 is not intrinsic, the evidence would be admissible under Rule 404(b) for the same reason.

Evidence regarding the 2017 return is also relevant because the government alleges that Defendant correctly listed the gross receipts earned from officiating weddings on that return after the investigation by the Judiciary Commission. As discussed above, the investigation is admissible, and the fact that Defendant correctly reported her gross receipts after that investigation is relevant to the government's theory that Defendant had the information necessary to correctly calculate the gross receipts and that her failure to do so previously was willful. Defendant has not shown that the probative value of the evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

### D.   Alleged False Statements to the Louisiana Supreme Court

The government seeks to introduce evidence that Defendant falsely reported, in financial disclosures submitted to the Louisiana Supreme Court, her earnings for officiating weddings in 2014, 2015, and 2016.[108] The government submits that Defendant acknowledged that the financial disclosures were false in that she later amended the disclosures.[109] The government contends that this evidence is intrinsic to the charged offenses.[110] Alternatively, the government contends that this evidence is admissible under Rule 404(b) to prove intent and absence of mistake.[111] Defendant asserts that the financial disclosures she submitted to the Louisiana Supreme Court are not intrinsic to the charged counts.[112] Defendant points out that she is not on trial for the financial disclosures,

---

[108] Rec. Doc. 51 at 13.

[109] Id.

[110] Id.

[111] Id. at 14.

[112] Rec. Doc. 68 at 8.

and admission of those documents would waste time, confuse the issues, and create a separate mini-trial on this issue.[113]

The financial disclosures Defendant submitted to the Louisiana Supreme Court are intrinsic to the charged offenses because they relate to the same years—2014, 2015, and 2016. This evidence is admissible to "evaluate all of the circumstances under which the defendant acted."[114] Therefore, this intrinsic evidence does not implicate Rule 404(b).[115]

Alternatively, even if the evidence is not intrinsic, the evidence is admissible under Rule 404(b) to show intent and absence of mistake. Defendant reported income from legal fees on her 2013 and 2014 disclosures—income she omitted on her 2013 and 2014 individual income tax returns. Therefore, those financial disclosures are relevant to prove Defendant's knowledge of her receipt of legal fee income. Defendant has not shown that the probative value of the evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

## V. Conclusion

For the reasons discussed above, the evidence the government seeks to admit is either intrinsic to the crimes charged or admissible under Rule 404(b). The probative value of this evidence substantially outweighs any risk of undue prejudice. Accordingly,

---

[113] *Id.*

[114] *Carrillo*, 660 F.3d at 927 (quoting *Randall*, 887 F.2d at 1268).

[115] *Id.*

**IT IS HEREBY ORDERED** that the government's Motion in Limine and Notice of Intent to Introduce Intrinsic and Rule 404(b) Evidence and Memorandum in Support[116] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this __7th__ day of November, 2022.


NANNETTE JOLIVETTE BROWN
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[116] Rec. Doc. 51.