UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | CASE NO. 22-2 |
| ERNESTINE ANDERSON-TRAHAN | SECTION: "G" |

### ORDER AND REASONS

Before the Court is Defendant Ernestine Anderson-Trahan's Motion to Strike Surplusage.[1] Defendant moves the Court to strike the language "among other false items" as surplusage from the Superseding Indictment.[2] The government opposes the motion.[3] For the reasons discussed in detail below, the term "among other false items" refers to relevant, admissible items on the charged tax returns and serves a valid purpose. Therefore, the inclusion of this phrase is not unduly prejudicial. Accordingly, having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

### I. Background

On January 7, 2022, Defendant was charged by an Indictment with four counts of making and subscribing false tax returns in violation of 26 U.S.C. § 7206(1).[4] On May 12, 2022, Defendant was charged by a Superseding Indictment with the same offenses.[5] The Superseding Indictment

---

[1] Rec. Doc. 55.

[2] *Id.* at 1.

[3] Rec. Doc. 65.

[4] Rec. Doc. 1.

[5] Rec. Doc. 27.

alleges that from 2013 to at least 2016, while earning wage income as a judge with the Second City Court in the Parish of New Orleans, Defendant received gross receipts from officiating marriage ceremonies.[6] The Superseding Indictment further alleges that Defendant officiated hundreds of marriage ceremonies each year where she generally charged $80 to $100 in officiant fees, and that she charged more under certain circumstances, namely for marriages she officiated on Valentine's Day, outside of the courthouse where Defendant worked, or outside of Defendant's normal business hours.[7] The Superseding Indictment also alleges that in 2013, 2014, and 2015, Defendant received gross receipts for legal fees, including referral fees and fee-sharing agreements for legal work unrelated to her judicial income.[8]

The government alleges that Defendant underreported this income for four consecutive tax years (2013–2016).[9] The Superseding Indictment alleges in Count 1: "The tax return reported, *among other false items*, (1) false business income (Line 12) of $24,518; (2) false total income (Line 22) of $160,731; and (3) false gross receipts of $16,000 (Schedule C, Line 1)."[10] The Superseding Indictment alleges in Count 2: "The tax return reported, *among other false items*, (1) false business income (Line 12) of $7,709; (2) false total income (Line 22) of $145,286; and (3) false gross receipts of $16,000 (Schedule C, Line 1)."[11] The Superseding Indictment alleges in Count 3: "The tax return reported, *among other false items*, (1) false business income (Line 12) of $11,207; (2) false total income (Line 22) of $136,322; (3) false gross receipts from officiating

---

[6] *Id.* at 1–2.

[7] *Id.* at 2.

[8] *Id.*

[9] *Id.* at 2–6.

[10] *Id.* at 3 (emphasis added).

[11] *Id.* at 3–4 (emphasis added).

weddings of $16,000 (Schedule C, Line 1); and (4) false gross receipts from legal fees of $9,471 (Schedule C, Line 1)."[12] The Superseding Indictment alleges in Count 4: "The tax return reported, *among other false items*, (1) false business income (Line 12) of $4,533; (2) false total income (Line 22) of $156,301; and (3) false gross receipts of $15,200 (Schedule C, Line 1)."[13] The Superseding Indictment alleges that Defendant knew there were substantially more gross receipts, including from officiating weddings and from legal fees, than stated for the corresponding tax years.[14]

This matter is scheduled for a jury trial to begin on November 14, 2022.[15] On October 14, 2022, Defendant filed the instant Motion to Strike Surplusage.[16] On October 21, 2022, the government filed an opposition to the motion.[17] On November 2, 2022, Defendant filed a reply brief in further support of the motion.[18]

## II. Parties' Arguments

### A.  *Defendant's Arguments in Support of the Motion*

Defendant moves the Court to strike the language "among other false items" from each of the four counts of the Superseding Indictment.[19] Defendant asserts that this language is surplusage and prejudicially suggests that she committed multiple misstatements beyond those specifically

---

[12] *Id.* at 4–5 (emphasis added).

[13] *Id.* at 6 (emphasis added).

[14] *Id.* at 3–6. Unreported legal fees are not alleged in Count 4. *Id.* at 6.

[15] Rec. Doc. 32.

[16] Rec. Doc. 55.

[17] Rec. Doc. 65.

[18] Rec. Doc. 83.

