UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **CASE NO. 22-2** |
| **ERNESTINE ANDERSON-TRAHAN** | **SECTION: "G"** |

## ORDER AND REASONS

Before the Court is the government's Motion in Limine to Preclude Irrelevant and Improper Evidence and Arguments.[1] Defendant Ernestine Anderson-Trahan ("Defendant") is charged with filing false tax returns for four consecutive tax years.[2] The government moves the Court to issue an Order excluding Defendant from: (1) introducing any evidence or argument concerning the fact that Defendant was prosecuted criminally rather than subjected to civil audit or collection activities by the IRS; (2) introducing any evidence or argument concerning the potential adverse consequences Defendant faces upon conviction; and (3) advancing any argument at trial concerning selective prosecution.[3] Defendant does not oppose the motion to the extent it seeks exclusion of the second and third categories of potential evidence or argument.[4] However, if the Court allows the government to present evidence that Defendant failed to pay her taxes and/or

---

[1] Rec. Doc. 46.

[2] Rec. Doc. 27.

[3] Rec. Doc. 46 at 1.

[4] Rec. Doc. 74 at 1.

filed her taxes late from 2012–2017, Defendant argues that she should be able to present evidence regarding the fact that she was not subject to civil collection activities by the IRS.[5]

As discussed in detail in the Order and Reasons granting the government's Rule 404(b) motion, evidence that Defendant failed to pay her taxes and/or filed her taxes late from 2012–2017 is relevant and admissible.[6] For the reasons discussed below, Defendant should be allowed to complete the story by showing that the IRS never instituted civil audit or collection activities. Accordingly, having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion to the extent it seeks to exclude evidence that Defendant was not subjected to civil audit or collection activities by the IRS. The Court grants the unopposed portions of the motion to the extent it seeks to exclude Defendant from introducing any evidence or argument concerning the potential adverse consequences Defendant faces upon conviction and advancing any argument at trial concerning selective prosecution.

## I. Background

On January 7, 2022, Defendant was charged by an Indictment with four counts of making and subscribing false tax returns in violation of 26 U.S.C. § 7206(1).[7] On May 12, 2022, Defendant was charged by a Superseding Indictment with the same offenses.[8] The Superseding Indictment alleges that from 2013 to at least 2016, while earning wage income as a judge with the Second City Court in the Parish of New Orleans, Defendant received gross receipts from officiating marriage ceremonies.[9] The Superseding Indictment further alleges that Defendant officiated

---

[5] *Id.*

[6] Rec. Doc. 90.

[7] Rec. Doc. 1.

[8] Rec. Doc. 27.

[9] *Id.* at 1–2.

hundreds of marriage ceremonies each year where she generally charged $80 to $100 in officiant fees, and that she charged more under certain circumstances, namely for marriages she officiated on Valentine's Day, outside of the courthouse where Defendant worked, or outside of Defendant's normal business hours.[10] The Superseding Indictment also alleges that in 2013, 2014, and 2015, Defendant received gross receipts for legal fees, including referral fees and fee-sharing agreements for legal work unrelated to her judicial income.[11]

The government alleges that Defendant underreported this income for four consecutive tax years (2013–2016).[12] The Superseding Indictment alleges in Count 1: "The tax return reported, among other false items, (1) false business income (Line 12) of $24,518; (2) false total income (Line 22) of $160,731; and (3) false gross receipts of $16,000 (Schedule C, Line 1)."[13] The Superseding Indictment alleges in Count 2: "The tax return reported, among other false items, (1) false business income (Line 12) of $7,709; (2) false total income (Line 22) of $145,286; and (3) false gross receipts of $16,000 (Schedule C, Line 1)."[14] The Superseding Indictment alleges in Count 3: "The tax return reported, among other false items, (1) false business income (Line 12) of $11,207; (2) false total income (Line 22) of $136,322; (3) false gross receipts from officiating weddings of $16,000 (Schedule C, Line 1); and (4) false gross receipts from legal fees of $9,471 (Schedule C, Line 1)."[15] The Superseding Indictment alleges in Count 4: "The tax return reported, among other false items, (1) false business income (Line 12) of $4,533; (2) false total income (Line

---

[10] *Id.* at 2.

