UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 22-2** |
| v. | * | SECTION: "G" |
| **ERNESTINE ANDERSON-TRAHAN** | * | |
| | * * * | |

## GOVERNMENT'S SUPPLEMENTAL SUBMISSION OF PROPOSED JURY INSTRUCTIONS

Pursuant to Federal Rule of Criminal Procedure 30, the United States respectfully requests that the Court give an instruction on Good Faith as discussed below.

Defendant has requested the Court include a Good Faith instruction to as part of the "willfully" instruction, the fifth element of Counts 1 through 4. Defendant's Proposed Jury Instructions at 11, D.E. 54. As a matter of law, the Court is not required to issue a Good Faith instruction. *United States v. Simkanin*, 420 F.3d 397, 411 (5th Cir. 2005) ("Accordingly, the district court in the present case was not required to include a specific instruction on good-faith because it adequately instructed the jury on the meaning of willfulness under *Cheek* and *Pomponio*. In other words, Simkanin's requested instruction was 'substantially covered in the charge given to the jury' regarding willfulness.").

Regardless, the government does not oppose instructing the jury on Good Faith. Instead of Defendant's proposed instruction, the Government requests the Court use the Pattern Criminal Jury Instructions of the Seventh Circuit, Model 6.11:

> A person does not act willfully if he believes in good faith that he is acting within the law, or that his actions comply with the law. Therefore, if the defendant actually believed that what he was doing was in accord with the [tax; currency structuring; other technical statute] laws, then he did not

1

> willfully [evade taxes; fail to file tax returns; make a false statement on a tax return; other charged offense]. This is so even if the defendant's belief was not objectively reasonable, as long as he held the belief in good faith. However, you may consider the reasonableness of the defendant's belief, together with all the other evidence in the case, in determining whether the defendant held that belief in good faith.

This formulation of Good Faith, including the instruction "you may consider the reasonableness of the defendant's belief, together with all the other evidence in the case, in determining whether the defendant held that belief in good faith," is supported by Fifth Circuit precedent. *See United States v. Barnett*, 945 F.2d 1296, 1299 (5th Cir. 1991) (affirming a similar instruction because, "[a]s the Supreme Court said in *Cheek*, *supra*, 'Of course, the more unreasonable the asserted beliefs or misunderstandings are, the more likely the jury will consider them to be nothing more than simple disagreement with known legal duties imposed by the tax laws'") (quoting *Cheek v. United States*, 498 U.S. 192, 202 (1991)). Other Circuits agree. *See United States v. Marston*, 517 F.3d 996, 1003 (8th Cir. 2008) (relying on *Cheek* to affirm admissibility of evidence to show unreasonableness of the defendant's beliefs); *United States v. Dean*, 487 F.3d 840, 850–51 (11th Cir. 2007) (affirming a similar jury instruction); *United States v. Pensyl*, 387 F.3d 456, 459–60 (6th Cir. 2004) (same); *United States v. Hilgeford*, 7 F.3d 1340, 1342–44 (7th Cir. 1993) (same).

Leave is requested to submit additional proposed instructions as they become necessary during the course of trial.

Respectfully submitted,

DUANE A. EVANS
United States Attorney

/s/ Brian Flanagan
BRIAN E. FLANAGAN
Trial Attorney, Tax Division
150 M. Street NE, Suite 1405
Washington, D.C., 20002
Telephone: 202-616-3362
Email: brian.e.flanagan@usdoj.gov