# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **CASE NO. 22-2** |
| **ERNESTINE ANDERSON-TRAHAN** | **SECTION: "G"** |

## ORDER AND REASONS

Before the Court are Defendant Ernestine Anderson-Trahan ("Defendant") objections to exhibits.[1] Defendant objects to the government's proposed exhibits 14, 30, 36, 55, 56, and 72.[2] Defendant argues that these exhibits are irrelevant and unduly prejudicial.[3] The government responds that each of the exhibits should be admitted.[4]

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[5] Under Federal Rule of Evidence 402, relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence or other rules prescribed by the Supreme Court provide otherwise.[6] Pursuant to Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues,

---

[1] Rec. Doc. 60.

[2] *Id.* at 1.

[3] *Id.*

[4] Rec. Doc. 66.

[5] Fed. R. Evid. 401.

[6] Fed. R. Evid. 402.

misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[7] The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only sparingly[.]"[8] "Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403."[9]

### A.  *Exhibit 14*

Defendant objects to the government's proposed exhibit 14, which is a portion of training materials provided to Defendant as part of her orientation to the bench in 2013.[10] Defendant asserts that this exhibit may cause the jury to believe that she should be held to a higher standard as a city court judge.[11] Additionally, Defendant asserts that judiciary ethics standards are irrelevant to this case.[12] The government responds that the training materials highlight the importance of complying with tax obligations, and are relevant to prove that Defendant willfully filed false tax returns.[13]

The materials at issue are titled "Transition to the Bench: Champions of Public Service Tools for a Successful Judicial Career." Under the Section II heading titled "Personal Conduct that Impugns the Integrity of the Judiciary," the training material quotes Canon 2A, which states in pertinent part: "A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary" and then lists as

---

[7] Fed. R. Evid. 403.

[8] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

[9] *Id.* at 1115–16 (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979)).

[10] Rec. Doc. 60 at 1.

[11] *Id.*

[12] *Id.*

[13] Rec. Doc. 66 at 2.

an example: "failure to file tax returns." The training materials also state that "Judges are held to a higher standard of conduct than the general public and lawyers."

The Court agrees with Defendant that the limited probative value of this evidence is substantially outweighed by a danger of undue prejudice. Defendant's tax obligations arise from her duty as a citizen, not as a judge. The government concedes that "the legal significance of honestly reporting income is established in part through the jurats on the tax returns themselves."[14] The fact that Defendant was also reminded of this obligation in her judicial training is of little, if any, relevance to this case. The proposed exhibit could lead the jury to believe that Defendant should be held to a higher standard than other citizens, and therefore it is unduly prejudicial. The government argues that it could redact the portion of the exhibit emphasizing that judges are held to a higher standard. However, given the limited probative value of this evidence, the Court finds that it should be excluded in its entirety.

### B.   *Exhibits 36, 40, and 72*

Defendant objects to government proposed exhibits 36, 40, and 72—exhibits showing that Defendant is subject to a separate Judiciary Commission proceeding.[15] In the Order granting the government's 404(b) motion, the Court found that evidence regarding the Judiciary Commission proceeding is admissible.[16] The government can introduce evidence of the Judiciary Commission proceeding for the limited purpose of demonstrating that it triggered Defendant to amend her tax returns. The government can not imply that Defendant should be held to a higher

---

[14] Rec. Doc. 66 at 2.

[15] Rec. Doc. 60 at 2.

[16] Rec. Doc. 90.

standard as a judge. The Court will provide the jury with a limiting instruction that they are not to hold Defendant to a higher standard because she is a judge.

C.     **Exhibits 55 and 56**

Defendant objects to the government's proposed exhibits 55 and 56, which are Defendant's credit application to lease a BMW and the lease agreement itself, both dated August 26, 2014.[17] Defendant argues that these proposed exhibits are irrelevant, but she does not expand on that argument.[18] The government responds that proposed exhibits are relevant because they demonstrate that Defendant knew she earned income from her legal practice in 2013 and 2014.[19]

In Exhibit 55, Defendant states that she received $60,000 from "Other Annual Income" and described that income as being from "Practice." Evidence that Defendant reported her legal income to BMW is of some relevance to the government's theory that Defendant willfully failed to report that income on her tax return. Nevertheless, this evidence is unduly prejudicial and could cause the jury to negatively pass judgement on Defendant because she drives a luxury vehicle. Additionally, this evidence is cumulative of the evidence that Defendant reported this income on her financial disclosure to the Louisiana Supreme Court.

Accordingly,

---

[17] Rec. Doc. 60 at 3–4.

[18] *Id.*

[19] Rec. Doc. 66 at 4–5.

**IT IS HEREBY ORDERED** that Defendant's objections are **SUSTAINED** as to the government's proposed exhibits 14, 55, and 56. The objections are **OVERRULED** as to the government's proposed exhibits 36, 40, and 72.

**NEW ORLEANS, LOUISIANA**, this 10th day of November, 2022.

                                        *Nannette Jolivette Brown*
                                        **NANNETTE JOLIVETTE BROWN**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**