**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES**                                     **CRIMINAL ACTION**

**VERSUS**                                                    **NO. 22-2**

**ERNESTINE ANDERSON-TRAHAN**                **SECTION "G"**

**<u>Jury Instructions</u>**
**<u>November 17, 2022</u>**

# Jury Charge Number 1.

MEMBERS OF THE JURY:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

## Jury Charge Number 2.

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

## Jury Charge Number 3.

The Superseding Indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove her innocence or produce any evidence at all and no inference whatever may be drawn from the election of a defendant not to testify.

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

## Jury Charge Number 4.

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

## Jury Charge Number 5.

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find her guilty.

## Jury Charge Number 6.

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## Jury Charge Number 7.

Where a defendant has offered evidence of good general reputation for: truth and veracity, honesty and integrity, or character as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime.

## Jury Charge Number 8.

During the trial you heard the testimony of Corrine Shelton who expressed opinions concerning the defendant's mental health history and diagnosis. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

## Jury Charge Number 9.

You will note that the Superseding Indictment charges that the offenses were committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the dates stated in the Superseding Indictment.

## Jury Charge Number 10.

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of willfully falsely reporting the gross receipts collected for performing marriage ceremonies and income from the practice of law. The defendant is not on trial for any act, conduct, or offense not alleged in the Superseding Indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

## Jury Charge Number 11.

If the defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

## Jury Charge Number 12.

A separate crime is charged in each count of the Superseding Indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

Remember, on day two of trial the government dismissed Count One of the Superseding Indictment regarding tax year 2013.

## Jury Charge Number 13.

Certain charts and summaries of other records have been received into evidence. They should be considered like any other evidence in the case. You should give them only such weight as you think they deserve.

The charts and summaries include inferences or conclusions drawn from the records underlying them. It is up to you to determine if these inferences or conclusions are accurate.

The underlying records are the best evidence of what occurred.

## Jury Charge Number 14.

Summary testimony by David Carrone and Scott Sigel and charts or summaries prepared or relied upon by the witnesses have been received into evidence for the purpose of explaining facts disclosed by testimony and exhibits which are also in evidence in this case. If you find that such summary testimony and charts correctly reflect the other evidence in the case, you may rely upon them. But if and to the extent that you find they are not in truth summaries of the evidence in the case, you are to disregard them. The best evidence of what occurred are the underlying records themselves.

I will now charge you as to each count of the Superseding Indictment and elements charged in each count. For your deliberations, you will be given a copy of the Superseding Indictment along with these instructions. Remember that the Government dismissed Count One on Day Two of Trial and so it is stricken from the Superseding Indictment.

## Jury Charge Number 15.
## Counts Two through Four

Counts Two through Four of the Superseding Indictment charge the defendant with filing false tax returns for the calendar years 2014 through 2016, in violation of Title 26, United States Code Section 7206(1). Count Two charges that the defendant filed a false 2014 tax return by failing to disclose gross receipts from legal fees and underreporting her gross receipts from officiating weddings. Count Three charges that the defendant filed a false 2015 tax return by underreporting her gross receipts from legal fees and from officiating weddings. Count Four charges that the defendant filed a false 2016 tax return by underreporting her gross receipts from officiating weddings.

Title 26, United States Code, Section 7206(1), makes it a crime for anyone willfully to make a false material statement on an income tax return.

As to each Count, for you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* That the defendant signed or authorized the signing of an income tax return that contained a written declaration that it was made under penalties of perjury;

*Second:* That in the return the defendant falsely underreported her gross receipts;

*Third:* That the defendant knew the statement was false;

*Fourth:* That the false statement was material; and

*Fifth:* That the defendant made the statement willfully, that is, with intent to violate a known legal duty.

17

A statement is "material" if it has a natural tendency to influence, or is capable of influencing, the Internal Revenue Service in investigating or auditing a tax return or in verifying or monitoring the reporting of income by a taxpayer.

An electronic signature has the same effect as an actual signature for this offense.

## Jury Charge Number 16.

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## Jury Charge Number 17.

The word "willfully" means the voluntary, intentional violation of a known legal duty. To prove that a defendant acted willfully, the government must prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that she voluntarily and intentionally violated that duty.

If the government proves actual knowledge of the pertinent legal duty, then the government has satisfied the knowledge component of the willfulness requirement.

A person's conduct is not "willful" if she acted through negligence, even gross negligence, inadvertence, or justifiable excuse or mistake, or due to her good faith misunderstanding of the requirements of the law.

To carry its burden of establishing that a defendant acted willfully, the government must prove the absence of good faith. In other words, the government must prove beyond a reasonable doubt that the defendant was not acting with the good faith belief that she was acting lawfully. A person who believes in good faith that her actions comply with the law does not act willfully, even if her belief that she is complying with the law is irrational or unreasonable.

## Jury Charge Number 18.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the Superseding Indictment.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

*[Explain verdict form.]*

The foreperson will check the unanimous answer of the jury in the space provided for each count of the Superseding Indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write

the message and give it to the court security officer. I will either reply in writing or bring you back into the courtroom to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the Superseding Indictment, until after you have reached a unanimous verdict.