UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 22-02 |
| VERSUS | SECTION "G"(1) |
| ERNESTINE ANDERSON-TRAHAN | |

UNOPPOSED, EX PARTE MOTION TO CONTINUE DEADLINE
TO FILE MOTION FOR ACQUITTAL

NOW INTO COURT comes Defendant Ernestine Anderson-Trahan to respectfully request a two-week continuance for the deadline to file a Rule 29 Motion for a Judgment of Acquittal. Ms. Trahan consulted with the government regarding this motion, and the government does not oppose her request.

On November 18, 2022, the Court discharged a jury in this case and declared a mistrial after the jury stated that it was unable to come to a verdict. On November 19, 2022, Ms. Nichele Drake, the certified court reporter for the duration of the trial, informed undersigned counsel that the final transcripts will not be ready until December 2, 2022.

The trial court may permit additional time to file a motion under Rule 29 based on a finding of good cause. *See United States v. Maes*, No. 16-67, U.S. Dist. LEXIS 195765, at *9 n.2 (S.D. Miss. Nov. 16, 2018); *" Sternberg v. Louis Bros*., No. 19-2247, 2020 U.S. Dist. LEXIS 149116, at *4 (E.D. La. Aug. 18, 2020) (Brown, C.J.) (stating that trial court may modify deadlines "for good cause and with the judge's consent.") "The Fifth Circuit has enumerated 'four relevant factors to consider when determining whether there is good cause . . . '" *Id.* (citing *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015)). "Those four factors are: '(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a

continuance to cure such prejudice.'" *Id.* "[W]hether to grant or deny a continuance is within the sound discretion of the trial court." *Id.* (citing *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996)).

Here, Federal Rule of Criminal Procedure 29(c) states that a defendant may move for a judgment of acquittal within 14 days after the court discharges the jury. Thus, that deadline would fall on Friday, December 2, 2022. But as stated above, Ms. Drake, the certified court reporter throughout trial, anticipates that her transcripts will not be finalized until that date. Moreover, Thanksgiving is being celebrated this week, the first week after trial.

With that, the requested extension will allow Ms. Trahan the opportunity to fully review the finalized transcripts before submitting her important motion. Such full review is particularly critical given the collateral consequences of this case—Ms. Trahan still faces the threat of being removed from her position and losing her law license based on this pending case. And it will also allow Ms. Trahan to spend her Thanksgiving holiday without the pressure of the pending deadline.

Moreover, as demonstrated by the unopposed nature of this request, the government will not be prejudiced by allowing such a modification. And even if the government later determines that it would be prejudiced, later continuances are available to allow the government to respond to Ms. Trahan's planned motion.

For the foregoing reasons, the Court should grant Ms. Trahan's request to continue the deadline for Rule 29 motions to December 16, 2022.

Respectfully submitted,

*/s/ Michael W. Magner*
Michael W. Magner (01206)
Thomas C. Wicker, IV (37955)
JONES WALKER LLP
201 St. Charles Avenue, Suite 5100
New Orleans, LA  70170-5100
(504) 582-8316
(504)582-8150
mmagner@joneswalker.com
twicker@joneswalker.com
*Counsel for Defendant, Ernestine Anderson-Trahan*

## CERTIFICATE OF SERVICE

I certify that on November 22, 2022, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF System, which will send a copy of the pleading to all parties via email.

*/s/ Michael W. Magner*

#100795934v1