

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 22-2 |
| v. | * | SECTION: "G" |
| ERNESTINE ANDERSON-TRAHAN | * | |

\*   \*   \*

**GOVERNMENT'S UNOPPOSED MOTION AND INCORPORATED MEMORANDUM
TO UNSEAL ITS RESPONSE TO MOTION FOR ACQUITTAL**

**NOW INTO COURT** comes the United States of America, by undersigned counsel, and respectfully moves the Court to unseal the Government's Response to Defendant's Motion for a Judgment of Acquittal. Unsealing the Response—subject to redactions—would be consistent with the Court's Order and Reasons. Moreover, unsealing the Response promotes the right of public access to the judicial process, and redactions rather than outright sealing serve as the least restrictive means necessary to protect Defendant's privacy interests. Defense Counsel does not object to this Motion, and the Government will separately submit the proposed redactions agreed to by the Parties.

```
_/Fee_____
 √ Process_____
 X_Dktd_____
 ___CtRmDep_____
 ___Doc.No._____
```

## I. Background.

On December 16, 2022, Defendant moved for leave to file her Motion for Judgment of Acquittal under seal because the "memorandum in support and the attached exhibits contain sensitive medical information pertaining to both Ms. Trahan and her mother, Ms. Faye Anderson." D.E. 128 at 1. The Court granted the Defense Motion. D.E. 136. On January 6, 2023, the Government followed suit and moved for leave to file its response under seal. D.E. 138. The Court granted the Government Motion. D.E. 140.

On February 14, 2023, the Court granted the Defense Motion and entered a judgment of acquittal. D.E. 150. On February 16, 2023, after allowing the Parties to request redactions, the Court published its Order and Reasons. D.E. 151.

The trial at issue was open to the public; neither party requested any portion of the proceedings be sealed and—as of the date of this filing—neither party has requested that the transcripts be redacted. D.E. 130–D.E. 135. The Government's Response to the Defendant's Motion for Acquittal is thirty-pages long and discusses Defendant's medical history in approximately five paragraphs. *See* Government Response at 11–12, 27–28.

The Government coordinated with Defense Counsel who do not object to the Motion to Unseal so long as the portions discussing the specifics of Defendant's medical history remain redacted. The Government and Defense Counsel agreed on the appropriate redactions, and the Government will separately submit the proposed redactions directly to the Court for review so that the Court may order the redacted Response unsealed, if appropriate.

## II. Law & Analysis.

Generally, the public has a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications*, 435

U.S. 589, 597 (1978). "The right of access promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness." *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017) (citing *SEC v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993)).

In order for a document to be sealed, the movant bears the burden of identifying the confidential information contained in the document and the specific harm that would be suffered if the public were granted access to the document. *See N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015) (affirming the decision to unseal previously sealed records because the party asserting confidentiality did "not identify any particular confidential information in the orders that may cause it harm"); *see also* Local Rule 5.6 (requiring that the moving party identify what information is to be sealed and a statement as to why the sealing is necessary). Likewise, in ordering a document sealed, the Court must "articulate its reasons to support sealing with a level of detail that will allow for [appellate] review." *Sealed Search Warrants*, 868 F.3d at 397.

The Government recognizes that it sought to file the Response under seal. However, the method employed by the Court in Its Order and Reasons is the better way ahead: making public as much of the Rule 29 filings as possible while redacting only those portions of the filings that impact Defendant's privacy interests. Indeed, the need for public access to the filings is at its apex here, where the Rule 29 filings and the Court's ultimate Order and Reasons conclude the criminal trial at issue. The Supreme Court has consistently held that the First and Sixth Amendments require public access to criminal trials. *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8–9 (1986); *Waller v. Ga.*, 467 U.S. 39, 47 (1984); *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 509 (1984); *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606–07 (1982); *Richmond*

*Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980). That right does not extend merely to the trial itself, but also to hearings, transcripts, and ancillary proceedings. *See Press-Enterprise Co.*, 478 U.S. at 10 (right of access applies to preliminary hearings in criminal trials); *Press-Enterprise Co.*, 464 U.S. at 511 (right of access applies to voir dire). Whether the right of access extends to a particular matter depends in part on the significance of the hearing to the ultimate criminal trial. The right of access—and the underlying interest in openness—applies most strongly to case-dispositive hearings. *See United States v. Norris*, 780 F.2d 1207, 1201–11 (5th Cir. 1986) (declining to extend the right of access to administrative matters because, unlike suppression hearings, they do not resemble a mini-trial or determine the outcome of the prosecution).

By granting the Motion for Judgment of Acquittal, the Court has concluded the criminal trial. Accordingly, the Court should not seal the underlying filings unless necessitated by a compelling interest, and the closure should be narrowly tailored to serve that interest. *Press-Enterprise Co.*, 464 U.S. at 509–10 (citing *Globe Newspaper Co.*, 457 U.S. at 606–07). The narrowly tailored solution is to redact the Government's filing rather than leave it all sealed. *See Press-Enterprise Co.*, 464 U.S. at 513 (holding that the trial judge erred by sealing an entire transcript, reasoning: "The trial judge should seal only such parts of the transcript as necessary to preserve the anonymity of the individuals sought to be protected."). Indeed, the Court has already taken such an approach in its Order and Reasons; the Government seeks now only to follow that path with its previously submitted Response.

### III. Conclusion

For the reasons set forth above, the United States requests that the Court unseal the Government's Response.

                                        Respectfully submitted,

                                        DUANE A. EVANS
                                        United States Attorney

                                        */s/ Brian E. Flanagan*
                                        BRIAN E. FLANAGAN
                                        Trial Attorney, Tax Division
                                        150 M. Street NE, Suite 1405
                                        Washington, D.C., 20002
                                        Telephone: 202-616-3362
                                        Email: brian.e.flanagan@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2023, I filed the foregoing with the Clerk of Court and will provide a copy to all counsel of record by e-mail.

                                        */s/ Brian E. Flanagan*
                                        BRIAN E. FLANAGAN
                                        Trial Attorney, Tax Division