[19] Rec. Doc. 55-1 at 1.

alleged.[20] Defendant argues that this language "acts as an implied allegation" that she committed other false statements.[21] Moreover, Defendant submits that the phrase serves no useful purpose as the Superseding Indictment "already specifies its substantive allegations of false statements, both in type and amount."[22] Defendant contends that it is unfair for the government to use a "catch-all provision to reserve the right to make additional allegations" and "to present a moving target during trial."[23]

### B. The Government's Arguments in Opposition to the Motion

The government opposes the motion and argues that there is no basis to strike the words "among other false items" from the Superseding Indictment.[24] The government submits that "[t]hrough discovery, Defendant is aware that the other false items reported on the returns include expenses claimed for officiating the weddings and the reported tax due."[25] The government asserts that "[t]he falsity of the reported tax due and other false items on the tax return necessarily flows from the underreported gross receipts and income specifically alleged in the Superseding Indictment."[26] According to the government, "[b]y reporting false gross receipts and false expenses, the subsequent calculations on the Forms 1040 were also false."[27] The government states

---

[20] *Id.*

[21] *Id.* at 3.

[22] *Id.*

[23] *Id.* at 4.

[24] Rec. Doc. 65 at 1.

[25] *Id.*

[26] *Id.*

[27] *Id.* at 4.

that "by underreporting income and overreporting expenses, Defendant reported a tax due that was lower than what she should have owed if she had reported her income and expenses correctly."[28]

The government asserts that the tax returns "contain many false items, including those that are mathematically derived from the underreporting of gross receipts."[29] The government argues that the additional income would impact many other lines of the tax return due to the mathematical nature of taxes.[30]

Although these calculations are mathematical, the government submits that they are material and relevant because they directly impact Defendant's tax liability.[31] The government contends that the motion should be denied, but if the Court doubts whether the other false items are relevant it should wait until after the presentation of evidence to rule on this motion.[32] Finally, the government asserts that the phrase does not broaden the charge or mislead Defendant.[33] The government contends that the Superseding Indictment is specific as to what items it alleges Defendant knew to be false: the underreported marriage fees and underreported legal income.[34] Therefore, the government argues that the Superseding Indictment sufficiently "boxes the government in" such that Defendant is on notice and the government's theory is clear.[35] According to the government, the allegation "among other false items" simply permits the government "to

---

[28] *Id.*

[29] *Id.* at 5.

[30] *Id.* at 6.

[31] *Id.* at 6–7.

[32] *Id.* at 7.

[33] *Id.* at 8.

[34] *Id.*

[35] *Id.*

present the effects of Defendant's willful, false reporting of her gross receipts . . . and obviates the need to dance around those blatantly false items on Defendant's tax returns that Defendant has since acknowledged are false."[36]

### C. Defendant's Arguments in Further Support of the Motion

In reply, Defendant asserts that the allegation of overreporting expenses is not charged behavior and is a constructive amendment to the Superseding Indictment.[37] Defendant contends that such a constructive amendment, or variance, to the charges alleged is a violation of her Fifth Amendment right.[38] Defendant cites *United States v. Adams*,[39] where the Fifth Circuit determined that the government impermissibly amended an indictment charging violations of the Federal Gun Control Act, when the government raised evidence at trial that the defendant misrepresented his residence while the indictment charged the defendant only with misrepresenting his name.[40] Defendant asserts that, like in *Adams*, the government is attempting to backdoor a separate factual theory as to false statements.[41] Defendant contends that the government should not be allowed to argue that Defendant overreported her expenses.[42]

Second, Defendant argues that the allegation regarding other impacted line items has minimal probative value and is unduly prejudicial.[43] Considering that the government concedes

---

[36] *Id.*

[37] Rec. Doc. 83 at 2.

[38] *Id.*

[39] 778 F.2d 1117 (5th Cir. 1985).

[40] Rec. Doc. 83 at 2.

[41] *Id.* at 3.

[42] *Id.* at 4.