[11] *Id.*

[12] *Id.* at 2–6.

[13] *Id.* at 3.

[14] *Id.* at 3–4.

[15] *Id.* at 4–5.

22) of $156,301; and (3) false gross receipts of $15,200 (Schedule C, Line 1)."[16] The Superseding Indictment alleges that Defendant knew there were substantially more gross receipts, including from officiating weddings and from legal fees, than stated for the corresponding tax years.[17]

This matter is scheduled for a jury trial to begin on November 14, 2022.[18] On October 13, 2022, the government filed a Motion in Limine and Notice of Intent to Introduce Intrinsic and Rule 404(b) Evidence and Memorandum in Support.[19] On October 21, 2022, Defendant filed an opposition to that motion.[20] On November 7, 2022, the Court granted the government's Motion in Limine and Notice of Intent to Introduce Intrinsic and Rule 404(b) Evidence and Memorandum in Support.[21]

On October 12, 2022, the government filed the instant Motion in Limine to Preclude Irrelevant and Improper Evidence and Arguments.[22] The government moves the Court to issue an Order excluding Defendant from: (1) introducing any evidence or argument concerning the fact that Defendant was prosecuted criminally rather than subjected to civil audit or collection activities by the IRS; (2) introducing any evidence or argument concerning the potential adverse consequences Defendant faces upon conviction; and (3) advancing any argument at trial concerning selective prosecution.[23] On October 25, 2022, Defendant filed a conditional opposition

---

[16] *Id.* at 6.

[17] *Id.* at 3–6. Unreported legal fees are not alleged in Count 4. *Id.* at 6.

[18] Rec. Doc. 32.

[19] Rec. Doc. 51.

[20] Rec. Doc. 68.

[21] Rec. Doc. 90.

[22] Rec. Doc. 46.

[23] *Id.* at 1.

to the motion.[24] Defendant does not oppose the motion to the extent it seeks exclusion of the second and third categories of potential evidence or argument.[25] However, if the Court allows the government to present evidence that Defendant failed to pay her taxes and/or filed her taxes late from 2012–2017, Defendant argues that she should be able to present evidence regarding the fact that she was not subject to civil collection activities by the IRS.[26]

## II. Parties' Arguments

### A. The Government's Arguments in Support of the Motion

The government argues that the Court should exclude any evidence or argument concerning the fact that Defendant was prosecuted criminally rather than subjected to civil audit or collection activities by the IRS.[27] The government contends that the availability of a civil audit and other civil remedies is irrelevant to the jury's consideration of whether the evidence proves the elements of the crimes charged.[28] Even assuming that information about such civil remedies has some probative value, the government asserts that any such limited value would be substantially outweighed by the risk of misleading or confusing the jury, prejudicing the government, and encouraging jury nullification.[29] Accordingly, the government argues that "any

---

[24] Rec. Doc. 74.

[25] *Id.* at 1.

[26] *Id.*

[27] Rec. Doc. 46 at 1. The Court does not summarize the other arguments raised in the motion because Defendant does not oppose the exclusion of any evidence or argument concerning the potential adverse consequences Defendant faces upon conviction or any argument at trial concerning selective prosecution.

[28] *Id.* at 3.

[29] *Id.* at 3–4.

defense argument or evidence related to the notion that the government could have or should have treated Defendant civilly should be excluded."[30]

### B.  Defendant's Arguments in Opposition to the Motion

If the Court allows the government to present evidence that Defendant failed to pay her taxes and/or filed her taxes late from 2012–2017, Defendant argues that she should be able to present evidence regarding the fact that she was not subject to civil collection activities by the IRS.[31] Defendant asserts that the lack of civil enforcement goes directly to her defense that her conduct was not willful.[32] Defendant contends that it would be inequitable to allow the government to introduce evidence regarding civil tax issues without allowing the defense to introduce evidence regarding civil tax enforcement.[33]

## III. Legal Standard

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[34] Under Federal Rule of Evidence 402, relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence or other rules prescribed by the Supreme Court provide otherwise.[35] Pursuant to Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues,

---

[30] *Id.* at 4.