[43] *Id.* at 5.

that the later tax line items are mathematically derived from the allegedly underreported gross receipts, Defendant contends that "it is unnecessary to re-confirm a mistake that is already confirmed via the specified line item."[44] Defendant contends that allowing the government to present the unnecessary line item as a repetition of the specified line item is prejudicial as it could imply to the jury that Defendant confirmed the misstatements on multiple occasions in each return.[45] Defendant argues that this is an improper suggestion of her alleged willfulness.[46]

Finally, Defendant points out that the government does not respond to her argument that the inclusion of the "among other false items" language is particularly prejudicial because it uses the word "false."[47] Defendant asserts that the term "false items" is "inherently accusatory" and should be stricken.[48] For these reasons, Defendant argues that the Court should "strike this language and limit the government from alleging that [Defendant] submitted false statements on her returns beyond those specifically alleged in the Superseding Indictment."[49]

### III. Legal Standard

#### A.  *Legal Standard on a Motion to Strike Surplusage*

Federal Rule of Criminal Procedure 7(d) provides that, "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." The purpose of the rule is to protect "the defendant against immaterial or irrelevant allegations in an indictment or information,

---

[44] *Id.*

[45] *Id.* at 6.

[46] *Id.*

[47] *Id.*

[48] *Id.* at 7.

[49] *Id.* at 7–8.

which may, however, be prejudicial."[50] Accordingly, the Fifth Circuit instructs courts to strike as surplusage "clearly unnecessary language in an indictment that could serve only to inflame the jury, confuse the issues, and blur the elements necessary for conviction."[51] "Conversely, if the allegation is admissible and relevant to the charge, then regardless of how prejudicial the language is, the court should not strike the language."[52] Moreover, courts need not strike irrelevant language "where the charge is not materially broadened and the accused is not misled."[53]

The defendant's burden of proof on a motion to strike surplusage is "exacting."[54] "Because allegations should not be stricken as surplusage unless it is clear that they are not relevant and are inflammatory and prejudicial, it is proper to reserve ruling on a motion to strike until the trial court has heard evidence that will establish the relevance of the allegedly surplus language."[55]

### B. Constructive Amendment

"The Fifth Amendment provides for criminal prosecution only on the basis of a grand jury indictment. Only the grand jury can amend an indictment to broaden it."[56] An implicit or constructive amendment can constitute reversible error.[57]

---

[50] Advisory Committee Note to Fed. R. Crim. P. 7 Subdivision (d).

[51] *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971) (internal citations omitted).

[52] *United States v. Edwards*, 72 F. Supp. 2d 664, 667 (M.D. La. 1999) (citing *United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir. 1990)).

[53] *United States v. Trice*, 823 F.2d 80, 89 n.5 (5th Cir. 1987) (internal citations omitted).

[54] *Bullock*, 451 F.3d at 888.

[55] C. Wright & A. Miller, 1 Fed. Prac. & Proc. Crim. § 128 (5th ed. 2022).

[56] *United States v. Doucet*, 994 F.2d 169, 172 (5th Cir. 1993) (citing *Stirone v. United States*, 361 U.S. 212, 215–16 (1960)).

[57] *Id.*

Courts must "distinguish between constructive amendments of the indictment, which are reversible per se, and variances between indictment and proof, which are evaluated under the harmless error doctrine."[58] A constructive amendment occurs where "the jury is permitted to convict the defendant upon a factual basis that effectively modifies an essential element of the offense charged."[59] "[O]n the other hand, the variation between proof and indictment does not effectively modify an essential element of the offense charged, the trial court's refusal to restrict the jury charge to the words of the indictment is merely another of the flaws in trial that mar its perfection but do not prejudice the defendant."[60]

## IV. Analysis

Defendant moves the Court to strike the language "among other false items" from each of the four counts of the Superseding Indictment.[61] Defendant asserts that this language is surplusage and prejudicially suggests that she committed multiple misstatements beyond those specifically alleged.[62] The government opposes the motion and argues that there is no basis to strike the language from the Superseding Indictment.[63] The government submits that "[t]hrough discovery, Defendant is aware that the other false items reported on the returns include expenses claimed for officiating the weddings and the reported tax due."[64]

---

[58] *United States v. Adams*, 778 F.2d 1117, 1123 (5th Cir. 1985).

[59] *Id.* (internal citations omitted).

[60] *Id.* (internal citations and quotation marks omitted).

[61] Rec. Doc. 55-1 at 1.

[62] *Id.*

[63] Rec. Doc. 65 at 1.