[31] Rec. Doc. 74 at 1.

[32] *Id.* at 3.

[33] *Id.* at 4.

[34] Fed. R. Evid. 401.

[35] Fed. R. Evid. 402.

misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[36] The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only sparingly[.]"[37] "Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403."[38]

### IV. Analysis

The government moves the Court to issue an Order excluding Defendant from: (1) introducing any evidence or argument concerning the fact that Defendant was prosecuted criminally rather than subjected to civil audit or collection activities by the IRS; (2) introducing any evidence or argument concerning the potential adverse consequences Defendant faces upon conviction; and (3) advancing any argument at trial concerning selective prosecution.[39] Defendant does not oppose the motion to the extent it seeks exclusion of the second and third categories of potential evidence or argument.[40] Accordingly, the Court grants the unopposed portion of the motion to the extent it seeks to exclude Defendant from introducing any evidence or argument concerning the potential adverse consequences Defendant faces upon conviction and advancing any argument at trial concerning selective prosecution.

If the Court allows the government to present evidence that Defendant failed to pay her taxes and/or filed her taxes late from 2012–2017, Defendant argues that she should be able to present evidence regarding the fact that she was not subject to civil collection activities by the

---

[36] Fed. R. Evid. 403.

[37] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

[38] *Id.* at 1115–16 (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979)).

[39] Rec. Doc. 46 at 1.

[40] Rec. Doc. 74 at 1.

IRS.[41] As discussed in detail in the Order and Reasons granting the government's Rule 404(b) motion, evidence that Defendant failed to pay her taxes and/or filed her taxes late from 2012–2017 is relevant and admissible.[42] The government intends to argue that Defendant's tax debt motivated her decision to file allegedly fraudulent tax returns to reduce her tax liability. The defense should be allowed to rebut this argument by pointing out that the IRS did not initiate civil audit or collection proceedings. Evidence of the actions the IRS took (or did not take) to enforce the tax liability, and evidence of whether Defendant was aware of any such actions, is probative of what Defendant knew about the tax liability. If, for example, Defendant was not aware of the extent of her tax liability, this would contradict the government's argument regarding motive. Allowing the government to present evidence of other "bad acts" without allowing Defendant to respond that the IRS did not seek to enforce these obligations would be prejudicial to the defense. Defendant should be allowed to complete the story by showing that the IRS never instituted civil audit or collection activities.

The government has not shown that the probative value of the evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. The government argues that allowing this evidence could encourage jury nullification. "Jury nullification refers to the jury's power to disregard the rules of law and evidence in order to acquit the defendant based upon the jurors' sympathies, notions of right and wrong, or a desire to send a message on some social issue."[43] Defendant may not argue that the jury should acquit her because the government should have

---

[41] Rec. Doc. 74.

[42] Rec. Doc. 90.

[43] 75A Am. Jur. 2d Trial § 667.

pursued civil civil audit or collection activities rather than prosecuting her criminally. Nevertheless, evidence that the government did not pursue civil audit or collection activities proceedings is relevant to Defendant's state of mind.

Accordingly,

**IT IS HEREBY ORDERED** that the government's Motion in Limine to Preclude Irrelevant and Improper Evidence and Arguments[44] is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** to the extent it seeks to exclude Defendant from introducing any evidence or argument concerning the potential adverse consequences Defendant faces upon conviction and advancing any argument at trial concerning selective prosecution. The motion is **DENIED** to the extent it seeks to exclude evidence that Defendant was not subjected to civil audit or collection activities by the IRS.

**NEW ORLEANS, LOUISIANA**, this __8th__ day of November, 2022.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[44] Rec. Doc. 46.