[64] *Id.*

Defendant argues that other district courts have struck similar open-ended phrases from an indictment. In *United States v. Ryan*, another judge in this district struck the phrase "among other things" from an Indictment, finding that the phrase "serve[d] no useful purpose and could improperly suggest to the jury that Defendant was guilty of or responsible for actions in addition to those charged in the indictment."[65] Unlike in *Ryan*, the phrase at issue here serves a useful purpose. As the government correctly points out, due to the mathematical nature of taxes, if Defendant underreporting her gross receipts and overreported her expenses, she would have reported a lower total tax due than she actually owed. Although these calculations are mathematical, they are material and relevant because they directly impact Defendant's tax liability. In this context, the term does not expand the charges or suggest that Defendant was guilty of another crime outside those alleged in the Superseding Indictment. The allegedly "other false items" that flow from the underreported gross receipts complete the government's theory of the crime that Defendant falsely underreported her gross receipts for performing weddings and for legal work to lower her overall tax liability. Therefore, the term "among other false items" refers to relevant, admissible items on the charged tax returns and serves a valid purpose. Accordingly, the inclusion of this phrase is not unduly prejudicial.

In the reply brief, Defendant raises an additional argument that the allegation of overreporting expenses is not charged behavior and is a constructive amendment to the

---

[65] *United States v. Ryan*, No. 20-65, 2021 WL 2018081, at *3 (citing *United States v. Pope*, 189 F. Supp. 12, 26 (S.D.N.Y. 1960) (concluding that "among other things" was prejudicial because it would allow the prosecution "to go beyond the specific charge of falsity made by the grand jury"); see also *United States v. Meek*, No. 19-378, 2020 WL 2218953, at *6 (S.D. Ind. May 7, 2020) (reasoning that "among other things" could lead the jury to speculate that the Defendants are guilty of or responsible for actions not charged in the Indictment.)).

Superseding Indictment.[66] Defendant relies on *United States v. Adams*,[67] where the Fifth Circuit determined that the government impermissibly amended an indictment charging violations of the Federal Gun Control Act, when the government raised evidence at trial that the defendant misrepresented his residence while the indictment charged the defendant only with misrepresenting his name.[68] The Fifth Circuit reversed the defendant's conviction, finding that "when only one particular kind of falsity is charged to have been made in furnishing a license, a conviction must rest on that charge and not another, even though a conviction might have rested on a more general indictment that omitted the reference to [the false name used by the defendant]."[69]

In each of the four counts charged in this case, the Superseding Indictment specifically alleges that Defendant reported false business income, false total income, and false gross receipts. The allegedly false business income was calculated from the gross receipts and the expenses reported. The fact that Defendant may have overreported her business expenses does not improperly amend the Superseding Indictment because Defendant is on notice of the allegation that she falsely reported her business income, which is calculated in part based on the expenses she reported. Additionally, the parties have submitted proposed jury instructions to the Court, and they are generally in agreement about the elements of the offense. The government's proposed jury instructions state:

> Title 26, United States Code, Section 7206(1), makes it a crime for anyone willfully to make a false material statement on an income tax return.

---

[66] Rec. Doc. 83 at 2.

[67] 778 F.2d at 1117.

[68] *Id.* at 1125.

[69] *Id.*

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

| | |
|---|---|
| *First:* | That the defendant signed or authorized the signing of an income tax return that contained a written declaration that it was made under penalties of perjury; |
| *Second:* | That in the return the **defendant falsely underreported her gross receipts**; |
| *Third:* | That the defendant knew the statement was false; |
| *Fourth:* | That the false statement was material; and |
| *Fifth:* | That the defendant made the statement willfully, that is, with intent to violate a known legal duty.[70] |

The government is arguing that Defendant knew the gross receipts were false. The government intends to present evidence establishing Defendant's knowledge of those false items (underreported marriage fees and underreported legal income) in order to prove Defendant knew the return was not true and correct. The Superseding Indictment sufficiently "boxes in" the government's theory of the crime. Therefore, Defendant has not shown that the government is attempting to constructively amend the Superseding Indictment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Ernestine Anderson-Trahan's Motion to Strike Surplusage[71] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __7th__ day of November, 2022.

                                                             **NANNETTE JOLIVETTE BROWN**
                                                             **CHIEF JUDGE**
                                                            **UNITED STATES DISTRICT COURT**

---

[70] Rec. Doc. 50 at 2–3 (emphasis added).

[71] Rec. Doc. 55.